

Roxann E. Henry (D.C. Bar No. 231282, *pro hac vice to be submitted*)
Peter E. Moll (D.C. Bar No. 351569, *pro hac vice to be submitted*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 383-6503
Fax: (202) 383-6610
Email: henryr@howrey.com
mollp@howrey.com

Leigh A. Kirmssé (SBN 161929)
HOWREY LLP
525 Market St., Suite 3600
San Francisco, CA 94105-2708
Telephone : (415) 848-4993
Facsimile : (415) 848-4999
Email: kirmssel@howrey.com

Attorneys for Nestlé USA, Inc.

FILED
08 JUL 31 PM 3:23
U.S. DISTRICT COURT
ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOSHUA A. WEAVER, on behalf of himself and a class of persons similarly situated,

Plaintiff,

vs.

NESTLÉ USA, INC.

Defendant.

Case No. 08-cv-003636 MEJ

**EX PARTE MOTION TO ENLARGE TIME TO ANSWER OR RESPOND TO COMPLAINT OR MOVE TO STAY (CIVIL L.R. 6-3, 7-10; FED. R. CIV. P. 6(b)); MEMORANDUM OF P&A'S IN SUPPORT**

**EX PARTE MOTION TO ENLARGE TIME**

Pursuant to Fed. R. Civ. P. 6(b) and Civil L.R. 6-3 and 7-10,[1] Defendant Nestlé USA, Inc., hereby moves ex parte for an order enlarging the time for Defendant to answer or respond to Plaintiff's Complaint or bring a motion for stay until the earlier of 10 days following this Court's order on Defendant's motion to transfer or Plaintiff's promised motion to remand or 45 days from the date of the Court's order on this motion. This motion is supported by and made for the reasons stated in the Memorandum of Points and Authorities that follows and the Declaration of Leigh A. Kirmssé filed herewith, the exhibits attached thereto, the argument of counsel (if any), and such other matters as may be presented at the hearing on this ex parte motion or prior to the Court's decision thereon. As set forth in Ms. Kirmssé's declaration, Defendant's counsel provided copies of the motion papers to Plaintiff's counsel and notified them of the time when and place where this motion will be made and the nature of the relief sought. Plaintiff's counsel stated Plaintiff's opposition to the relief sought but declined to indicate whether he would appear to oppose the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff's action is blatant attempt to game the Class Action Fairness Act of 2005, P.L. 109-2, § 3, 118 Stat. 5 (Feb. 18, 2005) ("CAFA") and to avoid the scheduling order issued by another federal judge. This case belongs in the Middle District of Pennsylvania along with the 84 other cases alleging similar claims against the same parties that have been transferred and consolidated by United States Judicial Panel on Multidistrict Litigation in the proceeding *In Re: Chocolate Confectionary Antitrust Litigation,* Civil Action No. 1:08-MDL-1935 (Judge Conner) (the "MDL"). Judge Conner issued a case management order establishing the time for defendants to answer or otherwise respond to the consolidated complaint that the plaintiffs must file in the MDL by September 29, 2008. (Case Management Order #4, Declaration of Leigh A. Kirmssé in Support of Ex Parte Motion to Enlarge Time ("Kirmssé Decl."), Ex. B.) In a bald-faced and bad faith end-run around Judge Conner's

---

[1] Defendant brings this motion as an "emergency" ex parte motion under Civil L.R. 7-10 and not a motion to change time under Civil L.R. 6-3 for the reasons set forth in the Kirmssé Decl., ¶ 7.

scheduling order, Plaintiff seeks to avoid removal and consolidation and to force Defendant to respond to Plaintiff's complaint well before any such responsive pleading is due in the MDL, and before the ultimate venue for Plaintiff's complaint has been decided. Plaintiff's conduct should not be rewarded.

