1 | Roxann E. Henry (D.C. Bar No. 231282, *pro hac vice to be submitted*)
Peter E. Moll (D.C. Bar No. 351569, *pro hac vice to be submitted*)
2 | HOWREY LLP
1299 Pennsylvania Avenue, N.W.
3 | Washington, DC 20004
Tel.: (202) 383-6503
4 | Fax: (202) 383-6610
5 | Email: henryr@howrey.com
        mollp@howrey.com
6 |
7 | Leigh A. Kirmssé (SBN 161929)
HOWREY LLP
8 | 525 Market St., Suite 3600
San Francisco, CA 94105-2708
9 | Telephone : (415) 848-4993
Facsimile : (415) 848-4999
10 | Email: kirmssel@howrey.com

**ORIGINAL**

11 | Attorneys for Nestlé USA, Inc.

12 |

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA

15 | SAN FRANCISCO DIVISION

16 |

17 | JOSHUA A. WEAVER, on behalf of himself )
and a class of persons similarly situated, )
18 |                                         )     Case No. 08-cv-003636 MEJ
                                            )
19 |          Plaintiff,                     )
                                            )     **DECLARATION OF LEIGH A. KIRMSSÉ IN**
20 |    vs.                                  )     **SUPPORT OF DEFENDANT NESTLÉ USA**
                                            )     **INC.'S EX PARTE MOTION TO ENLARGE**
21 | NESTLÉ USA, INC.                        )     **TIME**
                                            )
22 |          Defendant.                     )
                                            )
23 |                                         )

24 |

25 |

26 |

27 |

28 |

1    I, Leigh A. Kirmssé, declare:

2    1.    I am a partner of the law firm Howrey LLP, counsel of record for Defendant Nestlé

3    USA, Inc. in this action, and duly licensed to practice in all the courts of the State of California. The

4    facts set forth herein are true of my own personal knowledge and if sworn I could and would testify

5    competently thereto.

6    2.    On July 29, 2008, I contacted Stuart M. Paynter of The Paynter Law Firm, counsel of

7    record for Plaintiff Joshua A. Weaver in the above-captioned action. I informed Mr. Paynter that

8    Defendant would be filing a Notice of Removal to remove the *Weaver* action from state to federal

9    court, a Motion to Transfer the action to the Middle District of Pennsylvania for consolidation with the

10    pending multidistrict proceeding *In Re: Chocolate Confectionary Antitrust Litigation,* Civil Action No.

11    1:08-MDL-1935 (Judge Conner), and a Notice of Tag-Along Action in the MDL.

12    3.    Mr. Paynter stated that Plaintiff would oppose the motion to transfer and would file a

13    motion to remand.

14    4.    Defendant filed the Notice of Removal in this Court on July 30, 2008, served it on

15    Plaintiff's counsel by U.S. Mail, and provided courtesy copies to him by email on the day of filing.

16    5.    Pursuant to Fed. R. Civ. P. 81(c)(2), absent court order, Defendant is obligated to

17    respond to Plaintiff's complaint within five (5) days following removal, i.e., on August 6, 2008.

18    6.    I informed Mr. Paynter that for the reasons set forth in Defendant's memorandum of

19    points and authorities submitted in support of Defendant's ex parte motion, absent a stipulation by

20    Plaintiff agreeing to such relief, Defendant intended to move ex parte pursuant to Fed. R. Civ. P. 6(b)

21    and Civil L.R. 7-10 for an order enlarging the time for Defendant to respond to Plaintiff's Complaint

22    until the earlier of ten (10) days following the Court's final order on Defendant's motion to transfer or

23    Plaintiff's Motion to Remand or forty-five (45) days from the date of this Order.

24    7.    Defendant brings this motion as an ex parte motion under Civil L.R. 7-10 and not a

25    motion to change time under Civil L.R. 6-3 because Civil L.R. 6-3, which authorizes a party to move

26    to enlarge time, provides that a party who opposes such motion may file an opposition no later than the

27    third day after receiving the motion, which under the present circumstances will August 5, 2008, the

28

1  day before Defendant's response to Plaintiff's complaint will be due pursuant to Fed. R. Civ. P.

