STUART M. PAYNTER (SBN 226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
Email: stuart@smplegal.com

-and-

WILLIAM F. MURPHY (SBN 82482)
WILLIAM P. WILSON (SBN 230444)
DILLINGHAM & MURPHY LLP
225 Bush Street, Sixth Floor
San Francisco, CA 94104
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
Email: wfm@dillinghammurphy.com
       wpw@dillinghammurphy.com

Attorneys for Plaintiff JOSHUA A. WEAVER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSHUA A. WEAVER, on behalf of himself and a class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NESTLÉ USA, INC.,<br><br>Defendant. | Case No. 08-cv-3636 MEJ<br><br>**PLAINTIFF'S MOTION FOR REMAND**<br><br>Date:   September 11, 2008<br>Time:   10:00 a.m.<br>**Courtroom: 15th Floor, B**<br>**Magistrate Judge Maria-Elena James** |

# TABLE OF CONTENTS

**Page No.**

NOTICE OF MOTION ................................................................................................................ 1

PLAINTIFFS MOTION FOR REMAND ................................................................................... 1

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND .......................... 4

BACKGROUND ........................................................................................................................... 5

ARGUMENT ................................................................................................................................. 6

GROUNDS FOR NOTICE OF MOTION

    I.   Diversity Jurisdiction Does Not Exist Because Plaintiff, Class Members and Nestle Are All Californian Citizens ................................................................................... 7

    II.  Jurisdiction Does Not Exists Under 28 U.S.C. § 1367 ................................................. 8

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Aaron v. Merck*
  2005 U.S. Dist LEXIS 40745 (C.D. Cal. 2005) ............................................................................. 8

*Allen v. Bayer Corp. (In re : Phenylpropanolamine (PPA) Prods. Liab. Litig.)*
  460 F.3d 1217, 1230 (9th Cir. 2006) ............................................................................. 3, 5, 8

*Candido v. The Hershey Company et al.*
  No. 1:08-mdl-01935-CCC (Md. Pa.) .................................................................................. *passim*

*Guerro v. The Pepsi Bottling Group, Inc.*
  2007 U.S. Dist. Lexis 3076 (N.D. Cal. 2007) ............................................................................. 8

*In re Asbestos Litig.*
  271 B.R. 118, 126 (S.D. W. Va. 2001) ............................................................................. 4

*Patel v. Del Taco, Inc.*
  446 F.3d 996, 999 (9th Cir. 2006) ............................................................................. 3, 5, 9

*Sellers v. Kohlberg & Co.*
  2001 U.S. Dist. Lexis 9498 (N.D. Cal. 2001) ............................................................................. 4, 7, 8

*Tosco Corp. v. Communities for a Better Env't*
  236 F.3d 495, 497 (9th Cir. 2001) .................................................................................. *passim*

## NOTICE OF MOTION

**To Defendant NESTLE USA, INC. AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on September 11, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, 15th Floor, Courtroom B, before Magistrate Judge Maria-Elena James, plaintiff JOSHUA A. WEAVER will and hereby does move the Court for *Plaintiff's Motion for Remand.*[1] This motion is brought on the following grounds, (1) Diversity Jurisdiction Does Not Exist Because Plaintiff, Class Members and Nestle are All California Citizens, and (2) Jurisdiction does not Exist Under 28 U.S.C. § 1367.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, all pleadings presented for the Court(s) consideration, the Court file on the matter herein, and upon such other evidence as may be presented.

## PLAINTIFF'S MOTION FOR REMAND

Pursuant to 28 U.S.C. §1332(d) and 28 U.S.C. § 1447, Plaintiff Joshua A. Weaver hereby moves for a remand to the Superior Court of the State of California for the County of San Francisco. In support of his motion, movant state as follows:

1.   This action was filed June 27, 2008 in the Superior Court of the State of California for the County of San Francisco. Plaintiff alleges that Defendant Nestle USA engaged in a conspiracy to fix the price of chocolate in the United States and California in violation of California law. The complaint contains four causes of action: (a) violation of the Cartwright Act, Cal. Bus. & Prof. Code § 16720 et seq.; (b) violation of the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200 et seq.; (c) unjust enrichment and (c) civil conspiracy. Compl. ¶¶ 72-83. The complaint expressly disclaims "any and all federal causes of action." Compl. ¶ 71.

