STUART M. PAYNTER (SBN 226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone:  (202) 626-4486
Facsimile:  (866) 734-0622
Email:  stuart@smplegal.com

        -and-

WILLIAM F. MURPHY (SBN 82482)
WILLIAM P. WILSON (SBN 230444)
DILLINGHAM & MURPHY LLP
225 Bush Street, Sixth Floor
San Francisco, CA 94104
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
Email: wfm@dillinghammurphy.com
          wpw@dillinghammurphy.com


        Attorneys for Plaintiff JOSHUA A. WEAVER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSHUA A. WEAVER, on behalf of himself and a class of persons similarly situated,<br><br>                                    Plaintiff,<br><br>        v.<br><br>NESTLÉ USA, INC.,<br><br>                                    Defendant. | Case No.  08-cv-003636 MEJ<br><br>**MOTION FOR ADMINISTRATIVE RELIEF TO EXPEDITE HEARING ON MOTION TO REMAND** |

        Pursuant to Federal Rule of Civil Procedure 6(c), Local Rule 7-11 and the inherent powers

of this Court, Plaintiff Joshua A. Weaver hereby moves for expedited hearing of his August 1,

2008 Motion to Remand currently scheduled for hearing on October 31, 2008.  Specifically, in the

event that this Court determines that oral argument is necessary, Plaintiff requests a hearing on or

before September 30, 2008.  In support of his motion, movant states as follows:

        1.        This action was filed June 27, 2008 in the Superior Court of the State of California

for the County of San Francisco.  Plaintiff alleges that Defendant Nestle USA ("Nestle") engaged

in a conspiracy to fix the price of chocolate in the United States and California in violation of

California law.  Plaintiff is a California resident and seeks relief only on behalf of California

1  residents who purchased certain chocolate confectionary products in California.  Compl. ¶¶ 4, 12.

2  The complaint contains only state law causes of action and expressly disclaims "any and all

3  federal causes of action."  Compl. ¶¶ 72-83 &71.

4      2.      On July 30, 2008 Nestle filed a Notice of Removal pursuant to the Class Action

5  Fairness Act of 2005 ("CAFA") and, in the alternative, pursuant to 28 U.S.C. § 1367 because

6  some claims allegedly overlap with claims in another case, *Candido v. The Hershey Company*

7  over which Nestle claims this Court has jurisdiction.   *See* Notice of Removal ¶¶  5-6 & 7-8.

8      3.      Nestle's grounds for removal are baseless.  No jurisdiction exists under CAFA

9  because Plaintiff, class members and Nestle are all citizens of California – a fact that Nestle

10  concedes.  Notice of Removal ¶ 6(b).  As for the notion that this Court has jurisdiction under

11  section 1367, the Ninth Circuit has called this argument "frivolous" since section 1367 provides

12  only for "supplemental jurisdiction" over claims and is therefore "not a basis for removal."  *See*

13  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).  In any case, the *Candido* action is no

14  longer pending in this Court.  *See* Docket Report, *Candido v. The Hershey Company et al*, No.

15  1:08-cv-00861 (Md. Pa. Aug. 29, 2008) (A copy is attached as Exhibit A to the Declaration of

16  William P. Wilson.)

17      4.      Plaintiff immediately moved to remand this action on August 1, 2008.   By order

18  dated August 18, 2008, this Court ordered Nestle to file a response by September 2, ordered

19  plaintiff to file a reply by September 9 and set a hearing October 31, 2008.  The Court also noted

20  that the matter may be suitable for disposition without oral argument.  Because Nestle's grounds

21  for removal are wholly insubstantial, Plaintiff has no objection to an expedited determination

22  without oral argument after briefing is complete.

23      5.      Concurrent with the filing of its notice of removal, Nestle filed a Notice of Tag-

24  Along with the Judicial Panel on Multidistrict Litigation ("JPML") designating this action as

25  appropriate for transfer to the Middle District of Pennsylvania.  *See generally* Nestle's July 31,

26  2008 Ex Parte Motion to Enlarge Time, at 3.  The Middle District of Pennsylvania serves as the

27  multi-district litigation (MDL) court for actions against the major chocolate companies, including

28  Nestle, which allege that they "conspired to fix, raise, maintain and/or stabilize the price of

chocolate confectionary products in the United States at supracompetitive levels." *In re Chocolate Confectionary Antitrust Litig.*, 542 F. Supp. 2d 1376, 1377 (J.P.M.L. 2008).