Absent an order enlarging time for Defendant to answer or otherwise respond to Plaintiff's complaint or to move to stay based on the pending MDL proceeding, Defendant will be prejudiced. Defendant will be forced to file a responsive pleading in an action that should and almost certainly will be consolidated with the pending MDL in which the plaintiffs' consolidated complaint has not yet even been filed, and to do so without knowing in which court this action ultimately will proceed or what substantive and procedural law may apply. In contrast, Plaintiff will not be prejudiced in any way by the short enlargement of time or temporary stay sought herein. This Court should not reward Plaintiff for its procedural gamesmanship. To conserve judicial resources while the issue of where the case will be venued is resolved and to avoid the inherent risk of inconsistent decisions, Defendant respectfully requests an order enlarging its time to answer or respond to Plaintiff's complaint or to move for a stay until the earlier of 10 days following the Court's order on Defendant's motion to transfer or Plaintiff's promised motion to remand or 45 days from the date of the Court's order on this motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

To date, 84 class action cases have been filed nationwide alleging a conspiracy to fix the price of chocolate confectionary products sold in the United States. Among the 84 cases are several purported class actions filed on behalf of California citizens, including *John Candido v. The Hershey Company et al.,* Case 3:08-cv-00543-JSW ("*Candido*"), filed in this Court on January 24, 2008. The United States Judicial Panel on Multidistrict Litigation has consolidated these cases, including *Candido*, and transferred them to the Middle District of Pennsylvania for a consolidated proceeding, *In Re: Chocolate Confectionary Antitrust Litigation,* Civil Action No. 1:08-MDL-1935 (Judge Conner). (April 21, 2008 Conditional Transfer Order, Kirmssé Decl., Ex. A.) Plaintiff's lead counsel in this case, Stuart Paynter, is also counsel in *Wendy M. Creswell v. The Hershey Co., et al.*, ("*Creswell*" action), that has previously been removed to federal court and transferred to MDL-1935. (July 24, 2008 Conditional Transfer Order, Kirmssé Decl., Ex. C.)

Notwithstanding that the *Candido* complaint makes the same allegations and seeks the same relief by the same lawyers and for and against the same parties, five months after the *Candido* complaint was filed (*see* Kirmssé Decl., ¶ 16), the Plaintiff filed this litigation. Plaintiff alleges a conspiracy between Nestlé USA, Inc. and several other producers of chocolate confectionaries, including The Hershey Company, Mars, Inc., and Cadbury USA LLC, but in an obvious attempt to avoid diversity jurisdiction and removal to federal court, Plaintiff named Nestlé USA, Inc., as the sole defendant. Plaintiff's attempt to game CAFA will fail because as set forth in Plaintiff's Notice of Removal of the *Weaver* action to this Court pursuant to 28 U.S.C. §§ 1367, 1441, 1446, 1453, and CAFA, filed July 30, 2008, Plaintiff is a citizen of California; Nestlé USA, Inc., is a citizen of Delaware, its state of incorporation; and this is sufficient to create minimal diversity under CAFA, notwithstanding that Nestlé USA, Inc. also has its principal place of business in California.

Also on July 30, Defendant filed an Administrative Motion to Consider Whether Cases Should Be Related pursuant to Civil L.R. 13-2, seeking an order relating the Weaver action to the Candido action; and a Notice of Pendency of Other Action or Proceeding pursuant to Civil L.R. 3-13, seeking transfer of the *Weaver* action to the Middle District of Pennsylvania for consolidation with the MDL proceeding *In Re: Chocolate Confectionary Antitrust Litigation,* Civil Action No. 1:08-MDL-1935 (Judge Conner), should be effected pursuant to 28 U.S.C. § 1407. In addition, Defendant intends to file in this Court a motion to transfer pursuant to 28 U.S.C. § 1407, and to file in the MDL court a Notice of Tag-Along Action. Plaintiff's counsel has indicated that Plaintiff will oppose the motion to transfer and will file a motion to remand.

## III. <u>ARGUMENT</u>

Federal district courts have inherent power to stay proceedings before them. *Landis v. No. Am. Co.,* 299 U.S. 248, 254 (1936); *Good v. Prudential Ins. Co. of Am.,* 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). This is particularly true when a decision by the MDL Panel to transfer the action is pending. *Good*, 5 F. supp. 2d at 809 ("Courts frequently grant stays pending a decision by the MDL Panel."); *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (noting that temporary stays in this context promote judicial economy and preserve scarce judicial resources). Indeed courts have stayed cases where, as here, the MDL Panel has already decided that coordination is appropriate, and

has designated a venue for the coordinated proceedings. *See New Mexico State Investment Council v. Alexander,* 317 B.R. 440, 446 (D. N.M. 2004); *Mathern v. Wyeth, No.* Civ.A. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004); *Knearem v. Bayer Corp.,* Civil Action 02-2096-CM, 2002 WL 1173551, at * 1 (D. Kan. May 7, 2002).