2  81(c)(2) absent the relief sought by Defendant's ex parte motion.

3      8.      Absent an order enlarging time for Defendant to respond to Plaintiff's complaint or

4  move for stay pending the Court's disposition of Defendant's motion to transfer or Plaintiff's promised

5  motion to remand, Defendant will be prejudiced, as Defendant will be forced to file a responsive

6  pleading in an action that should and very likely will be consolidated with the pending MDL in which

7  the defendants' responsive pleading is not yet due. Furthermore, Defendant could be required to

8  respond to Plaintiff's complaint without knowing in which court this action ultimately will proceed or

9  what substantive and procedural law may apply.

10      9.      Mr. Paynter declined to stipulate to the relief sought by Defendant's ex parte motion

11  and indicated Plaintiff's opposition thereto. Mr. Paynter stated that Plaintiff is willing to stipulate to an

12  extension of time for Defendant's responsive pleading until August 15, 2008, but that an extension

13  until ten (10) days following an order on Plaintiff's promised motion to remand is not warranted. I

14  responded that an extension until August 15, 2008 is insufficient as the Court will not yet have ruled

15  on Defendant's motion to transfer or Plaintiff's motion to remand, and the MDL court may not yet

16  have issued an order regarding Defendant's Notice of Tag-Along Action.

17      10.     Mr. Paynter stated that he would be traveling today and asked me to inform his co-

18  counsel at Dillingham & Murphy, LLP of the precise time and place at which Defendant would appear

19  ex parte and to send Defendant's motion papers to them. I have complied with Mr. Paynter's request.

20  Neither Mr. Paynter, nor his co-counsel, requested to be present at any hearing or indicated that

21  counsel for Plaintiff will appear when the ex parte motion is presented to the Court.

22      11.     A true and correct copy of the April 21, 2008 Conditional Transfer Order issued by the

23  MDL Panel consolidating the various cases for consolidated proceedings titled *In Re: Chocolate*

24  *Confectionary Antitrust Litigation,* Civil Action No. 1:08-MDL-1935 (Judge Conner) in the United

25  States District Court for the Middle District is attached hereto as Exhibit A.

26

27

28

HOWREY LLP

1    12.    A true and correct copy of the Case Management Order entered by Judge Conner

2  establishing the time for defendants to answer or otherwise respond to the consolidated MDL

3  complaint is attached hereto as Exhibit B.

4    13.    A true and correct copy of the July 24, 2008 Conditional Transfer Order transferring

5  *Wendy M. Creswell v. The Hershey Co., et al.*, ("*Creswell*" action), a tag-along action originally filed

6  by Mr. Paynter in the Superior Court of the District of Columbia that was subsequently removed to

7  federal court and transferred and consolidated with MDL-1935, is attached hereto as Exhibit C.

8    14.    A true and correct copy of an email communication from me to Mr. Paynter dated July

9  30, 2008, and Mr. Paynter's response of the same date, is attached hereto as Exhibit D.

10    15.    The *Weaver* complaint makes the same allegations and seeks the same relief by the

11  same lawyers and for and against the same parties as the *Candido* action filed in this Court that was

12  transferred and consolidated with the MDL.

13    a.    Specifically, in the *Weaver* Action, Plaintiff alleges that Nestlé USA and its

14  alleged co-conspirators "unreasonably restrain[ed] and fix[ed] price[s] in the market for chocolate

15  confectionary products." Compl. at ¶ 73. Plaintiff alleges that the conspiracy began "in 2002 and

16  continu[ed] until at least approximately 2008." Compl. at ¶ 1. The putative class is defined as "[a]ll

17  California residents who purchased Defendants' chocolate confectionary products in California from

18  2002 to [June 27, 2008], excluding persons purchasing directly from the Defendant and its co-

19  conspirators." Compl. at ¶ 12. Plaintiff alleges violation of the California Business & Profession Code

20  § 1670 ("Cartwright Act"), and § 17200 ("Unfair Competition Act"), unjust enrichment, civil

21  conspiracy, and seeks an undisclosed and uncapped amount of damages, including attorneys' fees and

22  treble damages. Compl. at ¶¶ 72-84.