2.   Plaintiff is a California resident and seeks relief only on behalf of California residents who purchased certain chocolate confectionary products in California. Compl. ¶¶ 4, 12.

3.   On July 30, 2008 Nestle USA filed a Notice of Removal pursuant to the Class Action Fairness Act of 2005 and, in the alternative, pursuant to 28 U.S.C. 1367 because some

---

[1] This motion is submitted without prejudice to Plaintiff's right to file a Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Court Judge.

Page 1 - Case No. 08-cv-3636 MEJ
PLAINTIFF'S MOTION TO REMAND

1  claims alleged overlap with some claims in another case, *Candido v. The Hershey Company* over

2  which Nestle claims this Court has jurisdiction. *See* Notice of Removal ¶¶ 5-6 & 7-8. Both

3  Nestle's grounds for removal are baseless.

4      4.    No jurisdiction exists under the Class Action Fairness Act of 2005. Nestle

5  concedes that "plaintiffs are alleged to be citizens of California and Nestle is a citizen of

6  California." Notice of Removal ¶ 6(b). Because plaintiff, class members and Nestle are all

7  citizens of California, no diversity jurisdiction exists. *See* 28 U.S.C. § 1332(d). The fact that

8  Nestle is incorporated in Delaware and therefore also considered a citizen of Delaware for

9  purposes of section 1332, *see* 28 U.S.C. § 1332(c)(1), does not destroy diversity. *See Tosco Corp.*

10 *v. Communities for a Better Env't*, 236 F.3d 495, 497 (9th Cir. 2001) (no diversity jurisdiction

11 where plaintiff was Nevada corporation with principal place of business in California and

12 defendant was a Californian non-profit).

13     5.    No jurisdiction exists "pursuant to 28 U.S.C. § 1367." To begin with, contrary to

14 Nestle's assertion that "this Court maintains proper jurisdiction over the *Candido* case," Notice of

15 Removal ¶ 8(a), the *Candido* case was transferred by the Judicial Panel on Multidistrict Litigation

16 to the Middle District of Pennsylvania on May 20, 2008, and it remains pending in that district.

17 *See* July 31, 2008 Docket, *Candido v. The Hershey Company et al*, No. 1:08-mdl-01935-CCC

18 (Md. Pa.). This Court has no jurisdiction over the *Candido* case and has not had jurisdiction over

19 the case since its transfer in May. *See Allen v. Bayer Corp. (In re : Phenylpropanolamine (PPA)*

20 *Prods. Liab. Litig.)*, 460 F.3d 1217, 1230 (9th Cir. 2006) (Noting that once a transfer by the

21 Judicial Panel on Multidistrict litigation becomes effective, "the jurisdiction of the transferor court

22 ceases and the transferee court has exclusive jurisdiction.").

23     6.    Even if the *Candido* case were pending in this district, removal under section 1367

24 would not be proper. Section 1367 provides that "in any civil action" in which the court has

25 "original jurisdiction," it may exercise "supplemental jurisdiction" over "related" claims. 28

26 U.S.C. § 1367. Because section 1367 applies only where the district court already has "original

27 jurisdiction" over the action, it can never provide an independent basis for removal. *See Patel v.*

28 *Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) ("Section 1367, which provides for

1  supplemental jurisdiction, is not a basis for removal.").

2      7.    In further support of this motion, Plaintiff submits and incorporates by reference a
3  memorandum of law.

4      WHEREFORE, Plaintiff respectfully requests that this Court remand this action to the
5  Superior Court for the County of San Francisco and grant any other relief it deems proper.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

Plaintiff and Californian resident Joshua A. Weaver filed this action in San Francisco Superior Court against Defendant Nestle USA, a Delaware corporation with its principal place of business in California, on behalf of a class of California residents injured by a conspiracy between Nestle USA and other chocolate manufacturers to fix the prices of certain chocolate confectionary products.[2] Notwithstanding the lack of diversity of citizenship, Nestle removed this action on July 30, 2008 pursuant to the Class Action Fairness Act of 2005. As an alternative basis for jurisdiction, Nestle invoked 28 U.S.C. § 1367 – the supplemental jurisdiction statute—because some claims in this action allegedly overlap with some claims in another case, *Candido v. The Hershey Company* originally filed in this district. Neither ground for removal has any merit whatsoever.