6.   On August 18, 2008, the JPML issued a Conditional Transfer Order (CTO) but stayed the order until 12:00 p.m., September 2, 2008 pursuant to JPML Rule 7.4(e) in order to afford Plaintiff the opportunity to file a notice of opposition to transfer. (A copy of the CTO is attached as Exhibit B to the Declaration of William P. Wilson.) Plaintiff will file this notice on or before 12:00 p.m., September 2, 2008. Once the notice of opposition is filed, Plaintiff will have fifteen additional days to file a motion to vacate the conditional transfer order. *See* JPML Rule 7.4(d). Consequently, Plaintiff's motion to vacate will be due on or about September 17, 2008. Nestle will then have twenty days to respond. JPML Rule 7.2(c).

7.   As a result of the issuance of a CTO, there is a real possibility that this case will be transferred to the Middle District before the October 31 hearing on remand.[1] In view of this, this Court should expedite hearing on Plaintiff's Motion to Remand. *See, e.g., Medtronic, Inc. v. Endologix*, 2008 U.S. Dist. LEXIS 1338 (D. Minn. Jan. 3, 2008) (expediting hearing on remand); *Merit Steel Co. v. International Asso. of Bridge, etc. Local 395*, 684 F. Supp. 1007, 1010 (N.D. Ind. 1988) (same). Plaintiff and class members will suffer substantial prejudice if this Court does not expedite consideration of plaintiff's motion to remand because transfer to the MDL court will result in considerable delay and likely necessitate re-briefing. The MDL court has not decided any remand motions and no remand motions are currently pending. *See Docket Report, In re Chocolate Confectionary Antitrust Litig.,* 1:08-mdl-01935-CCC (Md. Pa. Aug. 29, 2008) (A copy is attached as Exhibit D to the Declaration of William P. Wilson). Therefore, transfer to the MDL court for a decision on remand will not conserve any judicial resources. In fact, transfer will waste judicial resources because the MDL court will have to familiarize itself with a motion that will have been fully briefed before this Court. *See Gerber v. Bayer Corp.*, 2008 U.S. Dist. LEXIS 12174 (N.D. Cal. Feb. 6, 2008) (in "deciding whether to rule on the motion to remand, courts

---

[1]   On August 25, 2008, the JPML issued an order scheduling its next hearing for September 25, 2008. This action is not subject to that order. (A copy is attached as Exhibit C to the Declaration of William P. Wilson.) Plaintiff anticipates that the next scheduling order will issue in late September/early October and this action will be included on it. However, because motions to vacate are rarely granted oral argument by the JPML, Plaintiff anticipates that his motion to vacate will be designated for disposition without oral argument.

1  consider whether the motion raises issues likely to arise in other actions pending in the MDL

2  transferee court"); *Brock v. Stolt-Nielsen SA*, 2004 U.S. Dist. LEXIS 16834, at *5-6 (N.D. Cal.

3  Aug. 17, 2004) (remanding before transfer to an MDL where defendant failed to demonstrate that

4  the "jurisdictional issue" was "similar" to "those in transferred cases").

5         8.     In contrast, Nestle will suffer no prejudice by expedited consideration of the

6  remand motion.  The due date of Nestle's opposition is undisturbed by expediting and as discussed

7  more fully in Plaintiff's Motion to Remand (incorporated herein by reference), Nestle's grounds

8  for removal are wholly meritless.  Consequently, Plaintiff intends to vigorously pursue remand in

9  the event of transfer.  Therefore, whether or not this case is transferred, Nestle will still have to

10  respond to a remand motion.

11         9.     Pursuant to Local Rule 7-11, Counsel for Plaintiff contacted counsel for Nestle and

12  requested that they stipulate to the relief requested.  Nestle declined to so stipulate and indicated it

13  would oppose expedited hearing.  Declaration of William Wilson ¶ 5.  Counsel for Plaintiff

14  provided copies of the instant motion papers to Nestle on the day of filing.

15        10.    In further support of this motion, Plaintiff submits and incorporates by reference a

16  memorandum of law.

17        WHEREFORE, Plaintiff respectfully requests that the Court expedite consideration of

18  Plaintiff's Motion to Remand and schedule a hearing on the motion to remand on or before

19  September 30, 2008.  In the alternative, Plaintiff does not object to expedited remand without oral

20  argument.

21

22                          Respectfully submitted,

23  Dated: August 29, 2008          THE PAYNTER LAW FIRM PLLC
                        STUART M. PAYNTER

24

25                          DILLINGHAM & MURPHY, LLP
                        WILLIAM F. MURPHY

26                          WILLIAM P. WILSON

27           By:    __/s/  William P. Wilson_____
                        Attorneys for Plaintiff

28                          JOSHUA A. WEAVER