Factors to be considered in determining whether a stay should be issued include judicial efficiencies in avoiding duplicative litigation, hardship and inequity to the moving party if the stay is not granted, and potential prejudice to non-moving party resulting from a stay. *Rivers,* 980 F. Supp. at 1360. In light of these factors, "a majority of courts have concluded that it is often appropriate to stay preliminary proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Id.* at 1362. "[I]t would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues" that arise in antitrust class action cases. *Denny v. Merck & Co., Inc.,* No. 04-cv-00526, slip op. (S.D. Tex. Dec. 6, 2004). Each of these factors weighs strongly in favor of a temporary stay of this action.

**A. Extending the Time to Answer Will Promote Judicial Efficiency and Economy.**

Because of the overlapping factual issues and similar legal theories that exist in this case and MDL-1935, much work would be needlessly duplicated if pretrial proceedings in this case go forward on a parallel track with MDL-1935. Moreover, if this Court were not to issue a stay, it would be making rulings that would likely be reconsidered after this case is transferred. As the court in *U.S. Bank, Nat'l Ass'n v. Royal Inden.* Co., No.Civ.A 3:02-CV-0853-P, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002). The Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers,* 980 F. Supp. at 1360. Indeed, the MDL has already issued orders governing the transfer of tag-long cases such as this one. (July 24, 2008 Transfer Order, Kirmssé Decl., Ex. D.) The Court should grant the relief sought because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* at 1360-61.

**B. Nestlé USA Will Be Prejudiced If Proceedings Are Not Stayed And The Action Is Later Transferred to the MDL.**

In addition to the waste of judicial resources inherent in proceeding with this action prior to inevitable transfer to MDL-1935, Nestlé USA will be substantially prejudiced by duplicative motion practice if an extension of time to answer or respond to the complaint or move to stay is not granted. Nestlé USA will be forced to engage in motions practice addressing the exact same set of factual allegations being addressed by the MDL. *See American Seafood, Inc. v. Magnolia Processing,* Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay").

**C. Plaintiff Will Suffer No Prejudice In Extending Defendant's Time to Answer.**

This case has just been filed and Plaintiff has expended very limited resources to date. Defendant Nestlé USA's answer to the Complaint is not yet due and discovery has not begun. Thus, any potential delay in this case is outweighed by the efficiencies in the pretrial case management available in a coordinated MDL proceeding. *See, e.g., Arthur-Magna, Inc. v. Del-Val Financial Corp.*, Civil Action No. 90-4378, 1991 U.S. Dist. LEXIS 1431, * 1 (D.N.J. February 1, 1991) (even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay).

**D. There is a Risk of Inconsistent Rulings Between This Court and the MDL Court.**

Inconsistent substantive legal rulings are an inherent risk associated with identical cases proceeding on parallel tracks in front of different courts. To avoid this risk, pretrial proceedings in this action should proceed in an orderly, coordinated fashion, as directed by the single court selected by the MDL Panel to coordinate these cases. *See Mathern, 2004 WL 1922028, at *1* ("a stay of this case pending transfer to the MDL will promote judicial efficiency and avoid conflicting rulings"); *Shannon v. Merck & Co., Inc.,* 16 No. 2:03CV105-D-B, slip op. (N.D. Mass. Nov. 29, 2004).

## III. CONCLUSION

For the foregoing reasons, Nestlé USA respectfully requests that the Court grant its motion to enlarge time.

Dated: July 31, 2008

By: 

Leigh A. Kirmssé (SBN 161929)
HOWREY LLP
525 Market St., Suite 3600
San Francisco, CA 94105-2708
Telephone : (415) 848-4993
Facsimile : (415) 848-4999
Email: kirmssel@howrey.com

*Attorneys for Nestlé U.S.A., Inc.*

21366081