23    b.    Similarly, in the *Candido* Action, the plaintiff alleges a conspiracy among

24  chocolate manufacturers to fix the price of chocolate sold in the United States. *Candido* Compl. at ¶ 1.

25  The putative class in *Candido* is also defined as "[a]ll person and or entities residing in the State of

26  California . . . who or which directly or indirectly purchased Chocolate in the State of California for

27  their own use and not for resale, at any time during the period beginning February 2002 and continuing

28

1   through [January 24, 2007]." *Candido* Compl. at ¶ 29. *Candido* further alleges violations of both

2   federal and California state law, including California's Cartwright Act and Unfair Competition Act.

3   *Candido* Compl. at ¶¶ 71-85. The *Candido* complaint similarly does not disclose or cap the amount of

4   damages, and also seeks attorneys' fees and treble damages. *Candido* Compl. at ¶ 90.

5       I declare under penalty of perjury that the foregoing is true and correct.

6       Executed on July 31, 2008, at San Francisco, California.

7

8                                                   Leigh A. Kirmssé

9

10  21366152

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIRMSSÉ DECL. ISO EX PARTE MTN. TO ENLARGE TIME
Case No. 08-cv-003636 MEJ

HOWREY LLP

# EXHIBIT A

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone:  [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

May 7, 2008

Mary E. D'Andrea, Clerk
P.O. Box 983
Harrisburg, PA 17108-0983

**FILED**
**HARRISBURG, PA**

MAY - 7 2008

Re:  MDL No. 1935 -- IN RE: Chocolate Confectionary Antitrust Litigation

(See Attached CTO-1)

MARY E. D'ANDREA, CLERK
Per _____

Dear Ms. D'Andrea:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on <u>April 21, 2008</u>. As stipulated in Rule 7.4(a) of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Deputy Clerk

Attachment

cc:   Transferee Judge:     Judge Christopher C. Conner
      Transferor Judges:    (See Attached List of Judges)
      Transferor Clerks:    (See Attached List of Clerks)

JPML Form 36

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAY – 7 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 1 2008

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

**IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION**

MDL No. 1935

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-1)**

On April 7, 2008, the Panel transferred 15 civil actions to the United States District Court for the
Middle District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28
U.S.C. § 1407. *See* ___F.Supp.2d__ (J.P.M.L. 2008). With the consent of that court, all such
actions have been assigned to the Honorable Christopher C. Conner.

It appears that the actions on this conditional transfer order involve questions of fact that are
common to the actions previously transferred to the Middle District of Pennsylvania and assigned
to Judge Conner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199
F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Middle
District of Pennsylvania for the reasons stated in the order of April 7, 2008, and, with the consent
of that court, assigned to the Honorable Christopher C. Conner.

This order does not become effective until it is filed in the Office of the Clerk of the United States
District Court for the Middle District of Pennsylvania. The transmittal of this order to said Clerk
shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk
of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED TRUE COPY

MAY – 7 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION**                                    MDL No. 1935

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS

<u>DIST</u>. <u>DIV</u>. <u>C.A. #</u>          <u>CASE CAPTION</u>

CALIFORNIA CENTRAL
  CAC 2  08-295        Marcy Linder v. The Hershey Co., et al.
  CAC 2  08-319        Molly Wagman v. The Hershey Co., et al.
  CAC 2  08-620        Eugenia Miceli v. The Hershey Co., et al.
  CAC 2  08-908        Jones Vend & OCS Distributing, Inc. v. Nestle USA, Inc., et al.
  CAC 2  08-1022       C.W. Brower, Inc. v. Nestle USA, Inc., et al.
  CAC 2  08-1079       Russell Traub v. Cadbury Adams Canada, Inc., et al.
  CAC 2  08-1338       Craig Stephenson v. The Hershey Co., et al.
  CAC 2  08-1341       Kevin Tierney v. The Hershey Co., et al.
  CAC 2  08-1859       Treat America Ltd. v. Nestle USA, Inc., et al.

CALIFORNIA NORTHERN
  CAN 3  08-543        John Candido v. The Hershey Co., et al.
  CAN 3  08-674        Lisa Blackwell v. The Hershey Co., et al.