*First*, a class action is removable under CAFA only where a member of the plaintiff class is a citizen of a state different from that of any defendant. 28 U.S.C. § 1332(d). As Nestle itself acknowledges, plaintiff and class members "are alleged to be citizens of California and Nestle is a citizen of California." Notice of Removal ¶ 6(b). Nevertheless, Nestle argues that because under section 1332(c)(1) it is also considered a citizen of its state of incorporation diversity of citizenship exists. In fact, as this Court has noted, Congress enacted section 1332(c)(1) to "eliminate 'the evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the Federal courts simply because it has obtained a corporate charter from another State.'" *Sellers v Kohlberg*, 2001 U.S. Dist. LEXIS 9498 (N.D. Cal. 2001) (quoting S. Rep. No. 85-1830, at 5 (1958)). Thus, far from providing a basis for removal in instances where a defendant is incorporated in another state, section 1332(c)(1) was expressly

---

[2] In a July 31, 2008 *ex parte* motion to enlarge time, Nestle accused counsel for plaintiff of acting in "bad faith" by seeking relief on behalf of their client in state court in the state he resides rather than an MDL proceeding in Pennsylvania. There is nothing improper about a plaintiff seeking relief in the forum of his choosing. *See e.g. In re Asbestos Litig.*, 271 B.R. 118, 126 (S.D. W. Va. 2001) ("Plaintiffs always have initial choice of forum, while defendants may remove, when allowed by law. In this action, Plaintiffs and the Removing Defendants have put forward reasons in favor of their preferred forum, state or federal, and the Court considers these reasons not as examples of bad motive or gaming the system, but to weigh the equities, as they appear to this judge.) Counsel for plaintiff are not in the habit of accusing opposing counsel of bad faith, would never make such an allegation in the absence of serious misconduct and would certainly never make such an allegation in an *ex parte* filing to which opposing counsel has no opportunity to respond. Consequently, although plaintiff believes that Nestle's grounds for removal are insubstantial, nothing in this motion should be taken to imply that Nestle or its attorneys have deliberately acted in bad faith or knowingly misrepresented facts to this Court.

Page 4 - Case No. 08-cv-3636 MEJ
PLAINTIFF'S MOTION TO REMAND

enacted to prevent such removal. Accordingly, it is black letter law that a corporation cannot invoke diversity jurisdiction on the basis of its state of incorporation when its principal place of business is located in the state of citizenship of the opposing party or parties. *See, e.g., Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 497 (9th Cir. 2001) (no diversity jurisdiction where plaintiff was Nevada corporation with principal place of business in California and defendant was a Californian non-profit).

*Second*, the supplemental jurisdiction statute, 28 U.S.C. § 1367 provides no basis for removal. Most obviously, the Judicial Panel on Multidistrict Litigation transferred the supposedly "related" *Candido* case to the Middle District of Pennsylvania on May 20, 2008, and it remains pending in that district. *See* July 31, 2008 Docket, *Candido v. The Hershey Company et al*, No. 1:08-mdl-01935-CCC (Md. Pa.). Therefore, contrary to Nestle's assertion, this Court has no jurisdiction over the *Candido* action and no authority to append additional claims to that case under section 1367 or otherwise. *See Allen v. Bayer Corp. (In re : Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1230 (9th Cir. 2006) (Noting that once a transfer by the JPML becomes effective, "the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction.").

Even if the *Candido* action were pending in this Court, section 1367 would still not provide any ground for removal because section 1367 allows a court to exercise "supplemental jurisdiction" over "related" claims only in a civil action over which the court already has "original jurisdiction." 28 U.S.C. § 1367. Consequently, section 1367 can never provide an *independent* basis for removal of an action over which the court does not otherwise have jurisdiction. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) ("Section 1367, which provides for supplemental jurisdiction, is not a basis for removal."). The Ninth Circuit has expressly called attempts to remove on the basis of section 1367 "frivolous." *Id.*

## BACKGROUND

This case arises out of a conspiracy between Defendant Nestle USA, a Delaware corporation headquartered in Glendale, California, and other chocolate makers to illegally fix the price of certain chocolate confectionary products sold in California. Compl. ¶¶ 1 & 5. Plaintiff

and Californian Joshua A. Weaver filed this case on July 27, 2008 in San Francisco County Superior Court seeking relief on behalf of California residents who purchased the relevant chocolate confectionary products in California. Compl. ¶ 4 & 12. The complaint contains four causes of action: (a) violation of the Cartwright Act, Cal. Bus. & Prof. Code § 16720 et seq.; (b) violation of the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200 et seq.; (c) unjust enrichment and (c) civil conspiracy. Compl. ¶¶ 72-83. The complaint expressly disclaims "any and all federal causes of action." Compl. ¶ 71.