MICHIGAN EASTERN
  MIE 2  08-10400      Edward S. Hesano v. The Hershey Co., et al.

NEW JERSEY
  NJ 2  08-257         D Controls, Inc. v. The Hershey Co., et al.
  NJ 2  08-258         Setih E. Ellis, P.A. v. The Hershey Co., et al.
  NJ 2  08-259         Marc Lavin, et al. v. The Hershey Co., et al.
  NJ 2  08-272         Jonathan Benjamin v. The Hershey Co., et al.
  NJ 2  08-274         Daphne Matelene v. The Hershey Co., et al.
  NJ 2  08-348         Daniel Klein v. The Hershey Co., et al.
  NJ 2  08-499         Ellen Widom v. The Hershey Co., et al.
  NJ 2  08-502         Adrianne Shienvold v. The Hershey Co., et al.
  NJ 2  08-631         Ben Lee Distributors, Inc. v. The Hershey Co., et al.
  NJ 2  08-634         Julia Isenhower v. The Hershey Co., et al.
  NJ 2  08-706         Isabelle Dikland v. The Hershey Co., et al.
  NJ 2  08-845         Thomas Rode v. The Hershey Co., et al.
  NJ 2  08-869         Royal Enterprises Corp. v. The Hershey Co., et al.
  NJ 2  08-941         Weaver Nut Co. v. The Hershey Co., et al.
  NJ 2  08-1003        Autry Greer & Sons, Inc., et al. v. The Hershey Co., et al.
  NJ 2  08-1537        Cindy Elan-Mangano v. The Hershey Co., et al.

Page 2 of 2

**MDL No. 1935 – Schedule CTO-1 Tag Along Actions (Continued)**

**DIST. DIV. C.A. #**        **CASE CAPTION**

NEW YORK SOUTHERN
  NYS  1  08-910          NMJ Consultant Group, Inc. v. Cadbury Adams Canada, Inc., et al.
  NYS  1  08-1205         Canteen Vending Co. v. Cadbury Adams Canada, Inc., et al.
  ~~NYS  1  08-1548~~         ~~The Candy Jar, Inc. v. Nestle Suisse S.A., et al.~~  Vacated 5/1/08
  NYS  1  08-1570         VME Distributors, Inc. v. Cadbury Adams Canada, Inc., et al.
  NYS  1  08-1960         Card & Party Mart II Ltd. v. Cadbury Adams Canada, Inc., et al.

PENNSYLVANIA EASTERN
  PAE  2  08-368          Canteen Co. of Utica-Rome, Inc. v. The Hershey Co., et al.
  PAE  2  08-376          Donald Webster v. The Hershey Co., et al.
  PAE  2  08-772          Brookshire Brothers, Ltd. v. The Hershey Co., et al.
  PAE  2  08-810          Paula Wolner v. The Hershey Co., et al.
  PAE  2  08-942          Pitco Foods v. Cadbury Adams Canada, Inc., et al.
  PAE  2  08-1136         The Kroger Co., et al. v. Cadbury Schweppes PLC, et al.
  PAE  2  08-1155         Meijer, Inc., et al. v. The Hershey Co., et al.
  PAE  2  08-1182         Publix Super Markets, Inc. v. Cadbury Schweppes PLC, et al.
  PAE  2  08-1223         Affiliated Foods, Inc. v. The Hershey Co., et al.
  PAE  2  08-1365         CVS Pharmacy, Inc., et al. v. Cadbury Adams Canada, Inc., et al.

PENNSYLVANIA WESTERN
  PAW  2  08-414          Giant Eagle, Inc. v. The Hershey Co., et al.

TENNESSEE EASTERN
  ~~TNE  2  08-51~~          ~~Cyrus T.G., Inc., et al. v. The Hershey Co., et al.~~  Opposed 5/6/08

TEXAS EASTERN
  TXE  6  08-21           Lori Ann Hongach v. The Hershey Co., et al.
  TXE  6  08-90           Esther Naomi Lieberman v. The Hershey Co., et al.