On July 30, 2008 Nestle removed the action to this Court. In its Notice of Removal, Nestle acknowledged that "plaintiffs are alleged to be citizens of California" and that "Nestle is headquartered in California" and therefore a "citizen of California." Notice of Removal ¶ 6(b). Nestle nevertheless claimed diversity jurisdiction under CAFA because as a Delaware corporation it is also considered a citizen of Delaware. *See id.*; 28 U.S.C. § 1332(c)(1). In the alternative, Nestle claims jurisdiction under section 1367, the supplemental jurisdiction statute. Notice of Removal ¶¶ 7-8. According to Nestle, section 1367 allows removal because this action "involves the same parties, factual allegations, legal issues, and relief requested" in the action captioned *John Candido v. The Hershey Co.* Notice of Removal ¶ 8. In its Notice of Removal, Nestle states that the *Candido* action was "filed before this Court" and that there is "no dispute that this Court maintains proper jurisdiction over the *Candido* action." Notice of Removal ¶¶ 7 & 8(a). In fact, the JMPL transferred the *Candido* action to the Middle District of Pennsylvania on May 20, 2008. *See* July 31, 2008 Docket, *Candido v. The Hershey Company et al*, No. 1:08-mdl-01935-CCC (Md. Pa.)

## ARGUMENT

Neither CAFA nor section 1367 provide a basis for removal. As outlined in more detail below, it is settled law that a corporation cannot invoke diversity jurisdiction when it is headquartered in the same state as the citizenship of the opposing party or parties. Therefore, this action is not removable under CAFA.

This action is not removable under the supplemental jurisdiction statute, 28 U.S.C. § 1367, because the supposedly "related" *Candido* action is not pending in this district. Even if it were,

1  section 1367 can never provide an independent basis for jurisdiction or removal.

## I. Diversity Jurisdiction Does Not Exist Because Plaintiff, Class Members and Nestle Are All Californian Citizens.

Section 1332(d) grants original jurisdiction to federal courts over any class action in which the citizenship of any member of the plaintiff class is different than the citizenship of any defendant. 28 U.S.C. § 1332(d). For purposes of section 1332, a corporation is considered a citizen of both its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Nestle concedes that "plaintiffs are alleged to be citizens of California and Nestle is a citizen of California." Notice of Removal ¶ 6(b). Nestle nevertheless argues that diversity of citizenship exists because, like virtually every major U.S. corporation, it is incorporated in Delaware and therefore also a citizen of Delaware for purposes of diversity jurisdiction. *Id.*; 28 U.S.C. § 1332(c)(1). Nestle does not cite a single case in support of its novel proposition. That is because Nestle's argument is based on a serious misreading of the statute and is foreclosed by controlling Ninth Circuit precedent and decisions of this Court.

As this Court has recently observed, Congress enacted section 1332(c)(1) in 1958 to "eliminate 'the evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the Federal courts simply because it has obtained a corporate charter from another State.'" *Sellers v Kohlberg*, 2001 U.S. Dist. LEXIS 9498 (N.D. Cal. 2001) (quoting S. Rep. No. 85-1830, at 5 (1958)). Thus, far from providing a basis for removal in instances where a defendant is incorporated in another state, section 1332(c)(1) was expressly enacted to prevent such removal.