WISCONSIN EASTERN
  WIE  2  08-131          Debra L. Damaske, et al. v. The Hershey Co., et al.

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: CHOCOLATE   : **MDL DOCKET NO. 1935**
CONFECTIONARY ANTITRUST : **(Civil Action No. 1:08-MDL-1935)**
LITIGATION     :
_____ : **(Judge Conner)**
         :
THIS DOCUMENT APPLIES TO: :
         :
  ALL CASES     :

## CASE MANAGEMENT ORDER NO. 4
## INITIAL SCHEDULING & PROCEDURAL ORDER

AND NOW, this 30th day of May 2008, upon consideration of the initial case

management conference held with counsel on May 29, 2008, it is hereby ORDERED

that:

 1. **APPOINTMENT OF PLAINTIFFS' LEAD AND LIAISON COUNSEL.** Appointment of plaintiffs' lead and liaison counsel shall be governed by the following procedures:

  a. On or before June 10, 2008, plaintiffs shall file motions for appointment of lead and liaison counsel specifying the anticipated duties of each such representative as well as the group to which such representative is responsible. Plaintiffs' motion shall also identify local counsel for each representative's firm, unless the firm is located within or regularly practices before the Middle District of Pennsylvania. The provisions of Local Rule 7.1, which require certificates of concurrence or nonconcurrence from each party, are waived for purposes of these motions.

  b. On or before June 17, 2008, any party may file objections to the motions for appointment described in Paragraph 1.a.

 2. **CONSOLIDATED COMPLAINTS.** Consolidated complaints shall be filed within thirty (30) days after appointment of counsel and shall be governed by the following procedures:

a.    **Consolidated Complaints of Plaintiff Groups.** Counsel shall file a separate consolidated complaint for each plaintiff group. These complaints shall be deemed amended complaints for purposes of Rule 15(a)(1) of the Federal Rules of Civil Procedure. The consolidated complaint filed on behalf of each plaintiff group shall supercede the original complaints of all members of the group.

b.    **Consolidated Complaints of Individual Plaintiffs.** Counsel for the individual plaintiffs shall file a consolidated complaint that alleges all claims advanced by the individual plaintiffs. Claims common to all individual plaintiffs shall be so noted. Claims advanced by fewer than all individual plaintiffs shall specify which individual plaintiffs assert each claim. The consolidated complaint shall be deemed an amended complaint for purposes of Rule 15(a)(1) of the Federal Rules of Civil Procedure and shall supercede the original complaint of each individual plaintiff.

c.    **Captioning and Titling of Consolidated Complaints.** In accordance with Paragraph 3.d of Case Management Order No. 1 (Doc. 19), the caption of each consolidated complaint shall specify the individual actions to which it applies. Consolidated complaints shall be titled as follows: "**Consolidated Complaint of the Individual Plaintiffs**," substituting the appropriate plaintiff group as necessary.

3.    **MOTIONS TO DISMISS.** Motions to dismiss shall be governed by the following procedures:

a.    **Briefing Schedule.** Motions to dismiss shall be filed in accordance with the following schedule:

i.    Within forty-five (45) days after the filing of each amended complaint, defendants may file a motion to dismiss. A brief in support of the motion shall be filed simultaneously therewith.

ii.    Within forty-five (45) days after the filing of a motion to dismiss, the plaintiff group (or individual plaintiffs) affected by the motion shall file a brief in opposition.

iii.    Within twenty-one (21) days after the filing a brief in opposition, defendants may file a brief in reply.

2

b.  **Length of Briefs.** Briefs in support of and in opposition to the motions to dismiss shall not exceed fifty (50) pages in length. Reply briefs shall not exceed twenty-five (25) pages.

c.  **Contents of Briefs.** The contents of briefs shall be governed by Local Rule 7.8(a) except to the extent that rule is modified by Paragraph 6.a.

d.  **Suspension of Local Rules.** The following provisions of the Local Rules of Court are suspended for purposes of the motions to dismiss:

   i.  Local Rules 7.5, 7.6, and 7.7 to the extent that they govern time periods for the filing of briefs.

   ii.  Local Rule 7.8(b), which pertains to the length of briefs.