The Ninth Circuit has held this explicitly in *Tosco Corporation v. Communities for a Better Environment*, 236 F.3d 495, 497 (9th Cir. 2001). In *Tosco* the plaintiff, a Nevada corporation, sued a California non-profit in federal court alleging various state law claims and invoking the court's diversity jurisdiction. *Id.* The California non-profit moved to dismiss for lack of subject matter jurisdiction on the ground that the plaintiff's principal place of business was California. *Id.* After determining that the plaintiff's principal place of business was California, the Court held that plaintiff and defendant were "not diverse parties" and ordered remand. *Id.*

This case is indistinguishable from *Tosco*. Nestle acknowledges that Plaintiff and class members are California citizens and that its principal place of business is California. Notice of Remand ¶ 6(b). Therefore, no diversity of citizenship exists and this Court has no jurisdiction under CAFA. *See Tosco*, 236 F.3d at 502; *see also Guerro v. The Pepsi Bottling Group, Inc.*, 2007 U.S. Dist. Lexis 3076 (N.D. Cal. 2007) (remand ordered where plaintiff was citizen of California and defendant Delaware corporation had principal place of business in California); *Aaron v. Merck*, 2005 U.S. Dist LEXIS 40745 (C.D. Cal. 2005) (same); *Sellers v. Kohlberg & Co.*, 2001 U.S. Dist. Lexis 9498 (N.D. Cal. 2001) (same).

## II.     Jurisdiction Does Not Exists Under 28 U.S.C. § 1367.

Nestle argues in the alternative that this Court has jurisdiction under the supplemental jurisdiction statute, 28 U.S.C. § 1367, because this case is related to another case *Candido v. The Hershey Company* originally filed in this Court. *See* Notice of Removal ¶¶ 7-8. According to Nestle, this Court may exercise jurisdiction over this action because there is "no dispute" that "this Court maintains proper jurisdiction" over the *Candido* case that allegedly contains the "same" claims. Notice of Removal ¶¶ 7-8. Nestle's argument fails for two reasons.

First, and most obviously, the JPML transferred the supposedly "related" Candido case to the Middle District of Pennsylvania on May 20, 2008, and it remains pending in that district. *See* July 31, 2008 Docket, *Candido v. The Hershey Company et al*, No. 1:08-mdl-01935-CCC (Md. Pa.). Once a case is transferred by the JPML, the transferee court has exclusive jurisdiction. *See Allen v. Bayer Corp. (In re : Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1230 (9th Cir. 2006) (once a transfer by the JPML becomes effective, "the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction."). Therefore, as the transferor court, this Court has no jurisdiction over the *Candido* action and no authority to append additional claims to that case under section 1367 or otherwise.

Even if the *Candido* action were pending in this Court, section 1367 would still not provide any ground for removal. Section 1367 allows a court to exercise "supplemental jurisdiction" over "related" claims only in a civil action over which the court already has "original jurisdiction." 28 U.S.C. § 1367. Consequently, section 1367 can never provide an independent basis for removal of

an action over which the court does not otherwise have jurisdiction. The Ninth Circuit recently addressed this question directly in *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). In the *Patel* case, Del Taco filed a petition to confirm an arbitration award against the Patel brothers in state court. *Id.* at 998. That petition contained no federal claims. *Id.* Soon thereafter, the Patel brothers filed a federal civil rights action in federal court against Del Taco and simultaneously removed the pending petition. *Id.* The Patel brothers argued that the removal was proper because when "joined with [their] civil rights claims, the federal court had supplemental jurisdiction over the petition" pursuant to 28 U.S.C. § 1367. *Id.* at 999. The Ninth Circuit held that this argument was "frivolous" and the Patels had "no objectively reasonable basis for removal" because "Section 1367, which provides for supplemental jurisdiction, is not a basis for removal." *Id.* Likewise, here Nestle has no objectively reasonable basis for removing "pursuant to 28 U.S.C. § 1367" because section 1367 cannot serve as an independent basis for jurisdiction or removal.

## CONCLUSION

This Court has no jurisdiction over this action. Plaintiff respectfully requests that the Court remand the action to the Superior Court for the County of San Francisco. In addition, plaintiff requests any other additional appropriate relief.

Dated: August 1, 2008

Respectfully submitted,

DILLINGHAM & MURPHY, LLP

_____/s/_____
WILLIAM F. MURPHY (SBN 82482)
WILLIAM P. WILSON (SBN 230444)
225 Bush Street, Sixth Floor
San Francisco, CA 94104
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
Email: wfm@dillinghammurphy.com
       wpw@dillinghammurphy.com

Stuart M. Paynter (Bar No 226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Tel.: (202) 626-4486
Fax: (866) 734-0622
Email: stuart@smplegal.com