4.  **BRIEFING OF DISCOVERY MATTERS.** After the appointment of plaintiffs' lead and liaison counsel, counsel shall meet and confer regarding the scope and procedure for conducting preliminary discovery. To the extent practicable, motions regarding preliminary discovery issues shall be filed and briefed during the pendency of the motions to dismiss. Within fifteen (15) days of the filing of consolidated complaints, the parties shall apprise the court of the status of their discussions, after which the court may establish a briefing schedule for the resolution of discovery issues or take such other action as it deems appropriate.

5.  **DOCUMENTATION OF DISCOVERY PRESERVATION EFFORTS.** Counsel for all parties shall document their efforts to preserve evidence in accordance with Paragraph 7 of Case Management Order No. 1 (Doc. 19) with particular attention to the preservation of evidence stored in electronic format pending commencement of discovery.

6.  **APPLICABILITY OF THE LOCAL RULES OF COURT.** The Local Rules of Court shall govern this action except to the extent altered or suspended by order of court. Counsel are advised that "all motions . . . shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied." See L.R. 7.1. The following provisions of the Local Rules of Court shall be indefinitely suspended or altered during this litigation:

3

a.     The provisions of Local Rule 7.8(a) are suspended as follows:

     i.     The provision requiring submission of copies of unpublished opinions referenced in a brief is suspended if the unpublished opinion is cited in Westlaw or Lexis format. While not required, the court prefers to receive citations in Westlaw format.

     ii.     The provision requiring citation to both official and unofficial reports is suspended. Citation to the applicable West reporter shall be sufficient for all opinions except those issued by the United States Supreme Court. Citation of Supreme Court opinions need only reference the official United States Reports.

     iii.     All other provisions of Local Rule 7.8(a) shall remain in effect throughout this litigation.

b.     The provisions of Local Rule 7.10 are modified to require simultaneous filing of motions for reconsideration and briefs in support thereof within the ten-day period specified in the rule. There shall be no additional period for filing briefs in support of motions for reconsideration.

c.     Paragraph 4 of Case Management Order No. 1 (Doc. 19), regarding waiver of the provisions of Local Rule 83.9, pertaining to association with local counsel, is modified as described in Paragraph 1 above (relating to the requirement of local counsel for each representative counsel). All other counsel shall remain exempt from the requirements of Local Rule 83.9.

7.     **ALL FUTURE ORDERS TO BE DOCKETED IN ABOVE-CAPTIONED MATTER.** Counsel are advised that all future orders of court shall be docketed solely in the above-captioned matter and shall not appear on the dockets in the individual actions.

           S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge

# EXHIBIT C

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

July 24, 2008

TO INVOLVED COUNSEL

Re: MDL No. 1935 -- IN RE: Chocolate Confectionary Antitrust Litigation

(See Attached CTO-4)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:    August 8, 2008    (12 noon EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Tanisha Spinner
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 2 4 2008

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION                                    MDL No. 1935

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-4)**

On April 7, 2008, the Panel transferred 15 civil actions to the United States District Court for the Middle District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 542 F.Supp.2d 1376 (J.P.M.L. 2008). Since that time, 55 additional actions have been transferred to the Middle District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Christopher C. Conner.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Middle District of Pennsylvania and assigned to Judge Conner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Middle District of Pennsylvania for the reasons stated in the order of April 7, 2008, and, with the consent of that court, assigned to the Honorable Christopher C. Conner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Middle District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION**                    MDL No. 1935

### SCHEDULE CTO-4 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

CALIFORNIA SOUTHERN
 CAS  3  08-1176          Erin Goss v. The Hershey Co., et al.

DISTRICT OF COLUMBIA
 DC   1  08-1079          Wendy M. Cresswell v. The Hershey Co., et al.

TEXAS EASTERN
 TXE  2  08-266           Brookshire Grocery Co. v. The Hershey Co., et al.

TEXAS NORTHERN
 TXN  2  08-131           United Supermarkets, LLC v. The Hershey Co., et al.

RULE 7.4:   CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)     Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)     Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)     Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)     Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)     Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)     Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:   MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)     Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)     Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)     Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)     A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)     Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.