1  Leigh A. Kirmssé (SBN 161929)
   HOWREY LLP
2  525 Market St., Suite 3600
3  San Francisco, CA 94105-2708
   Telephone :  (415) 848-4993
4  Facsimile :  (415) 848-4999
   Email:  kirmssel@howrey.com

5

6  Roxann E. Henry (DC Bar No. 231282; *pro hac vice to be submitted*)
   Peter E. Moll (DC Bar No. 351569; *pro hac vice to be submitted*)
7  HOWREY LLP
   1299 Pennsylvania Avenue, N.W.
8  Washington, DC  20004
   Tel.:  (202) 383-6503
9  Fax:  (202) 383-6610
   Email:  henryr@howrey.com
10         mollp@howrey.com

11 Attorneys for Nestlé USA, Inc.

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16  JOSHUA A. WEAVER, on behalf of himself and a class of persons similarly situated, | Case No.  08-cv-3636 JSW |
| 17 | **DECLARATION OF LEIGH A. KIRMSSÉ** |
| 18              Plaintiff, | **IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR REMAND** |
| 19        vs. | |
| 20  NESTLÉ USA, INC. | **Date:  October 31, 2008** |
| 21              Defendant. | **Time:  9:00 a.m.** |
| | **Courtroom:  16th Floor, Room 17** |
| | **District Judge Jeffrey S. White** |

22

23

24

25

26

27

28

Leigh A. Kirmssé declares as follows:

1.      My name is Leigh A. Kirmssé.  I am a partner with the law firm of Howrey, LLP. and, counsel of record for Nestlé USA, Inc.  I am over the age of 21 an am competent to make this declaration.  This declaration is submitted in support of Nestlé's Opposition to Motion to Remand filed by Joshua A. Weaver, on behalf of himself and a class of persons similarly situated.  Based on my personal knowledge or information and belief, I hereby declare:

2.      Attached as Exhibit A is a true and correct copy of the United State Judicial Panel on Multidistrict Litigation Transfer Order in the case of *In Re: Chocolate Confectionary Antitrust Litigation,* MDL No. 1935, filed on April 7, 2008.

3.      Attached as Exhibit B is a true and correct copy of United State District Court for the Northern District of California Class Action Complaint in the case of *Candido v. The Hershey Company,* Case No. 3:08-cv-00543-BZ, filed on January 24, 2008.

4.      Attached as Exhibit C is a true and correct copy of the United State Judicial Panel on Multidistrict Litigation Conditional Transfer Order (CTO-1) in the case of *In Re: Chocolate Confectionary Antitrust Litigation,* MDL No. 1935, filed on April 21, 2008.

5.      Attached as Exhibit D is a true and correct copy of United State District Court for the Northern District of California Transfer Order in the case of *Candido v. The Hershey Company,* Case No. 3:08-cv-00543-JSW, filed on May 15, 2008.

6.      Attached as Exhibit E is a true and correct copy of the United State District Court for the Middle District of Pennsylvania Case Management Order No. 4 Initial Scheduling & Procedural Order in the case of *In Re: Chocolate Confectionary Antitrust Litigation,* MDL Docket No. 1935, filed on May 30, 2008.

7.      Attached as Exhibit F is a true and correct copy of the United State District Court for the Middle District of Pennsylvania Docket Report for the case of *In Re: Chocolate Confectionary Antitrust Litigation,* MDL Docket No. 1935, current through August 27, 2008.

1    8.    Attached as Exhibit G is a true and correct copy of United State District Court District

2    of Columbia Notice of Removal in the case of *Cresswell v. The Hershey Company,* Case No. 1:08-cv-

3    01079, filed on June 23, 2008.

4    9.    Attached as Exhibit H is a true and correct copy of the United State Judicial Panel on

5    Multidistrict Litigation Conditional Transfer Order (CTO-4) in the case of *In Re: Chocolate*

6    *Confectionary Antitrust Litigation,* MDL No. 1935 filed on July 24, 2008.

7    10.    Attached as Exhibit I is a true and correct copy of the United State Judicial Panel on

8    Multidistrict Litigation Conditional Transfer Order (CTO-5) in the case of *In Re: Chocolate*

9    *Confectionary Antitrust Litigation,* MDL No. 1935, filed on August 18, 2008.

10    I declare under penalty of perjury under the laws of the United States of America that the

11    foregoing is true and correct.

12    Signed at San Francisco, California on September 2, 2008.

13

14    Dated:  September 2, 2008                    ____/s/ Leigh A. Kirmssé_____

15                                                Leigh A. Kirmssé

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

DECLARATION OF LEIGH A. KIRMSSÉ

HOWREY LLP

DM_US:21429839_2

# EXHIBIT A

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Apr 07, 2008**

FILED
CLERK'S OFFICE

**IN RE: CHOCOLATE CONFECTIONARY**
**ANTITRUST LITIGATION**

MDL No. 1935

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in six actions pending in the District of New Jersey (two actions) and the Middle District of Pennsylvania (four actions) have submitted four motions,[1] pursuant to 28 U.S.C. § 1407, for centralization of a total of twenty actions. No responding party opposes centralization, but there is disagreement over the selection of a transferee forum. Moving and responding plaintiffs variously support centralization in the following districts: the Central District of California, the Eastern District of Michigan, the District of New Jersey, the Southern District of New York, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, the Eastern District of Texas, or the Eastern District of Virginia. Responding defendants[2] support centralization in the Southern District of New York.

This litigation currently consists of twenty actions listed on Schedule A and pending in seven districts as follows: five actions each in the District of New Jersey and the Middle District of Pennsylvania, four actions in the Eastern District of Pennsylvania, three actions in the Eastern District of Michigan, and one action each in the Northern District of California, the Southern District of New York and the Eastern District of Virginia.[3]

---

[*]    Judges Heyburn, Motz and Scirica took no part in the disposition of this matter. Additionally, in light of the fact that Judges Jensen, Miller, Vratil and Hansen could be members of the putative class(es) in this litigation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

[1]    Although additional submissions styled as "motions" were submitted to the Panel, they were docketed as responses in accordance with Panel Rule 7.2(h). *See* Rule 7.2(h), R.P.J.P.M.L., 199 F.R.D. 425, 434 (2001).

[2]    Cadbury Adams U.S.A. LLC; The Hershey Co. (Hershey); ITWAL Ltd.; Mars, Inc.; Masterfoods USA; and Nestle U.S.A., Inc.

[3]    In addition to the twenty actions now before the Panel, the parties have notified the Panel of 51 related actions pending in various districts across the country. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L.,



- 2 -

On the basis of the papers filed and hearing session held, we find that these twenty actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All these actions arise from allegations that defendants conspired to fix, raise, maintain and/or stabilize the price of chocolate confectionary products in the United States at supracompetitive levels. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Middle District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. Because defendant Hershey's worldwide headquarters are located there, and several of the defendants maintain a presence in or near that district, relevant documents and witnesses are likely located in that area.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Pennsylvania are transferred to the Middle District of Pennsylvania and, with the consent of that court, assigned to the Honorable Yvette Kane for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman[*]          J. Frederick Motz[*]
Robert L. Miller, Jr.                    Kathryn H. Vratil
David R. Hansen                          Anthony J. Scirica[*]

---

199 F.R.D. at 435-36.

**IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION**                         MDL No. 1935

## SCHEDULE A

Northern District of California

Scott Lamson v. The Hershey Co., et al., C.A. No. 3:08-153

Eastern District of Michigan

International Wholesale, Inc. v. The Hershey Co., et al., C.A. No. 2:08-10215
United Wholesale v. The Hershey Co., et al., C.A. No. 2:08-10275
United Customs Distribution v. The Hershey Co., et al., C.A. No. 5:08-10276

District of New Jersey

CNS Confectionery Products, LLC, et al. v. The Hershey Co., et. al., C.A. No. 2:07-6088
Akisa Matsuda v. The Hershey Co., et al., C.A. No. 2:08-191
Eric Lense v. The Hershey Co., et al., C.A. No. 2:08-192
Diane Chiger v. The Hershey Co., et al., C.A. No. 2:08-195
Stephen Snow, et al. v. The Hershey Co., et al., C.A. No. 2:08-199

Southern District of New York

Webb's Candies, Inc. v. Cadbury Adams Canada, Inc., et al., C.A. No. 1:08-382

Eastern District of Pennsylvania

Stephen L. LaFrance Pharmacy, Inc., etc. v. The Hershey Co., et al., C.A. No. 2:08-109
Richard Miller, et al. v. The Hershey Co., et al., C.A. No. 2:08-198
Western Skier, Ltd. v. The Hershey Co., et al., C.A. No. 2:08-205
Michael W. DeMarshall v. The Hershey Co., et al., C.A. No. 2:08-253

Middle District of Pennsylvania

Michael McNamara v. Cadbury Schweppes, PLC, et al., C.A. No. 1:07-2335
Katherine Woodman v. The Hershey Co., et al., C.A. No. 1:07-2336

- A2 -

**MDL No. 1935 Schedule A (Continued)**

Middle District of Pennsylvania (Continued)

Glenn Coffey, etc. v. The Hershey Co., et al., C.A. No. 1:08-84
The Lorain Novelty Co., Inc. v. Cadbury Adams Canada, Inc., et al., C.A. No. 1:08-101
Mandel Tobacco Co., Inc. v. The Hershey Co., et al., C.A. No. 1:08-122

Eastern District of Virginia

STLE Corp. v. The Hershey Co., et al., C.A. No. 1:08-19

# EXHIBIT B

MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

JOSEPH M. PATANE, ESQ. (72202)
LAW OFFICE OF JOSEPH M. PATANE
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: jpatane@tatp.com

Attorneys for Plaintiff Candido

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**BZ**

| | |
|---|---|
| JOHN CANDIDO, on behalf of himself and all others similarly situated, | ) Case No. |
| | ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT 0543** |
| vs. | ) |
| | ) |
| THE HERSHEY COMPANY; HERSHEY CANADA, INC.; MARS INC.; MASTERFOODS U.S.A., INC.; MARS CANADA, INC.; NESTLE S.A.; NESTLE U.S.A., INC.; NESTLE CANADA, INC.; ITWAL, LTD.; and CADBURY SCHWEPPES PLC, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

**CLASS ACTION COMPLAINT**

Plaintiff John Candido ("Candido") on behalf of himself and all others similarly situated

in the United States, brings this action for damages and injunctive relief under state and federal

antitrust, unfair competition, and consumer protection laws against the Defendants named

herein, demanding trial by jury, and complaining and alleging as follows:

**1**

**CLASS ACTION COMPLAINT**

## NATURE OF THE CASE

1.      This lawsuit lawsuit is brought as a class action on behalf of individuals and entities that purchased chocolate (as further defined below) in the United States directly from Defendants, their predecessors, or their controlled subsidiaries and affiliates during the period beginning no later than February 2002 and continuing through the present (the "Class Period"). Plaintiff alleges that during the Class Period the Defendants conspired to fix, raise, maintain or stabilize the prices of chocolate sold in the United States. As a result of Defendants' unlawful conduct, Plaintiff and the Class Members paid artificially inflated prices for chocolate and have suffered antitrust injury to their business or property.

2.      At all relevant times herein, Defendants were chocolate manufacturers that manufactured, marketed, sold, and/or distributed chocolate to customers in the United States and throughout the world.

## JURISDICTION AND VENUE

3.      This action is instituted under Section 16 of the Clayton Act, 15 U.S.C. §26, to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. §1, to recover damages under state antitrust and consumer protection laws, and to recover costs of suit, including reasonable attorneys' fees, for the injuries that Plaintiffs and all others similarly situated sustained as a result of the Defendants' violations of those laws.

4.      The Court has subject matter jurisdiction over the federal claim under 28 U.S.C. §§ 1331 and 1337. The Court has subject matter jurisdiction over the California claims under 28 U.S.C. § 1367 because those claims are so related to the federal claim that they form part of the same case or controversy.

5.      This court also has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any member of a class of Plaintiffs is a citizen of a state different from any Defendant and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs." This Court also has jurisdiction under 28 U.S.C. § 1332(d) because "one or more members of the class is a citizen of

1  a state within the United States and one or more of the Defendants is a citizen or subject of a

2  foreign state."

3      6.      Venue is laid in this District pursuant to 28 U.S.C. § 1391. Venue is proper in

4  this judicial district because during the Class Period one or more of the Defendants resided,

5  transacted business, was found, or had agents in, this district, and because a substantial part of

6  the events giving rise to Plaintiff's claims occurred in this district, and a substantial portion of

7  the affected portion of the interstate trade and commerce described below has been carried out in

8  this district.

9                                **DEFINITIONS**

10     7.      Chocolate is a confectionary product created by processing cocoa beans and

11 mixing the processed beans with milk, sugar, and other ingredients. As used in this Complaint,

12 the term "Chocolate" shall include, at least, chocolate bars, industrial chocolate (melted and

13 powdered chocolate made after processing cocoa beans sold to create a final product), and block

14 chocolate (solid chocolate blocks made for immediate consumption and for melting down to

15 make desserts and molded chocolate products).

16     8.      The "Class Period" or "relevant period" means the period from no later than

17 February 2002 and continuing through the present.

18     9.      "Person" means any individual, partnership, corporation, association, or other

19 business or legal entity.

20                                **PLAINTIFF**

21     10.     Plaintiff John Candido ("Candido") is a California resident. During the relevant

22 period, Candido indirectly purchased Chocolate from one or more of the Defendants or their co-

23 conspirators and has been injured by reason of the antitrust violations alleged in this Complaint.

24                                **DEFENDANTS**

25     11.     Defendant The Hershey Company ("Hershey Co.") is a Delaware corporation

26 headquartered in Hershey, PA. Hershey's is the top-selling manufacturer of Chocolate in the

27 United States and accounts for 45 percent of the U.S. Chocolate market. During the Class

28

1    Period, Hershey's manufactured, marketed, sold and/or distributed Chocolate to customers

2    throughout the United States, including the State of California.

3         12.     Defendant Hershey Canada, Inc. ("Hershey Canada") is a wholly-owned

4    subsidiary of defendant Hershey Co. with its principal place of business located at 2350

5    Matheson Blvd. E., Mississauga, ON, L4W 5E9, Canada. During the Class Period, Hershey

6    Canada manufactured, marketed, sold and/or distributed Chocolate to customers throughout the

7    United States, including the State of California.

8         13.     Defendants Hershey Co. and Hershey Canada are collectively referred to herein

9    as "Hershey's."

10        14.     Defendant Mars, Inc. is a privately held Delaware corporation with its principal

11    place of business located in McLean, Virginia. During the Class Period, Mars manufactured,

12    marketed, sold and/or distributed Chocolate to customers throughout the United States,

13    including the State of California.

14        15.     Defendant Masterfoods USA, Inc. ("Masterfoods") is a Delaware corporation

15    with its principal place of business located at 295 Brown Street, Elizabethtown, NJ. Masterfoods

16    conducts U.S. food, snack and pet care operations for defendant Mars. During the Class Period,

17    Masterfoods manufactured, marketed, sold and/or distributed Chocolate to customers throughout

18    the United States, including the State of California.

19        16.     Defendant Mars Canada, Inc., formerly Effem, Inc. ("Mars Canada") is a division

20    of defendant Mars, Inc. with its principal place of business located at 27 Holland Drive, Bolton,

21    ON, L7E 5S4, Canada. During the Class Period, Mars Canada manufactured, marketed, sold

22    and/or distributed Chocolate to customers throughout the United States, including the State of

23    California.

24        17.     Defendants Mars Inc., Masterfoods, and Mars Canada are collectively referred to

25    herein as "Mars."

26        18.     Defendant Nestlé S.A. is a Swiss company with its principal place of business

27    located at Avenue Nestlé 5, CH-1800, Vevey, Vaud, Switzerland. Nestlé S.A. is the world's

28    largest food and beverage company. During the Class Period, Nestlé S.A. manufactured,

1  marketed, sold and/or distributed Chocolate to customers throughout the United States,

2  including the State of California.

3      19.    Defendant Nestlé U.S.A., Inc. ("Nestlé USA") is a Delaware corporation with its

4  principal place of business located at 800 N. Brand Blvd., Glendale, California 91203. Nestlé

5  USA is a wholly owned subsidiary of defendant Nestlé S.A. During the Class Period, Nestlé

6  USA manufactured, marketed, sold and/or distributed Chocolate to customers throughout the

7  United States, including the State of California.

8      20.    Defendants Nestlé Canada, Inc. ("Nestlé Canada") is a wholly-owned subsidiary

9  of defendant Nestlé S.A. with its principal place of business located at 25 Sheppard Avenue

10 West, North York, Ontario, M2N 6S8, Canada. During the Class Period, Nestlé Canada

11 manufactured, marketed, sold and/or distributed Chocolate to customers throughout the United

12 States, including the State of California.

13     21.    Defendants Nestlé S.A., Nestlé USA and Nestlé Canada are collectively referred

14 to herein as "Nestlé."

15     22.    Defendant Cadbury Schweppes plc ("Cadbury") is an English company with its

16 principal place of business located at Berkeley Square, London, England, U.K. Cadbury sells its

17 products in the U.S. through a licensing agreement with defendant Hershey's. During the Class

18 Period, Cadbury manufactured, marketed, sold and/or distributed Chocolate to customers

19 throughout the United States, including the State of California.

20     23.    Defendant ITWAL, Ltd. ("ITWAL") is a national network of independent,

21 diversified retail and food service wholesale distributors with its principal place of business

22 located at 440 Railside Drive, Brampton, Ontario, L7A 1L1, Canada. During the Class Period,

23 ITWAL was aware of, coordinated, and facilitated the unlawful conspiracy alleged herein.

24                    **DEFENDANTS AND CO-CONSPIRATORS**

25     24.    Various other persons, firms and corporations, not named as Defendants herein,

26 and presently unknown to Plaintiff, have participated as co-conspirators with Defendants and

27 have performed acts and made statements in furtherance of the conspiracy and/or in furtherance

28 of the anticompetitive, unfair or deceptive conduct.

25.     Whenever in this Complaint reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management, direction, control or transaction of the corporation's business or affairs.

26.     Each of the Defendants named herein acted as the agent or joint venturer of or for the other Defendants with respect to the acts, violations and common course of conduct alleged herein. Each Defendant which is a subsidiary of a foreign parent acts as the sole United States agent for Chocolate made by its parent company.

## INTERSTATE TRADE AND COMMERCE

27.     Throughout the Class Period, there was a continuous and uninterrupted flow of Chocolate sales in interstate and international commerce throughout the United States.

28.     Defendants' unlawful activities, as described herein, took place within the flow of interstate commerce to Chocolate purchasers located in states other than the states in which Defendants are located, as well as throughout the world, and had a direct, substantial and reasonably foreseeable effect upon interstate and international commerce, including the California Chocolate market.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of all members of the following class:

> All persons and or entities residing in the State of California (excluding Defendants, co-conspirators, their subsidiaries and affiliates, all governmental entities, and any judicial officer presiding over this action, including members of his/her immediate family and judicial staff, and any juror assigned to this action) who or which indirectly purchased Chocolate in the State of California for their own use and not for resale, at any time during the period beginning February 2002 and continuing through the present.

30.     This action has been brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

1    a.  The Class is ascertainable and there is a well-defined community of

2 interest among members of the Class;

3    b.  Based upon the nature of trade and commerce involved and the number of

4 indirect purchasers of Chocolate. Plaintiff believes that the number of Class members is very

5 large, and therefore joinder of all Class members is not practicable;

6    c.  Plaintiff's claims are typical of the claims of the members of the Class

7 because Plaintiff indirectly purchased Chocolate manufactured by Defendants or their co-

8 conspirators, and therefore Plaintiff's claims arise from the same common course of conduct

9 giving rise to the claims of the members of the Class and the relief sought is common to the

10 Class;

11    d.  The following common questions of law or fact, among others, exist as to

12 the members of the Class:

13      i.  Whether Defendants formed and operated a combination or

14 conspiracy to fix, raise, maintain, or stabilize the prices of Chocolate;

15      ii.  Whether the combination or conspiracy caused Chocolate prices

16 to be higher than they would have been in the absence of Defendants' conduct;

17      iii.  The operative time period of Defendants' combination or

18 conspiracy;

19      iv.  Whether Defendants' conduct caused injury to the business or

20 property of Plaintiff and the members of the Class;

21      v.  The appropriate measure of the amount of damages suffered by

22 the Class;

23      vi.  Whether Defendants' conduct violates Section 1 of the Sherman

24 Act (15 U.S.C. § 1) as alleged in the First Claim for Relief;

25      vii.  Whether Defendants' conduct violates the California Cartwright

26 Act (Cal. Bus. & Prof. Code § 16720 *et seq.*) as alleged in the Second Claim for Relief;

27

28

CLASS ACTION COMPLAINT

viii.    Whether Defendants' conduct violates the California Unfair

Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) as alleged in the Third Claim for

Relief;

ix.    The appropriate nature of class-wide equitable relief.

e.    These and other questions of law and fact common to the members of the

Class predominate over any questions affecting only individual members, including legal and

factual issues relating to liability and damages;

f.    After determination of the predominant common issues identified above,

if necessary or appropriate, the Class can be divided into logical and manageable subclasses;

g.    Plaintiff will fairly and adequately protect the interests of the Class in that

Plaintiff has no interests that are antagonistic to other members of the Class and has retained

counsel competent and experienced in the prosecution of class actions and antitrust litigation to

represent him and the Class;

h.    A class action is superior to other available methods for the fair and

efficient adjudication of this litigation since individual joinder of all damaged Class members is

impractical. The damages suffered by the individual Class members are relatively small, given

the expense and burden of individual prosecution of the claims asserted in this litigation. Thus,

absent the availability of class action procedures it would not be feasible for Class members to

redress the wrongs done to them. Even if the Class members could afford individual litigation,

the court system could not. Further, individual litigation presents the potential for inconsistent or

contradictory judgments and would greatly magnify the delay and expense to all parties and the

court system. Therefore, the class action device presents far fewer case management difficulties

and will provide the benefits of unitary adjudication, economy of scale and comprehensive

supervision in a single court;

i.    Defendants have acted, and/or refused to act, on grounds generally

applicable to the Class, thereby making appropriate final injunctive relief with respect to the

Class as a whole; and

j.      In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of its wrongful conduct.

## BACKGROUND

31.     Throughout the period covered by this Complaint, Defendants and their co-conspirators engaged in the business of manufacturing, marketing, selling and/or distributing Chocolate throughout the United States, including the State of California.

32.     The worldwide market for Chocolate is highly concentrated, with Defendants together controlling almost 50 percent of that market.

33.     Defendants' market power in the United States is even greater. Hershey's, Mars and Nestlé control over 80 percent of the Chocolate market in the United States. Defendant Hershey's share is estimated at 45 percent, Defendant Mars's market share is estimated at 27 percent, and Defendant Nestlé's market share is estimated at 9 percent.

34.     The high degree of concentration in the market for Chocolate in the United States facilitates the coordination of Chocolate prices.

35.     Chocolate is a commodity product that is uniform. It does not vary materially depending upon the manufacturer. The Chocolate produced by any one Defendant is fungible with any other Defendant's Chocolate.

36.     According to Packaged Facts, an industry publication, the United States market for Chocolate rose to $16 billion in 2006. Much of that increase was achieved through price increases rather than increase unit sales.

37.     According to a 2004 market analysis, larger Chocolate producers were able to construct barriers to entry to thwart competition from middle-tier chocolate producers. In 2002, many Chocolate manufacturers had excess capacity. During the Class Period, Hershey's announced the closure of a number of North American chocolate manufacturing facilities, including in the United States, Ontario, Quebec, and Nova Scotia. On information and belief, closure of those facilities had the effect of restricting the supply of Chocolate in the North American market.

//

## DEFENDANTS' CONSPIRACY

38.     On December 20, 2007, a press release by Defendant Mars indicated that Mars had been contacted by the United States Department of Justice ("DOJ") as part of an inquiry into pricing practices in the chocolate industry. On the same day, Nestlé stated that it was also aware of a DOJ inquiry into United States chocolate marketing practices. The DOJ investigation follows a Canadian Competition Bureau inquiry into allegations of price fixing in the Chocolate market.

39.     The Canadian Commissioner of Cooperation became aware of the allegations when a participant in the alleged conspiracy (the "Cooperating Party") approached the Canadian Competition Bureau under its Immunity Program.

40.     According to documents unsealed in December, 2007 by the Ontario Superior Court of Justice (East Region), the collusion started in February, 2002, and was initially coordinated by ITWAL. ITWAL worked with Defendants to force retailers to stop cutting prices for Chocolate. Stores that did not comply had their Chocolate supply cut off.

41.     An article in the Wall Street Journal of December 22, 2007, quotes Daniel Wilcock, a lawyer with the Canadian Competition Bureau: "The price fixing communications were often at the most senior levels of the companies involved, and they have continued over a number of years."

42.     In one letter from ITWAL to Nestlé, it is stated that, "At the end of the day, it is only the suppliers' control and discipline of the trade spending that can restore the functionality of the marketplace.... I urge you to meet and take action before this chocolate bar 'bubble bursts.'"

43.     One of several TAKE ACTION NOW ("TAN") notices drafted by ITWAL and distributed to members of the alleged cartel attaches pricing information available from diverters, stresses the seriousness of the problems and concludes with, "I trust you will accept the information in the spirit in which it is intended. I look forward to meeting with you to learn what steps [your company] is taking to address this problem."

44.    Another TAN notice dated April 5, 2002 summarizes some of the actions that had been undertaken by the co-conspirators. Among the summarized information is that:

a.    "potential gray marketers have been identified and, in some cases, cut off;"

b.    "part of the solution is that vending customers should not be sold direct and our recommended 'floor price model' will resolve it;"

c.    "an ongoing internal audit procedure has been set up to monitor account activities…some of you have hired a third party investigator with results already being achieved;"

d.    "thank you for your agreement to review;" and

e.    "thank you for putting in writing your serious concerns about this entire situation and the fact that your representatives are subject to immediate termination if trade spending policies are not adhered to accordingly."

45.    A TAN notice dated December 12, 2002 refers to the group's concerted and committed efforts to "clean up" retail trade spending and that this is seen in the reduction of "unreasonably low retail prices."

46.    Allegations in unsealed Canadian documents detail how, in furtherance of the conspiracy, executives of Hershey, Mars, Nestlé and the unnamed Cooperating Party met at coffee shops, restaurants and conventions for the purposes of price-fixing Chocolate in Canada beginning at least as early as February 2002.

47.    On February 23, 2004, an executive from the Cooperating Party met with Bob Leonidas, the Canadian Chief Executive for Nestlé, for a breakfast meeting. At the meeting, one topic of discussion was the reduction of trade spend during which the Cooperating Party executive indicated that it would reduce trade spend on Chocolate and that Leonidas "sees the world the way" that he does.

48.    The Cooperating Party also provided the Bureau with an e-mail exchange beginning on June 1, 2005 related to their discussion with ITWAL. One of these exchanges entitled "Chocolate pricing" stated that ITWAL had informed the recipient that Nestlé and

CLASS ACTION COMPLAINT

1   Effem have been hinting to customers about a 2005 price increase and that the Cooperating

2   Party would "seriously consider" appropriate actions when firm details are known. In the same

3   e-mail, the author notes concern over the other leading player not following, but that his contact

4   said that they would inquire about it.

5         49.     During a meeting at the annual Confectionary Manufacturers Association of

6   Canada held on June 2-5, 2005, Bob Leonidas met with an executive of the Cooperating Party

7   and said words to the effect of "[W]e are going to take a price increase and I want you to hear it

8   from the top." Following this exchange, Leonidas handed the other executive an envelope

9   containing information on Nestlé's planned price increase on Chocolate in 2005.

10         50.     By at least July 2005, a letter containing confidential Nestlé price increase

11   information was circulating around the Cooperating Party's office. An e-mail referring to this

12   letter noted that it was a draft, as it was dated July 15, 2005 (the "July 15 letter"), was unsigned

13   and contained spelling mistakes. The information was that Nestlé was increasing the price of its

14   confectionary portfolio by approximately 5-7% effective October 31, 2005 for base

15   confectionary and April 18, 2006 for seasonal confectionary. This pricing information was

16   discussed among the Cooperating Party's leadership team and prompted the Cooperating Party

17   to announce an average price increase of 5.2% on its Chocolate effective October 31, 2005. The

18   Cooperating Party witness admitted that, "[t]he price increase…was such as to align its prices on

19   a number of common formats with those of Nestlé." The witness went on to note that Hershey

20   and Mars quickly followed suit.

21         51.     On July 6, 2005, an assistant to the Cooperating Party's executive was sent by

22   that executive to pick something up from Leonidas. Leonidas met the assistant downstairs at an

23   unspecified Nestlé office and said something to the effect that "it was better not to be seen in his

24   office." Leonidas then handed over an envelope, again containing information about a planned

25   price increase by Nestlé. Counsel for the Cooperating Party provided the Bureau with a copy of

26   the document that it believed to be the document Leonidas gave to the assistant. The document

27   is an unsigned letter on Nestlé letterhead announcing a chocolate price increase to the trade and

28

CLASS ACTION COMPLAINT

1    was forward-dated July 19, 2005 (the "July 19 letter"). This letter corrects the mistakes in the

2    earlier letter and raises the price increase to between 5 and 8%.

3        52.    According to documents unsealed by the Ontario Superior Court of Justice (East

4    Region), numerous other exchanges took place between Defendants throughout the Class Period

5    that were intended to cause the price of Chocolate to be fixed or stabilized at higher, artificially

6    derived, non-competitive levels.

7        53.    According to news reports, Defendant Cadbury is likely the Cooperating Party

8    given that it is not named as one of the companies under investigation.

9        54.    According to news reports, accusations similar to those made in Canada have

10   been made in the U.S.

11       55.    Defendant Cadbury announced in 2007 that it would increase the prices of

12   Chocolate more than the previous projected price increase of four to six percent and more than

13   the rate of inflation. Cadbury stated the price increase was intended to offset increases in the

14   costs of such raw materials as dairy, oil and cocoa. A Nestlé spokesman also stated in 2007 that

15   surging global commodity costs, including the cost of milk, was responsible for price increases

16   needed to maintain profit margins. In 2007, Hershey increased the price of its Chocolate four to

17   five percent.

18       56.    By engaging in collusive conduct in the market for Chocolate, Defendants were

19   able to manipulate and artificially fix, raise, maintain or stabilize the prices for the Chocolate

20   that they manufactured and sold in the United States.

21       57.    During the Class Period, Plaintiff and the class members indirectly purchased

22   Chocolate manufactured by the Defendants or their co-conspirators.

23       58.    Plaintiff and the class members paid more for their indirect Chocolate purchases

24   than they would have paid had Defendants not fixed Chocolate prices and cooperated in other

25   aspects of the Chocolate market.

26       59.    As a direct and proximate result of Defendants' conspiracy, Plaintiff and the class

27   members have been injured and financially damaged in their respective businesses and property

28   in presently undetermined amounts.

CLASS ACTION COMPLAINT

## VIOLATIONS ALLEGED

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

60.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

61.    Beginning at a time unknown to Plaintiffs, but at least as early as February 2002 through the present, the exact dates being unknown to Plaintiffs and exclusively within the knowledge of Defendants, Defendants and their co-conspirators, entered into a continuing agreement, understanding, and conspiracy to unreasonably restrain trade and commerce in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

62.    In particular, Defendants have combined and conspired to fix, raise, maintain or stabilize the prices of Chocolate sold in the United States.

63.    Defendants, by their unlawful conspiracy, artificially raised, inflated and maintained the market prices of Chocolate as herein alleged.

64.    The contract, combination or conspiracy consisted of a continuing agreement, understanding and concert of action among Defendants and their co-conspirators, the substantial terms of which were to fix, raise, maintain and stabilize the prices of Chocolate they sold in the United States and elsewhere.

65.    In formulating and carrying out the alleged agreement, understanding, and conspiracy, the Defendants and their co-conspirators did those things that they combined and conspired to do, including, but not limited to the acts, practices, and course of conduct set forth above, and the following, among others:

      a.    Agreed to fix, raise, maintain and stabilize the prices of Chocolate charged in the United States and throughout the world;

      b.    Announced Chocolate increases and decreases at or near the same times;

      c.    Implemented Chocolate price increases and decreases in the same or similar amounts and at or near the same times;

d.      Participated in meetings, phone conferences and other communications to exchange information used by Defendants to formulate and implement the price increases on Chocolate; and

e.      Signaled and communicated the formulation and implementation of the price increases on Chocolate.

66.     During the Class Period, the Defendants increased the Chocolate prices they charged. These increases in Chocolate pricing cannot be explained by actual increases in costs or supply/demand forces alone, but rather were the result of anticompetitive conduct.

67.     The combination and conspiracy alleged herein has had the following effects, among others:

a.      Price competition in the sale of Chocolate has been restrained, suppressed and/or eliminated in the United States;

b.      Prices for Chocolate sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

c.      Those who purchased Chocolate directly or indirectly from Defendants have been deprived the benefits of free and open competition.

68.     As a direct result of the unlawful conduct of Defendants and their co-conspirators in furtherance of their continuing contract, combination or conspiracy, Plaintiff and the members of the class have been injured and will continue to be injured in their business and property by paying more for Chocolate purchased indirectly from the Defendants and their co-conspirators than they would have paid and will pay in the absence of the combination and conspiracy.

69.     These violations are continuing and will continue unless enjoined by this Court.

70.     Pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, Plaintiff and the Class seek the issuance of an injunction against Defendants, preventing and restraining the violations alleged herein.

//

//

**15**
**CLASS ACTION COMPLAINT**

### Second Claim For Relief

**Violation of California Business and Professions Code § 16720 *et seq*.**

**(The Cartwright Act)**

71.     Plaintiff incorporates and re-alleges as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

72.     Beginning at a date unknown to Plaintiff but at least as early as February 2002 through the present, Defendants engaged in a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, or stabilize prices for Chocolate in the United States, including California, in violation of Section 16720 of the Business and Professions Code.

73.     The contract, combination, and conspiracy alleged herein consisted of a continuing agreement, understanding, and concert of action among the Defendants, the substantial terms of which were to raise, fix, stabilize, and maintain at artificially high and non-competitive levels the prices at which they sold Chocolate throughout California and the United States.

74.     For the purpose of forming and effectuating the contract, combination, and conspiracy, the Defendants did those things which they contracted, combined, and conspired to do, including but not limited to the acts, practices, and course of conduct set forth above.

75.     This unlawful contract, combination, and conspiracy had the following effects, among others:

       a.     Chocolate prices were raised, fixed, and maintained at artificially high and non-competitive levels;

       b.     Plaintiff and the other members of the Class were deprived of the benefits of free and open competition in the purchase of Chocolate; and

       c.     Price competition in the sale of Chocolate was restrained, suppressed, and eliminated.

76.     During the Class Period, Plaintiff and other members of the Class indirectly purchased substantial quantities of Chocolate.  By reason of the violations alleged herein,

1  Plaintiff and other members of the Class paid more for their purchases of Chocolate than they

2  would have in the absence of the illegal contract, combination, and conspiracy.  As a result,

3  Plaintiff and other members of the Class have been injured and have suffered damages in an

4  amount presently undetermined.

5  ### Third Claim For Relief

6  **Violation Of California Business and Professions Code§17200 et seq.**

7  **(The Unfair Competition Act)**

8  77.    Plaintiff incorporates and re-alleges, as though fully set forth herein, each and

9  every allegation set forth in the preceding paragraphs of this Complaint.

10  78.    Section 17200 of the California Business and Professions Code prohibits unfair

11  competition by prohibiting any "unlawful, unfair or fraudulent business acts or practice...."

12  79.    This Complaint is filed and these proceedings are instituted pursuant to sections

13  17203 and 17204 of the California Business and Professions Code, to obtain relief from the

14  Defendants for business acts and practices, as alleged herein, that violate the Unfair Competition

15  Law. Except as specifically provided herein to the contrary, the alleged violations of the Unfair

16  Competition Law charged herein are distinct and independent of the alleged violations of the

17  Cartwright Act.

18  80.    The business acts and practices of Defendants, as alleged herein, constituted and

19  constitute a common, continuous, and continuing plan and scheme to deceive the public by

20  means of unfair, unlawful and/or fraudulent practices affecting the trade and commerce in

21  Chocolate, within the meaning of Section 17200 et seq. of the Business and Professions Code,

22  including, but in no way limited to, the following:

23          a.    The violations of California Business and Professions Code section 16720

24  et seq. set forth above are unlawful;

25          b.    Defendants' business acts and practices, as described above, whether or

26  not in violation of Business and Professions Code section 16720 et seq., and whether or not the

27  product of concerted action, are otherwise unfair, unconscionable, unlawful and fraudulent;

28

1            c.      Defendants' business acts and practices are unfair to consumers in the

2 State of California within the meaning of section 17200 *et seq.* of the California Business and

3 Professions Code; and

4            d.      Defendants' business acts and practices are fraudulent within the meaning

5 of Business and Professions Code section 17200 *et seq.*

6      81.     Defendants' course of conduct, acts, and practices in violation of Business and

7 Professions Code Section 16720 also constitute a violation of Sections 17202 and 17203 of that

8 code.

9      82.     By reason of the violations of California Business and Professions Code, Section

10 17200 *et seq.*, Plaintiff and other members of the Class have been injured in that they paid more

11 for Chocolate than they would have in the absence of Defendants' unfair or deceptive practices.

12      83.     The unlawful and unfair business practices of Defendants, and each of them, as

13 described above, have injured and present a continuing threat of injury to members of the public

14 in that Defendants' conduct has restrained and continues to restrain competition, has caused and

15 continues to cause Plaintiff and the members of the Class he represents to pay supra-competitive

16 and artificially-inflated prices for Chocolate and has made it likely that members of the public

17 have been and will continue to be deceived with respect to the manner in which the price

18 charged for Chocolate has been set.

19      84.     The illegal conduct alleged herein is continuing, with no indication that it will

20 cease, and unless restrained, Defendants will continue to engage in such conduct.

21      85.     Defendants' acts, omissions, misrepresentations, practices, and non-disclosures,

22 as alleged herein above, constituted and constitute unfair, unlawful and/or fraudulent business

23 practices within the meaning of Business and Professions Code, Section 17200 *et seq.* Plaintiff

24 are accordingly entitled to equitable relief directing Defendants to cease and desist from

25 engaging in the practices described herein, and full restitution and/or disgorgement of all

26 revenues, earnings, profits, compensation and benefits which may have been obtained by

27 Defendants as a result of such business acts or practices.

28 //

## FRAUDULENT CONCEALMENT

86.    Throughout the relevant period, Defendants affirmatively and fraudulently concealed their unlawful conduct against Plaintiff and the Class.

87.    Plaintiff and the members of the Class did not discover, and could not discover through the exercise of reasonable diligence, that Defendants were violating the antitrust laws as alleged herein until shortly before this litigation was commenced. Nor could Plaintiff and the members of the Class have discovered the violations earlier than that time because Defendants conducted their conspiracy in secret, concealed the nature of their unlawful conduct and acts in furtherance thereof, and fraudulently concealed their activities through various other means and methods designed to avoid detection. The conspiracy was by its nature self-concealing.

88.    Defendants engaged in a successful, illegal price-fixing conspiracy with respect to Chocolate, which they affirmatively concealed, in at least the following respects:

a.    By agreeing among themselves not to discuss publicly, or otherwise reveal, the nature and substance of the acts and communications in furtherance of their illegal scheme; and

b.    By giving false and pretextual reasons for their Chocolate price increases during the relevant period and by describing such increases falsely as being the result of external costs, namely the rising cost of dairy, oil and cocoa, rather than collusion.

89.    As a result of Defendants' fraudulent concealment of their conspiracy, Plaintiff and the Class assert the tolling of any applicable statute of limitations affecting the rights of action of Plaintiff and the members of the Class.

90.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays for judgment against the Defendants jointly and severally, as follows:

A.    That the Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B. That the Court adjudge and decree that the unlawful conduct, contract, combination and conspiracy alleged herein constitutes:

     a. A *per se* unreasonable restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. §1, and Sections 4 and 26 of the Clayton Act, as alleged in the First Claim For Relief;

     b. A violation of the California Business and Professions Code, Section 16700 *et seq.*, as alleged in the Second Claim For Relief;

     c. A violation of the California Business and Professions Code, Section 17200 *et seq.*, as alleged in the Third Claim For Relief;

C. That Plaintiff and the members of the Class have been injured and damaged as a result of the unlawful conduct, contract, combination and conspiracy;

D. That Plaintiff and each and every member of the Class recover threefold the damages determined to have been sustained by them during the period February 2002 through the present, or such later date as it may be determined that the unlawful activity has ceased;

E. That Plaintiff and members of the Class recover their cost of suit, including reasonable attorney's fees pursuant to Section 16750(a) of the Business and Professions Code;

F. For pre-judgment interest at the highest legal rate, from and after the date of service of the initial complaint in this action, and post-judgment interest;

G. That Defendants, their co-conspirators, successors, transferees, assigns, parents, subsidiaries, affiliates, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on behalf of Defendants, or in concert with them, be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing, maintaining or renewing the combinations, conspiracy, agreement, understanding or concert of action, or adopting or following any practice, plan, program or design having a similar purpose or effect in restraining competition;

H. That Defendants, and each of them, their agents, servants, and employees, and all persons acting, directly or indirectly, in concert with them, be ordered to restore all funds to each member of the Class acquired by means of any act or practice declared by this Court to be

1  unlawful or to constitute unfair competition under Section 17200 *et seq.* of the Business and

2  Professions Code, including disgorgement of their wrongfully obtained revenues, earnings

3  profits, compensation, and benefits, pursuant to the Business and Professions Code, Sections

4  17203 and 17204;

5       I.    That Plaintiff and the members of the Class recover their costs of suit, including

6  reasonable attorneys' fees as provided by law; and

7       J.    That the Court award Plaintiff and the Class he represents such other and further

8  relief as may be necessary and appropriate.

9  **JURY DEMAND**

10      Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

11

12

13  Dated: January 24, 2007       By:   *Mario N. Alioto*

                                Mario N. Alioto (56433)

14                                    Lauren C. Russell (241151)

                                  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

15                                    2280 Union Street

                                  San Francisco, CA  94123

16                                    Telephone:  (415) 563-7200

                                  Facsimile: (415) 346-0679

17                                    malioto@tatp.com ; laurenrussell@tatp.com

18

                                  Joseph M. Patane (72202)

19                                    LAW OFFICES OF JOSEPH M. PATANE

                                  2280 Union Street

20                                    San Francisco, CA 94123

21                                    Telephone: (415) 563-7200

                                  Facsimile: (415) 346-0679

22                                    E-mail: jpatane@tatp.com

23                                    Attorneys for Plaintiff Candido

                                  And All Others Similarly Situated

24

25

26

27

28

**21**

**CLASS ACTION COMPLAINT**

# EXHIBIT C

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAY - 7 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 1 2008

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION**

MDL No. 1935

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-1)**

On April 7, 2008, the Panel transferred 15 civil actions to the United States District Court for the Middle District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d__ (J.P.M.L. 2008). With the consent of that court, all such actions have been assigned to the Honorable Christopher C. Conner.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Middle District of Pennsylvania and assigned to Judge Conner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Middle District of Pennsylvania for the reasons stated in the order of April 7, 2008, and, with the consent of that court, assigned to the Honorable Christopher C. Conner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Middle District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED TRUE COPY

MAY - 7 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Case 3:08-cv-03636-JSW    Document 23-4    Filed 09/02/2008    Page 3 of 4
Case 3:08-cv-00543-JSW    Document 10    Filed 05/15/2008    Page 2 of 3

Page 1 of 2

**IN RE: CHOCOLATE CONFECTIONARY**
**ANTITRUST LITIGATION**                    MDL No. 1935

### SCHEDULE CTO-1 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|

**CALIFORNIA CENTRAL**

| | |
|---|---|
| CAC 2  08-295 | Marcy Linder v. The Hershey Co., et al. |
| CAC 2  08-319 | Molly Wagman v. The Hershey Co., et al. |
| CAC 2  08-620 | Eugenia Miceli v. The Hershey Co., et al. |
| CAC 2  08-908 | Jones Vend & OCS Distributing, Inc. v. Nestle USA, Inc., et al. |
| CAC 2  08-1022 | C.W. Brower, Inc. v. Nestle USA, Inc., et al. |
| CAC 2  08-1079 | Russell Traub v. Cadbury Adams Canada, Inc., et al. |
| CAC 2  08-1338 | Craig Stephenson v. The Hershey Co., et al. |
| CAC 2  08-1341 | Kevin Tierney v. The Hershey Co., et al. |
| CAC 2  08-1859 | Treat America Ltd. v. Nestle USA, Inc., et al. |

**CALIFORNIA NORTHERN**

| | |
|---|---|
| CAN 3  08-543 | John Candido v. The Hershey Co., et al. |
| CAN 3  08-674 | Lisa Blackwell v. The Hershey Co., et al. |

**MICHIGAN EASTERN**

| | |
|---|---|
| MIE 2  08-10400 | Edward S. Hesano v. The Hershey Co., et al. |

**NEW JERSEY**

| | |
|---|---|
| NJ 2  08-257 | D Controls, Inc. v. The Hershey Co., et al. |
| NJ 2  08-258 | Setih E. Ellis, P.A. v. The Hershey Co., et al. |
| NJ 2  08-259 | Marc Lavin, et al. v. The Hershey Co., et al. |
| NJ 2  08-272 | Jonathan Benjamin v. The Hershey Co., et al. |
| NJ 2  08-274 | Daphne Matelene v. The Hershey Co., et al. |
| NJ 2  08-348 | Daniel Klein v. The Hershey Co., et al. |
| NJ 2  08-499 | Ellen Widom v. The Hershey Co., et al. |
| NJ 2  08-502 | Adrianne Shienvold v. The Hershey Co., et al. |
| NJ 2  08-631 | Ben Lee Distributors, Inc. v. The Hershey Co., et al. |
| NJ 2  08-634 | Julia Isenhower v. The Hershey Co., et al. |
| NJ 2  08-706 | Isabelle Dikland v. The Hershey Co., et al. |
| NJ 2  08-845 | Thomas Rode v. The Hershey Co., et al. |
| NJ 2  08-869 | Royal Enterprises Corp. v. The Hershey Co., et al. |
| NJ 2  08-941 | Weaver Nut Co. v. The Hershey Co., et al. |
| NJ 2  08-1003 | Autry Greer & Sons, Inc., et al. v. The Hershey Co., et al. |
| NJ 2  08-1537 | Cindy Elan-Mangano v. The Hershey Co., et al. |

Page 2 of 2

## MDL No. 1935 - Schedule CTO-1 Tag Along Actions (Continued)

**DIST. DIV. C.A. #**         **CASE CAPTION**

**NEW YORK SOUTHERN**
NYS 1  08-910          NMJ Consultant Group, Inc. v. Cadbury Adams Canada, Inc., et al.
NYS 1  08-1205         Canteen Vending Co. v. Cadbury Adams Canada, Inc., et al.
~~NYS 1  08-1548        The Candy Jar, Inc. v. Nestle Suisse S.A., et al.~~  Vacated 5/1/08
NYS 1  08-1570         VME Distributors, Inc. v. Cadbury Adams Canada, Inc., et al.
NYS 1  08-1960         Card & Party Mart II Ltd. v. Cadbury Adams Canada, Inc., et al.

**PENNSYLVANIA EASTERN**
PAE 2  08-368          Canteen Co. of Utica-Rome, Inc. v. The Hershey Co., et al.
PAE 2  08-376          Donald Webster v. The Hershey Co., et al.
PAE 2  08-772          Brookshire Brothers, Ltd. v. The Hershey Co., et al.
PAE 2  08-810          Paula Wolner v. The Hershey Co., et al.
PAE 2  08-942          Pitco Foods v. Cadbury Adams Canada, Inc., et al.
PAE 2  08-1136         The Kroger Co., et al. v. Cadbury Schweppes PLC, et al.
PAE 2  08-1155         Meijer, Inc., et al. v. The Hershey Co., et al.
PAE 2  08-1182         Publix Super Markets, Inc. v. Cadbury Schweppes PLC, et al.
PAE 2  08-1223         Affiliated Foods, Inc. v. The Hershey Co., et al.
PAE 2  08-1365         CVS Pharmacy, Inc., et al. v. Cadbury Adams Canada, Inc., et al.

**PENNSYLVANIA WESTERN**
PAW 2  08-414          Giant Eagle, Inc. v. The Hershey Co., et al.

**TENNESSEE EASTERN**
~~TNE 2  08-51          Cyrus T.G., Inc., et al. v. The Hershey Co., et al.~~  Opposed 5/6/08

**TEXAS EASTERN**
TXE 6  08-21           Lori Ann Hongach v. The Hershey Co., et al.
TXE 6  08-90           Esther Naomi Lieberman v. The Hershey Co., et al.

**WISCONSIN EASTERN**
WIE 2  08-131          Debra L. Damaske, et al. v. The Hershey Co., et al.

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

_____

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

May 16, 2008

**United States District Court-Middle District of Pennsylvania**
**228 Walnut Street, Room 1060**
**Harrisburg, PA 17108-0983**

RE: CV 08-00543 JSW  JOHN CANDIDO-v-HERSHEY COMPANY

Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith are:

☐    Certified copy of docket entries.

☐    Certified copy of Transferral Order.

☐    Original case file documents.

☒    Please access the electronic case file for additional pleadings you may need.  See the attached instructions for details.

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by: Hilary D. Jackson
Case Systems Administrator

Enclosures
Copies to counsel of record

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CHOCOLATE | : | **MDL DOCKET NO. 1935** |
| CONFECTIONARY ANTITRUST | : | (Civil Action No. 1:08-MDL-1935) |
| LITIGATION | : | |
| _____ | : | **(Judge Conner)** |
| | : | |
| THIS DOCUMENT APPLIES TO: | : | |
| | : | |
| **ALL CASES** | : | |

### CASE MANAGEMENT ORDER NO. 4
### INITIAL SCHEDULING & PROCEDURAL ORDER

AND NOW, this 30th day of May 2008, upon consideration of the initial case

management conference held with counsel on May 29, 2008, it is hereby ORDERED

that:

1. **APPOINTMENT OF PLAINTIFFS' LEAD AND LIAISON COUNSEL.** Appointment of plaintiffs' lead and liaison counsel shall be governed by the following procedures:

   a. On or before June 10, 2008, plaintiffs shall file motions for appointment of lead and liaison counsel specifying the anticipated duties of each such representative as well as the group to which such representative is responsible. Plaintiffs' motion shall also identify local counsel for each representative's firm, unless the firm is located within or regularly practices before the Middle District of Pennsylvania. The provisions of Local Rule 7.1, which require certificates of concurrence or nonconcurrence from each party, are waived for purposes of these motions.

   b. On or before June 17, 2008, any party may file objections to the motions for appointment described in Paragraph 1.a.

2. **CONSOLIDATED COMPLAINTS.** Consolidated complaints shall be filed within thirty (30) days after appointment of counsel and shall be governed by the following procedures:

a.   **Consolidated Complaints of Plaintiff Groups.** Counsel shall file a separate consolidated complaint for each plaintiff group. These complaints shall be deemed amended complaints for purposes of Rule 15(a)(1) of the Federal Rules of Civil Procedure. The consolidated complaint filed on behalf of each plaintiff group shall supercede the original complaints of all members of the group.

b.   **Consolidated Complaints of Individual Plaintiffs.** Counsel for the individual plaintiffs shall file a consolidated complaint that alleges all claims advanced by the individual plaintiffs. Claims common to all individual plaintiffs shall be so noted. Claims advanced by fewer than all individual plaintiffs shall specify which individual plaintiffs assert each claim. The consolidated complaint shall be deemed an amended complaint for purposes of Rule 15(a)(1) of the Federal Rules of Civil Procedure and shall supercede the original complaint of each individual plaintiff.

c.   **Captioning and Titling of Consolidated Complaints.** In accordance with Paragraph 3.d of Case Management Order No. 1 (Doc. 19), the caption of each consolidated complaint shall specify the individual actions to which it applies. Consolidated complaints shall be titled as follows: "**Consolidated Complaint of the Individual Plaintiffs,**" substituting the appropriate plaintiff group as necessary.

3.   **MOTIONS TO DISMISS.** Motions to dismiss shall be governed by the following procedures:

a.   **Briefing Schedule.** Motions to dismiss shall be filed in accordance with the following schedule:

i.   Within forty-five (45) days after the filing of each amended complaint, defendants may file a motion to dismiss. A brief in support of the motion shall be filed simultaneously therewith.

ii.   Within forty-five (45) days after the filing of a motion to dismiss, the plaintiff group (or individual plaintiffs) affected by the motion shall file a brief in opposition.

iii.   Within twenty-one (21) days after the filing a brief in opposition, defendants may file a brief in reply.

2

b. **Length of Briefs.** Briefs in support of and in opposition to the motions to dismiss shall not exceed fifty (50) pages in length. Reply briefs shall not exceed twenty-five (25) pages.

c. **Contents of Briefs.** The contents of briefs shall be governed by Local Rule 7.8(a) except to the extent that rule is modified by Paragraph 6.a.

d. **Suspension of Local Rules.** The following provisions of the Local Rules of Court are suspended for purposes of the motions to dismiss:

  i. Local Rules 7.5, 7.6, and 7.7 to the extent that they govern time periods for the filing of briefs.

  ii. Local Rule 7.8(b), which pertains to the length of briefs.

4. **BRIEFING OF DISCOVERY MATTERS.** After the appointment of plaintiffs' lead and liaison counsel, counsel shall meet and confer regarding the scope and procedure for conducting preliminary discovery. To the extent practicable, motions regarding preliminary discovery issues shall be filed and briefed during the pendency of the motions to dismiss. Within fifteen (15) days of the filing of consolidated complaints, the parties shall apprise the court of the status of their discussions, after which the court may establish a briefing schedule for the resolution of discovery issues or take such other action as it deems appropriate.

5. **DOCUMENTATION OF DISCOVERY PRESERVATION EFFORTS.** Counsel for all parties shall document their efforts to preserve evidence in accordance with Paragraph 7 of Case Management Order No. 1 (Doc. 19) with particular attention to the preservation of evidence stored in electronic format pending commencement of discovery.

6. **APPLICABILITY OF THE LOCAL RULES OF COURT.** The Local Rules of Court shall govern this action except to the extent altered or suspended by order of court. Counsel are advised that "all motions . . . shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied." See L.R. 7.1. The following provisions of the Local Rules of Court shall be indefinitely suspended or altered during this litigation:

3

a.   The provisions of Local Rule 7.8(a) are suspended as follows:

    i.   The provision requiring submission of copies of unpublished opinions referenced in a brief is suspended if the unpublished opinion is cited in Westlaw or Lexis format. While not required, the court prefers to receive citations in Westlaw format.

    ii.   The provision requiring citation to both official and unofficial reports is suspended. Citation to the applicable West reporter shall be sufficient for all opinions except those issued by the United States Supreme Court. Citation of Supreme Court opinions need only reference the official United States Reports.

    iii.   All other provisions of Local Rule 7.8(a) shall remain in effect throughout this litigation.

b.   The provisions of Local Rule 7.10 are modified to require simultaneous filing of motions for reconsideration and briefs in support thereof within the ten-day period specified in the rule. There shall be no additional period for filing briefs in support of motions for reconsideration.

c.   Paragraph 4 of Case Management Order No. 1 (Doc. 19), regarding waiver of the provisions of Local Rule 83.9, pertaining to association with local counsel, is modified as described in Paragraph 1 above (relating to the requirement of local counsel for each representative counsel). All other counsel shall remain exempt from the requirements of Local Rule 83.9.

7.   **ALL FUTURE ORDERS TO BE DOCKETED IN ABOVE-CAPTIONED MATTER.** Counsel are advised that all future orders of court shall be docketed solely in the above-captioned matter and shall not appear on the dockets in the individual actions.

                   _S/ Christopher C. Conner_
                   CHRISTOPHER C. CONNER
                   United States District Judge

# EXHIBIT F

HBG, MDL

# United States District Court
## Middle District of Pennsylvania (Harrisburg)
### CIVIL DOCKET FOR CASE #: 1-08−mdl−01935−CCC

MDL 1935 − IN RE: Chocolate Confectionary Antitrust
Litigation
Assigned to: Honorable Christopher C. Conner
Related Cases:  1:07−cv−02335−CCC

Date Filed: 04/07/2008
Jury Demand: Plaintiff
Nature of Suit: 410 Anti−Trust
Jurisdiction: Federal Question

1:07−cv−02336−CCC
1:08−cv−00084−CCC
1:08−cv−00101−CCC
1:08−cv−00122−CCC
1:08−cv−00866−CCC
1:08−cv−00869−CCC
1:08−cv−00876−CCC
1:08−cv−00870−CCC
1:08−cv−00879−CCC
1:08−cv−00651−CCC
1:08−cv−00643−CCC
1:08−cv−00644−CCC
1:08−cv−00645−CCC
1:08−cv−00646−CCC
1:08−cv−00647−CCC
1:08−cv−00652−CCC
1:08−cv−00653−CCC
1:08−cv−00942−CCC
1:08−cv−00255−CCC
1:08−cv−00861−CCC
1:08−cv−00938−CCC
1:08−cv−00642−CCC
1:08−cv−00641−CCC
1:08−cv−00940−CCC
1:08−cv−00174−CCC
1:08−cv−00552−CCC
1:08−cv−00887−CCC
1:08−cv−00889−CCC
1:08−cv−00892−CCC
1:08−cv−00884−CCC
1:08−cv−01345−CCC
1:08−cv−01030−CCC
1:08−cv−00886−CCC
1:08−cv−00888−CCC
1:08−cv−00890−CCC
1:08−cv−00891−CCC
1:08−cv−00893−CCC
1:08−cv−00885−CCC
1:08−cv−00894−CCC
1:08−cv−00939−CCC
1:08−cv−00897−CCC
1:08−cv−01502−CCC
1:08−cv−00874−CCC

<u>1:08−cv−00868−CCC</u>
<u>1:08−cv−00873−CCC</u>
<u>1:08−cv−00864−CCC</u>
<u>1:08−cv−00875−CCC</u>
<u>1:08−cv−00867−CCC</u>
<u>1:08−cv−00871−CCC</u>
<u>1:08−cv−00878−CCC</u>
<u>1:08−cv−00872−CCC</u>
<u>1:08−cv−00877−CCC</u>
<u>1:08−cv−00865−CCC</u>
<u>1:08−cv−00880−CCC</u>
<u>1:08−cv−00882−CCC</u>
<u>1:08−cv−00883−CCC</u>
<u>1:08−cv−00862−CCC</u>
<u>1:08−cv−00734−CCC</u>
<u>1:08−cv−00648−CCC</u>
<u>1:08−cv−00640−CCC</u>
<u>1:08−cv−00800−CCC</u>
<u>1:08−cv−00895−CCC</u>
<u>1:08−cv−00896−CCC</u>
<u>1:08−cv−01154−CCC</u>
<u>1:08−cv−00854−CCC</u>
<u>1:08−cv−00857−CCC</u>
<u>1:08−cv−00853−CCC</u>
<u>1:08−cv−00856−CCC</u>
<u>1:08−cv−00852−CCC</u>
<u>1:08−cv−00858−CCC</u>
<u>1:08−cv−00859−CCC</u>
<u>1:08−cv−00860−CCC</u>
<u>1:08−cv−00881−CCC</u>
<u>1:08−cv−00996−CCC</u>
<u>1:08−cv−00941−CCC</u>
<u>1:08−cv−00937−CCC</u>
<u>1:08−cv−00936−CCC</u>
<u>1:08−cv−00649−CCC</u>
<u>1:08−cv−00650−CCC</u>
<u>1:08−cv−00935−CCC</u>
<u>1:08−cv−00863−CCC</u>
<u>1:08−cv−01516−CCC</u>
<u>1:08−cv−01517−CCC</u>

Cause: 28:1331 Fed. Question: Anti−trust

**<u>Plaintiff</u>**

**Michael McNamara**
*on behalf of himself and all others*
*similarly situated*

represented by **Christopher Lovell**
Lovell Stewart Halebian, LLP
500 Fifth Avenue, Floor 58
New York, NY 10110
212−608−1900
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James J. McCarthy, Jr.**
McCarthy Weisberg Cummings, P.C.
2041 Herr Street
Harrisburg, PA 17103−1624
717− 233−5974

Fax: 717−233−8133
Email: jmccarthy@mwcfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Katherine Woodman**                    represented by    **Gregory P. Hansel**
Preti, Flaherty, Beliveau, Pachios &Haley,
LLC
One City Center
P.O. Box 9546
Portland, Me 04112−9546
207−791−3000
Email: ghansel@preti.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger P. Poorman**
Leech Tishman Fuscaldo &Lampl
525 William Penn Place
30th Floor
Pittsburgh, PA 15219
412.261.1600
Email: rpoorman@leechtishman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Dane Irwin**
Leech Tishman Fuscaldo &Lampl, LLC
Citizens Bank Building, 30th Floor
525 William Penn Place
Pittsburgh, PA 15219
412−261−1600
Fax: 412−227−5551
Email: sirwin@leechtishman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
Obermayer Rebmann Maxwell &Hippel
LLP
200 Locust Street
Suite 400
Harrisburg, PA 17101
717−234−9730
Email: walter.cohen@obermayer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David V. Weicht**
Leech Tishman Fuscaldo &Lampl, LLC
525 William Penn Place
30th Floor
Pittsburgh, PA 15219
412−261−1600
Fax: 412−227−5551
Email: dweicht@leechtishman.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Glenn Coffey**                    represented by    **David V. Weicht**
*t/d/b/a Candy Man, individually and on*                              (See above for address)
*behalf of all others similarly situated*                              *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory P. Hansel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph C. Kohn**
Kohn, Savett, Klein &Graf
One South Broad Street
Suite 2100
Philadelphia, PA 19107−3389
215−238−1700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger P. Poorman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Dane Irwin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas A. Abrahams**
Kohn Swift &Graf, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
(215) 238−1700
Email: dabrahams@kohnswift.com
*ATTORNEY TO BE NOTICED*

**Joshua R. Carver**
Preti Flaherty Beliveau &Pachios LLP
One City Center
PO Box 9546
Portland, ME 04112−9546
207−791−3000
Email: jcarver@preti.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Randall B. Weill**
Preti, Flaherty, Beliveau &Pachios, LLP
One City Center
PO Box 9546
Portland, ME 04112−9546
207−791−3000
Email: rweill@preti.com
*ATTORNEY TO BE NOTICED*

**William E. Hoese**
Kohn Swift &Graf, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
(215) 238−1700
Email: whoese@kohnswift.com

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**The Lorain Novelty Co., Inc.**
*Individually and on behalf of a class of
all those similarly situated*

represented by **Allen D. Black**
Fine, Kaplan and Black, R.P.C.
1835 Market Street, Suite 2800
Philadelphia, PA 19103
215−567−6565
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard A. Dever**
Fine, Kaplan and Black, R.P.C.
1835 Market Street, Suite 2800
Philadelphia, PA 19103
215−567−6565
Email: gdever@finekaplan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Howard J. Sedran**
Levin, Fishbein, Sedran &Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
215−592−1500
Fax: 215−592−4663
Email: hsedran@lfsblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jayne A. Goldstein**
Mager &Goldstein LLP
1818 Market Street, Suite 3710
Philadelphia, PA 19103
215−640−3280
Email: jgoldstein@magergoldstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey B. Gittleman**
Barrack, Rodos &Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
215−963−0600
Fax: 215−963−0838
Email: jgittleman@barrack.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Goldberg**
Freedman Boyd Hollander Goldberg
&Ives, P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
505−842−9960
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rees Griffiths**
CGA Law Firm
135 N. George Street
York, PA 17401

717−848−4900
Fax: 717−843−9039
Email: rgriffiths@cgalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ria C. Momblanco**
Fine, Kaplan and Black RPC
1835 Market Street
28th Floor
Philadelphia, PA 19103
215.567.6565
Email: rmomblanco@finekaplan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roberta D. Liebenberg**
Fine, Kaplan and Black, R.P.C.
1835 Market Street
Suite 2800
Philadelphia, PA 19103
215−567−6565
Email: rliebenberg@finekaplan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Simon B. Paris**
Saltz, Mongeluzzi, Barrett &Bendesky,
P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
215−575−3986
Email: sparis@smbb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas A. Muzilla**
The Muzilla Law Firm LLP
Tower at Erieview, Suite 1100
1301 East 9th Street
Cleveland, OH 44114
216−458−5880
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William D. Marvin**
Cohen Placitella &Roth, P.C.
Two Commerce Square
Suite 2900
2001 Market Street
Philadelphia, PA 19103
215−567−3500
Email: wmarvin@cprlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald L Perelman**
Fine, Kaplan and Black, RPC
1835 Market Street

28th Floor
Philadelphia, PA 19103
215−567−6565
Email: dperelman@finekaplan.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mandel Tobacco Company, Inc.**
*on behalf of itself and all others similarly
situated*

represented by   **Adam J. Levitt**
Wolf Haldenstein Adler Freeman &Herz
LLC
55 West Monroe Street
Suite 1111
Chicago, IL 60603
312−984−0000
Fax: 312−984−0001
Email: levitt@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Fred T. Isquith**
Wolf Haldenstein Adler Freeman &Herz
LLP
270 Madison Avenue
New York, NY 10016
212−545−4600
Email: isquith@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lee C. Swartz**
Tucker, Arensberg , P.C.
111 North Front Street
P.O. Box 889
Harrisburg, PA 17108
(717) 234−4121
Email: lswartz@tuckerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Greecher, Jr.**
Tucker Arensberg, P.C.
111 North Front Street
P. O. Box 889
Harrisburg, PA 17108
717−234−4121
Fax: 717−232−6802
Email: sgreecher@tuckerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary J. Fait**
Wolf Haldenstein Adler Freeman &Herz
LLC
55 W. Monroe Street
Suite 1111
Chicago, IL 60603
312−984−0000
Fax: 312−984−0001
Email: fait@whafh.com

*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Stephen L. LaFrance Pharmacy, Inc.**          represented by   **Dianne M. Nast**
Roda &Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601
717−892−3000
Email: dnast@rodanast.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Richard Miller**                              represented by   **Barry C. Barnett**
Susman Godfrey LLP
901 Main Street
Suite 5100
Dallas, TX 75202
(214) 754−1903
Email: bbarnett@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Krishna B. Narine**
Law Office of Krishna B. Narine, PC
2600 Philmont Avenue
Suite 324
Huntingdon Valley, PA 19006
215−914−2460
Email: knarine@kbnlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel S. Black**
Susman Godfrey, LLP − Seattle
1201 Third Avenue
Suite 3800
Seattle, WA 98101
(206) 516−3899
Email: rblack@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Susman**
Susman &Godfrey, LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002
713.651.9366
Email: ssusman@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Marcia Miller**                               represented by   **Barry C. Barnett**
*on behalf of themselves and all others*                        (See above for address)
*similarly situated*                                            *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Krishna B. Narine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel S. Black**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Susman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Western Skier, Ltd.**                                    represented by   **Walter W. Cohen**
*individually and on behalf of all others*                                 (See above for address)
*similarly situated*                                                       *LEAD ATTORNEY*
                                                                           *ATTORNEY TO BE NOTICED*

**Warren Rubin**
Law Offices Bernard M. Gross, P.C.
suite 450 Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107
215.561.3600
Email: warren@bernardmgross.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**CNS Confectionery Products, LLC**                        represented by   **Bernard Persky**
                                                                           Labaton Sucharow LLP
                                                                           140 Broadway, 23rd Floor
                                                                           New York, NY 10005
                                                                           212–907–0868
                                                                           Fax: 212–883–7068
                                                                           Email: bpersky@labaton.com
                                                                           *LEAD ATTORNEY*
                                                                           *ATTORNEY TO BE NOTICED*

**Gregory S. Asciolla**
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
(212) 907–0700
Email: gasciolla@labaton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P Roddy**
Wilentz Goldman &Spitzer P.A.
90 Woodbridge Center Drive
Suite 900
Box 10
Woodbridge, NJ 07095
(732) 855–6402
Email: kroddy@wilentz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark S. Shane**

Shane and White, LLC
1676 Route 27
Edison, NJ 08817
(732)819−9100
Email: mshane@shaneandwhite.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morissa R. Falk**
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
(212) 907−0700
Email: mfalk@labaton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Winn Corporation**
*on behalf of themselves and all others
similarly situated*

represented by **Bernard Persky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory S. Asciolla**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P Roddy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark S. Shane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morissa R. Falk**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Akisa Matsuda**
*on behalf of herself and all others
similarly situated*

represented by **Bryan L. Clobes**
Cafferty Faucher LLP
1717 Arch Street
Suite 3610
Philadelphia, PA 19103
(215) 864−2800
Email: bclobes@caffertyfaucher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P Roddy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Eric Lense**
*on behalf of himself and all others*
*similarly situated*

represented by **Kevin P Roddy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark S. Goldman**
Goldman Scarlato &Karon PC
101 W. Elm Street
Suite 360
Conchohocken, PA 19428
(484) 342−0700
Email: goldman@gsk−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Diane Chiger**
*on behalf of herself and all others*
*similarly situated*

represented by **Aaron M. Sheanin**
Girard Gibbs LLP
601 California Street
Suite 1400
San Francisco, CA 94108
(415) 981−4800
Email: ams@girardgibbs.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Pritzker**
Girard Gibbs LLP
601 California Street
14th Floor
San Francisco, CA
415−981−4800
Fax: 415−981−4846
Email: ecp@girardgibbs.com
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Stephen Snow**

represented by **Benjamin F. Johns**
Chimicles &Tikellis LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

(610) 642–8500
Email: bfj@chimicles.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bernard Persky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory S. Asciolla**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morissa R. Falk**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Comwest Industries Inc.**                    represented by **Benjamin F. Johns**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bernard Persky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory S. Asciolla**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morissa R. Falk**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Michael W. DeMarshall**                    represented by **Eugene A. Spector**
Spector Roseman &Kodroff
1818 Market Street
Suite 2500
Philadelphia, PA 19103
215–496–0300
Fax: 215–496–6611
Email: espector@srk–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay S. Cohen**

Spector, Roseman &Kodroff
1818 Market Street
Suite 2500
philadelphia, PA 19103
215.496.0300
Email: jcohen@srk−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William G. Caldes**
Spector, Roesman &Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103
215−496−0300
Email: bcaldes@srk−law.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STLE Corporation**
*individually and on behalf of all others*
*similarly situated*

represented by **Michael M. Buchman**
Pomerantz Haudek Block Grossman
&Gross LLP
100 Park Avenue
26th Floor
New York, NY 10017
212−661−1100
Email: mbuchman@pomlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Webb's Candies, Inc.**
*Individually and on behalf of a class of*
*all those similarly situated*

represented by **Christopher J. Cormier**
Cohen, Milstein, Hausfeld &Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
(202) 408−4614
Email: ccormier@cmht.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hilary K. Ratway**
Cohen, Milstein, Hausfeld &Toll, P.L.L.C.
1100 New York Ave., NW
Sutie 500, West Tower
Washington, DC 20005
202.408.4600
Email: hratway@cmht.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Hausfeld**
Cohen Milstein Hausfeld &Toll
1100 New York Ave., NW
West Tower Suite 500
Washington, DC 20005
202.408.4600
Email: mhausfeld@cmht.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Robert G. Eisler**
Cohen, Milstein, Hausfeld &Toll, P.L.L.C.
150 East 52nd Street
30th Floor
New York, NY 10022
(212) 838−7797
Email: reisler@cmht.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth R Gassman**
Cohen, Milstein, Hausfeld &Toll, PLLC
150 East 52nd Street
30th Floor
New York, NY 10022
212−838−7797
Email: sgassman@cmht.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Scott Lamson**
*on behalf of himself and all others
similarly situated*
*TERMINATED: 05/28/2008*

represented by **Mario N. Alioto**
Trump Alioto Trump &Prescott, LLP
2280 Union Street
San Francisco, CA 94123
415−563−7200
Email: malioto@tatp.com
*TERMINATED: 05/28/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**International Wholesale, Inc.**
*on behalf of itself and all others similarly
situated*

represented by **Beverly L Tse**
Kirby McInerney LLP
825 Third Avenue
16th Floor
New York, NY 10022
212−371−6600
Email: btse@kmllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Hume**
Kirby McInernney LLP
825 Third Ave
16th Floor
New York, NY 10022
(212) 371−6600
Email: dhume@kmllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David E Kovel**
Kirby McInerney LLP
825 Third Avenue
16th Floor
New York, NY 10022

212−371−6600
Email: dkovel@kmllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Linden**
Kirby McInerney LLP
825 Third Avenue
16th Floor
New York, NY 10022
(212) 371−6600
Email: plinden@kmllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**United Customs Distribution**
*on behalf of itself and all others similarly
situated*

represented by **Beverly L Tse**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Hume**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David E Kovel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Linden**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**United Wholesale**
*on behalf of itself and all others similarly
situated*

represented by **Beverly L Tse**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Hume**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David E Kovel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Linden**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Philipson**　　　　　　　　　　　represented by　**Walter W. Cohen**
*Individually and on behalf of all others*　　　　　　　　(See above for address)
*similarly situated*　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　**Kevin J. Kehner**
　　　　　　　　　　　　　　　　　　　　Obermayer Rebmann Maxwell &Hippel
　　　　　　　　　　　　　　　　　　　　LLP
　　　　　　　　　　　　　　　　　　　　200 Locust Street
　　　　　　　　　　　　　　　　　　　　Suite 400
　　　　　　　　　　　　　　　　　　　　Harrisburg, PA 17101
　　　　　　　　　　　　　　　　　　　　(717) 234−9730
　　　　　　　　　　　　　　　　　　　　Email: kevin.kehner@obermayer.com
　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　**Manuel J. Dominguez**
　　　　　　　　　　　　　　　　　　　　Berman Devalerio Pease Tabacco Burt
　　　　　　　　　　　　　　　　　　　　&Pucillo
　　　　　　　　　　　　　　　　　　　　222 Lakeview Avenue
　　　　　　　　　　　　　　　　　　　　Suite 900
　　　　　　　　　　　　　　　　　　　　West Palm Beach, FL 33401
　　　　　　　　　　　　　　　　　　　　(561) 835−9400
　　　　　　　　　　　　　　　　　　　　Email: jdominguez@bermanesq.com
　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Valos House of Candy**　　　　　　　　　represented by　**Walter W. Cohen**
*individually and on behalf of all others*　　　　　　　　(See above for address)
*similarly situated*　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Original Fowler's Chocolate Co., Inc.**　　represented by　**Walter W. Cohen**
*Individually and on behalf of all others*　　　　　　　　(See above for address)
*similarly situated*　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephanos Sgouros**　　　　　　　　　　represented by　**Walter W. Cohen**
*individually and on behalf of all others*　　　　　　　　(See above for address)
*similarly situated*　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　**Timothy D Battin**
　　　　　　　　　　　　　　　　　　　　Straus &Boies, LLP
　　　　　　　　　　　　　　　　　　　　4041 University Drive, 5th Floor
　　　　　　　　　　　　　　　　　　　　Fairfax, VA 22030
　　　　　　　　　　　　　　　　　　　　(703) 764−8700
　　　　　　　　　　　　　　　　　　　　Email: tbattin@straus−boies.com
　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paula Wolner**
*on behalf of herself and all others
similarly situated*

<u>**Plaintiff**</u>

**The Kroger Co.**                          represented by  **Douglas H Patton**
Kenny Nachwalter, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131−4327
305−373−1000
Email: <u>dpatton@kennynachwalter.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James T Almon**
Kenny Nachwalter, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131−4327
305−373−1000
Email: <u>jalmon@kennynachwalter.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Alan Arnold**
Kenny Nachwalter, P.A.
1100 Miami Center
201 S. Biscayne Boulevard
Miami, FL 33131−4327
305−373−1000
Email: <u>rarnold@kennynachwalter.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott E Perwin**
Kenny Nachwalter, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131
305−373−1000
Email: <u>sperwin@kennynachwalter.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
Hangley Aronchick Segal &Pudlin
30 North Third St
Suite 700
Harrisburg, PA 17101−1701
717−364−1010
Fax: 717−364−1020
Email: <u>sshadowen@hangley.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Blechman**
Kenny Nachwalter, P.A.
201 S. Biscayne Blvd
Suite 1100
Miami, FL 33131
305−373−1000
Email: <u>wblechman@kennynachwalter.com</u>
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Safeway Inc.**                                   represented by   **Douglas H Patton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James T Almon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Alan Arnold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott E Perwin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Blechman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Walgreen Co.**                                   represented by   **Douglas H Patton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James T Almon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Alan Arnold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott E Perwin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Blechman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hy−Vee, Inc.**                    represented by **Douglas H Patton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James T Almon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Alan Arnold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott E Perwin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Blechman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Affiliated Foods, Inc.**                    represented by **Anthony J. Bolognese**
Bolognese&Associates, LLC
Two Penn Center
1501 John F. Kennedy Blvd
Suite 320
Philadelphia, PA 19102
215−814−6750
Email: abolognese@bolognese−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David P. Germaine**
VANEK VICKERS &MASINI PC
111 S. WACKER DRIVE
SUITE 4050
CHICAGO, IL 60606
312−224−1500
Fax: 312−224−1510
Email: dgermaine@vaneklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph M. Vanek**
Vanek, Vickers &Masini, P.C.
111 South Wacker Drive
Suite 4050
Chicago, IL 60606
312.224.1500
Email: jvanek@vaneklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda Nussbaum**
Kaplan Fox &Kilsheimer LLP
850 Third Avenue
14th Floor
New York, NY 10022
212−687−1980
Fax: 212−687−7714
Email: lnussbaum@kaplanfox.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert N. Kaplan**
Kaplan Fox &Kilsheimer LLP
850 Third Avenue
14th Floor
New York, NY 10022
212−687−1980
Fax: 212−687−7714
Email: rkaplan@kaplanfox.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua H. Grabar**
Bolognese&Associates, LLC
Two Penn Center
Suite 320
1501 John F. Kennedy Blvd.
Philadelphia, PA 19102
215−814−6750
Email: jgrabar@bolognese−law.com
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Canteen Company of Utica−Rome, Inc.**    represented by **W. Joseph Bruckner**
Lockridge, Grindal &Nauen
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401−2179
612−339−6900
Fax: 612−339−0981
Email: bruckwj@locklaw.com
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Lori Ann Hongach**    represented by **Barry C. Barnett**
*on behalf of herself and all others*    (See above for address)
*similarly situated*    *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel S. Black**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Susman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Walter W. Cohen
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Esther Naomi Lieberman**                    represented by  **Barry C. Barnett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel S. Black**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Susman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brookshire Brothers, Ltd.**                 represented by  **Walter W. Cohen**
*on behalf of itself and on behalf of all*                    (See above for address)
*others similarly situated*                                    *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**H. L. Montague, Jr.**
Berger &Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
215−875−3000
Email: hlmontague@bm.net
*ATTORNEY TO BE NOTICED*

**Ruthanne Gordon**
Berger &Montague, PC
1622 Locust Street
Philadelphia, PA 19103
215−875−3000
Email: rgordon@bm.net
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PITCO Foods**                               represented by  **Walter W. Cohen**
*Individually and on Behalf of a Class of*                    (See above for address)
*All Those Similarly Situated*                                *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Meijer, Inc.**                              represented by  **Anthony J. Bolognese**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David P. Germaine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph M. Vanek**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua H. Grabar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda Nussbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert N. Kaplan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Meijer Distribution, Inc.**                    represented by **Anthony J. Bolognese**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David P. Germaine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph M. Vanek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua H. Grabar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda Nussbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert N. Kaplan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Thomas Rode**                                represented by **Walter W. Cohen**
*on behalf of himself and all others*          (See above for address)
*similarly situated*                           *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Ronald J. Aranoff**
Bernstein Liebhard &Lifshitz, LLP
10 East 40th Street
22nd Floor
New York, NY 10016
212−779−1414
Email: aranoff@bernlieb.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Publix Super Markets, Inc.**          represented by  **Anthony J. Bolognese**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David P. Germaine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph M. Vanek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua H. Grabar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda Nussbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert N. Kaplan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**CVS Pharmacy, Inc.**          represented by  **Joseph T. Lukens**
Hangley, Aronchick, Segal &Pudlin
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103
215−496−7032
Email: jlukens@hangley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Rite Aid Corporation**                    represented by  **Joseph T. Lukens**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Steven D. Shadowen**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Rite Aid Hdqtrs. Corp.**                  represented by  **Joseph T. Lukens**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Steven D. Shadowen**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Donald Webster**                          represented by  **Joshua D. Snyder**
*on behalf of himself and on behalf of all*                 Kohn Swift &Graf PC
*others similarly situated*                                 One South Broad Street
                                                            Suite 2100
                                                            Philadelphia, PA 19107−3389
                                                            215−238−1700
                                                            Email: jsnyder@bonizack.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Marc H. Edelson**
                                                            Edelson &Associates, LLC
                                                            45 West Court Street
                                                            Doylestown, PA 18901
                                                            215−230−8043
                                                            Email: medelson@edelson−law.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Michael J. Boni**
                                                            Boni &Zack LLC
                                                            15 St. Asaphs Road
                                                            Bala Cynwyd, PA 19004
                                                            610−822−0201
                                                            Email: mboni@bonizack.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Theresa J. Henson**
                                                            Boni &Zack LLC
                                                            15 St. Asaphs Road
                                                            Bala Cynwyd, PA 19004
                                                            610.822.0200
                                                            Email: thenson@bonizack.com
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Giant Eagle, Inc.**                       represented by  **Steven D. Shadowen**
*a Pennsylvania Corporation*                                (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Bernard D. Marcus**
Marcus &Shapira
301 Grant Street
35th Floor, One Oxford Centre
Pittsburgh, PA 15219−6401
(412) 471−3490
Email: bdm@marcus−shapira.com
*ATTORNEY TO BE NOTICED*

**Moira Cain−Mannix**
Marcus &Shapira LLP
One Oxford Centre
35th Floor
Pittsburgh, PA 15219
412−471−3490
Fax: 412−391−8758
Email: cain−mannix@marcus−shapira.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Debra L. Damaske**                     represented by  **James J. McCarthy, Jr.**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shirley A. Dresen**                    represented by  **James J. McCarthy, Jr.**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John H. Brosius**

**Plaintiff**

**Jane A. Balzer**

**Plaintiff**

**Afrim Dzelili**
*on behalf of themselves and all others*
*similarly situated*

**Plaintiff**

**Isabelle Dikland**                     represented by  **Walter W. Cohen**
*on behalf of themselves and all others*                 (See above for address)
*similarly situated*                                     *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Elizabeth K. Tripodi**
                                                         Finkelstein Thomspon LLP
                                                         1050 30th Street NW
                                                         Washington, DC 20007
                                                         202.337.8000
                                                         Email: etripodi@finkelsteinthompson.com
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Richard M. Volin**
                                                         Finkelstein Thompson LLP
                                                         1050 30th Street N.W.
                                                         Washington, DC 20007
                                                         202.337.8000

Email: rvolin@finkelsteinthompson.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daphne Matalene**                    represented by   **Walter W. Cohen**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julia Isenhower**                    represented by   **Walter W. Cohen**
*on behalf of herself and all others*                  (See above for address)
*similarly situated*                                   *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**D Controls, Inc.**                   represented by   **Walter W. Cohen**
*on behalf of itself and all others similarly*         (See above for address)
*situated*                                             *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jonathan Benjamin**                  represented by   **Walter W. Cohen**
*on behalf of himself and all others*                  (See above for address)
*similarly situated*                                   *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Adrianne Shienvold**                 represented by   **Walter W. Cohen**
*on behalf of herself and all others*                  (See above for address)
*similarly situated*                                   *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Autry Greer &Sons, Inc.**            represented by   **Walter W. Cohen**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tanya O. Butts**                     represented by   **Walter W. Cohen**
*on behalf of themselves and all others*               (See above for address)
*similarly situated*                                   *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ben Lee Distributors, Inc.**         represented by   **Walter W. Cohen**
*on behalf of itself and all others similarly*         (See above for address)
*situated*                                             *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Weaver Nut Company**                 represented by   **Beverly L Tse**
*on behalf of itself and all others similarly*         (See above for address)
*situated*                                             *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Daniel Hume**
                                                        (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David E Kovel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Linden**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Seth E. Ellis, P.A.**
*on behalf of itself and all others similarly situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin B. Love**
Criden &Love, P.A.
7301 SW 57th Court
Suite 515
South Miami, FL 33134
305−357−9000
Email: klove@cridenlove.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marc Lavin**

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jill Lavin**
*on behalf of themselves and all others similarly situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Klein**
*on behalf of himself and all others similarly situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Royal Enterprises Corporation**

represented by **Beverly L Tse**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Hume**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David E Kovel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Linden**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Ellen Widom                                  represented by    **Walter W. Cohen**
*on behalf of herself and all others*                         (See above for address)
*similarly situated*                                          *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

Cindy Elan–Mangano                           represented by    **Walter W. Cohen**
*on behalf of herself and all others*                         (See above for address)
*similarly situated*                                          *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Aaron M. McParlan**
Zelle, Hofmann, Voelbel, Mason &Getter
LLP
500 Washington Ave. South
Suite 4000
Minneapolis, MN 55415
612.339.2020
Email: amcparlan@zelle.com
*ATTORNEY TO BE NOTICED*

**James S. Reece**
Zelle, Hofmann, Voelbel, Mason &Gette
LLP
500 Washington Ave. South
Suite 4000
Minneapolis, MN 55415
612.339.2020
Email: jreece@zelle.com
*ATTORNEY TO BE NOTICED*

**Michael E. Jacobs**
Zelle, Hofmann, Voelbel, Mason &Gette
LLP
500 Washington Ave. South
Suite 4000
Minneapolis, MN 55412
612.339.2020
Email: mjacobs@zelle.com
*ATTORNEY TO BE NOTICED*

**Richard M. Hagstrom**
Zelle, Hofmann, Voelbe, Mason &Gette
LLP
500 Washington Ave. South
Suite 4000
Minneapolis, MN 55415
612.339.2020

Email: rhagstrom@zelle.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**George Patterson**
*individually and on behalf of a class
action of all others similarly situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Candido**
*on behalf of himself &all others similarly
situated*

represented by **Joseph M. Patane**
Law Office of Joseph M. Patane
2280 Union Street
San Francisco, CA 94123
415−563−7200
Email: jpatane@tatp.com
*ATTORNEY TO BE NOTICED*

**Lauren Clare Russell**
Trump Alioto Trump &Prescott, LLP
2280 Union Street
San Francisco, CA 94123
415−563−7200
Email: laurenrussell@tatp.com
*ATTORNEY TO BE NOTICED*

**Mario N. Alioto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carmen Pellitteri**
*individually and on behalf of all similarly
situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dacia Lower**
*on behalf of herself and all others
similarly situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marcy Linder**
*on behalf of herself and all others
similarly situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amber M. Nesbitt**
Wexler Toriseva Wallace LLP
55 West Monroe Street
Suite 3300
Chicago, IL 60603
(312) 346−2222
Email: amn@wtwlaw.com
*ATTORNEY TO BE NOTICED*

**Edward A. Wallace**
Wexler Toriseva Wallace LLP
55 West Monroe Street
Suite 3300
Chicago, IL 60603

(312) 346−2222
Email: eaw@wtwlaw.com
*ATTORNEY TO BE NOTICED*

**Kenneth A. Wexler**
Wexler Toriseva Wallace LLP
55 W. Monroe Street
Suite 3300
Chicago, IL 60603
312−346−2222
Fax: 312−346−0022
Email: kaw@wtwlaw.com
*ATTORNEY TO BE NOTICED*

**Mark J. Tamblyn**
Wexler Toriseva Wallace LLP
1610 Arden Way, Suite 290
Sacramento, CA 95815
(916) 568−1100
Email: mjt@wtwlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Molly Wagman**
*on behalf of herself and all others
similarly situated*

represented by  **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NMJ Consultant Group, Inc.**
*individually and on behalf of a class of all
those similarly situated*

represented by  **Christopher J. Cormier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hilary K. Ratway**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Hausfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seth R Gassman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jayne A. Goldstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Canteen Vending Company**
*individually and on behalf of a class of all
those similarly situated*

represented by  **Arthur N. Bailey**
Arthur N. Bailey &Associates
111 West Second Street
Suite 4500

Jamestown, NY 14701
(716) 664−2967
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tanya S Chutkan**
Boies, Schiller &Flexner LLP
5301 Wisconsin Avenue N.W.
Suite 800
Washington, DC 20015
202−237−2727
Email: tchutkan@bsfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A. Isaacson**
Boies, Schiller &Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, DC 20015
(202) 237−2727
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eugenia Miceli**                          represented by   **Barry C. Barnett**
*on behalf of herself and all others*                        (See above for address)
*similarly situated*                                         *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Rachel S. Black**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Stephen D. Susman**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jones Vend and OCS Distributing, Inc.**   represented by   **Walter W. Cohen**
*on behalf of itself and all others similarly*               (See above for address)
*situated*                                                   *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Bruce L. Simon**
                                                             Pearson, Simon, Soter, Warshaw &Penny,
                                                             LLP
                                                             44 Montgomery Street
                                                             Suite 1200
                                                             San Francisco, CA 94104
                                                             (415) 433−9000
                                                             Email: bsimon@psswplaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jane Gowen Penny**
                                                             Killian &Gephart, LLP
                                                             218 Pine Street
                                                             P.O. Box 886

Harrisburg, PA 17108-0886
717-238-5430
Fax: 17172380592
Email: jpenny@killiangephart.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Russell Traub**
*individually and on behalf of all others
similarly situated*

represented by **Bonny E. Sweeney**
Coughlin Stoia Geller Rudman &Robbins
LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
(619) 231-1058
Email: bonnys@csgrr.com
*ATTORNEY TO BE NOTICED*

**Katherine A Morgan**
Coughlin Stoia Geller Rudman &Robbins
LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
619-231-1058
Email: kmorgan@csgrr.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**C.W. Brower, Inc.**
*on behalf of itself and all others similarly
situated*

represented by **Clinton P Walker**
Damrell, Nelson, Schrimp, Pallios, Pacher
&Silva
1601 I Street
Fifth Floor
Modesto, CA 95354
209-526-3500
Email: CWalker@damrell.com
*ATTORNEY TO BE NOTICED*

**Fred A Silva**
Damrell, Nelson, Schrimp, Pallios, Pacher
&Silva
1601 I Street
Fifth Floor
Modesto, CA 95354
209-526-3500
Email: fsilva@damrell.com
*ATTORNEY TO BE NOTICED*

**Kathy L Monday**
Damrell, Nelson, Schrimp, Pallios, Pacher
&Silva
1601 I Street
Fifth Floor
Modesto, CA 95354
209-526-3500
Email: kmonday@damrell.com
*ATTORNEY TO BE NOTICED*

**Roger M. Shrimp**
Damrell, Nelson Schrimp, Pallios, Pacher
&Silva
1601 I Street, Fifth Floor
Modesto, CA 95354
(209) 526-3500

Email: rschrimp@damrell.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Craig Stephenson**
*on behalf of himself and all others
similarly situated*

represented by **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kevin Tierney**
*on behalf of himself and all others
similarly situated*

represented by **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Plaintiff**

**Treat America Limited**
*on behalf of itself and all others similarly
situated*

represented by **Bernice Conn**
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
310-552-0130
Email: bconn@rkmc.com
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**K. Craig Wildfang**
Robins, Kaplan, Miller &Ciresi LLP
800 Lasalle Ave.
Suite 2800
Minneapolis, MN 55402
(612) 349-8554
Email: kcwildfang@rkmc.com
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**Michael A. Geibelson**
Robins Kaplan Miller &Ciresi LLP
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
310-552-0130
Email: mageibelson@rkmc.com
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**Michael C. Maher**
The Maher Law Firm
631 West Morse Blvd.
Suite 200
Winter Park, FL 32789
612-349-8500
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Roman M. Silberfeld**
Robins, Kaplan, Miller &Ciresi LLP
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
(310) 552-0130

Email: rmsilberfeld@rkmc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas J. Undlin**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
612−349−8500
Email: tjundlin@rkmc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph U. Metz**
Dilworth Paxson LLP
112 Market Street
Harrisburg, PA 17101
717−236−4812
Fax: 17172367811
Email: jmetz@dilworthlaw.com
*ATTORNEY TO BE NOTICED*

**Steven R. Maher**
The Maher Law Firm
631 West Morse Blvd.
Suite 200
Winter Park, FL 32789
407.839.0866
Email: smaher@maherlawfirm.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**T. Levy Associates**
*trading as Beautyland, on behalf of itself
and all others similarly situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam S. Levy**
The Haviland Law Firm LLC
740 S. Third Street
Third Floor
Philadelphia, PA 19147
215−609−4661
Email: adamslevy@comcast.net
*ATTORNEY TO BE NOTICED*

**Donald E Haviland**
The Haviland Law Firm LLC
740 South Third Street
Third Floor
Philadelphia, PA 19147
215−609−4661
Email: haviland@havilandlaw.com
*ATTORNEY TO BE NOTICED*

**Michael J. Lorusso**
The Haviland Law Firm LLC
740 S. Third Street
Third Floor
Philadelphia, PA 19147
215−609−4661
Email: lorusso@havilandlaw.com

*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Judith Bishop**                    represented by **James J. McCarthy, Jr.**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kevin J. Miller**
                                                    Kellogg, Huber, Hansen, Todd, Evans
                                                    &figel, PLLC
                                                    1615 M Street, NW
                                                    Suite 400
                                                    Washington, DC 20036−3209
                                                    202.326.7987
                                                    Email: kmiller@khhte.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Steven F. Benz**
                                                    Kellog, Huber, Hansen, Todd, Evans
                                                    &Figel, P.L.L.C.
                                                    Sumner Square
                                                    1615 M Street N.W., Suite 400
                                                    Washington, DC 20036−3209
                                                    202−326−7929
                                                    Email: sbenz@khhte.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Eric Rodman Cohen**                represented by **James J. McCarthy, Jr.**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kevin J. Miller**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Steven F. Benz**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**
**James Miles**                      represented by **James J. McCarthy, Jr.**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kevin J. Miller**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Steven F. Benz**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Darla Jackson**                          represented by   **James J. McCarthy, Jr.**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kevin J. Miller**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Steven F. Benz**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Levy**                             represented by   **James J. McCarthy, Jr.**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kevin J. Miller**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Steven F. Benz**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Frank Gerencser**                        represented by   **James J. McCarthy, Jr.**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kevin J. Miller**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Steven F. Benz**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sarah Allder**                           represented by   **James J. McCarthy, Jr.**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kevin J. Miller**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Steven F. Benz**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Timothy Duffy**                        represented by **James J. McCarthy, Jr.**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Kevin J. Miller**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Steven F. Benz**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Korey James Christensen**              represented by **James J. McCarthy, Jr.**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Kevin J. Miller**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Steven F. Benz**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Susan Jones**                          represented by **James J. McCarthy, Jr.**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Kevin J. Miller**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Steven F. Benz**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Abbie Soule**                          represented by **James J. McCarthy, Jr.**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Kevin J. Miller**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Steven F. Benz**
                                        (See above for address)
                                        *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Stephanie Aceto**                    represented by    **James J. McCarthy, Jr.**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kevin J. Miller**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven F. Benz**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Donna Siler**                        represented by    **James J. McCarthy, Jr.**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kevin J. Miller**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven F. Benz**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Timothy Emmer**                      represented by    **James J. McCarthy, Jr.**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kevin J. Miller**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven F. Benz**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Sarina Vlock**                       represented by    **James J. McCarthy, Jr.**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kevin J. Miller**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven F. Benz**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Robert Allder**                         represented by  **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Michelle Bounderate**                   represented by  **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Amy K. Luminoso**                       represented by  **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Katherine Mary Ferlic**                 represented by  **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Steven F. Benz
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Moynahan**                    represented by   **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Douglas Dillard Glenn**            represented by   **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Monica Browne**                    represented by   **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mike Carrels**                     represented by   **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Layna M. Rose**                     represented by   **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**James Veneziano**                   represented by   **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Marlene Smith**                     represented by   **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Mike Davis**                        represented by   **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Arnie Enz
*individually and on behalf of all others*
*similarly situated*

represented by **James J. McCarthy, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin J. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven F. Benz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Food Lion, LLC

represented by **R. Laurence Macon**
Akin, Gump, Strauss, Hauer &Feld, Et al
300 Convent Street
Ste 1500
San Antonio, TX 78205
210−281−7000
Email: lmacon@akingump.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard L. Wyatt, Jr.**
Hunton &Williams
1900 K Street, N.W.
Washington, DC 20006
202−419−2162
Email: rwyatt@hunton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd M. Stenerson**
Hunton &Williams
1900 K Street, N.W.
Washington, DC 20006
202−419−2184
Email: tstenerson@hunton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Torsten M. Kracht**
Akin Gump Stauss Hauer &Feld, LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036−1564

(202) 887-4000
Email: tkracht@akingump.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Hannaford Bros. Co.**                    represented by    **R. Laurence Macon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard L. Wyatt, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd M. Stenerson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Torsten M. Kracht**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Kash N' Karry Food Stores, Inc.**        represented by    **R. Laurence Macon**
*individually and on behalf of a class of all*                (See above for address)
*those similarly situated*                                    *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard L. Wyatt, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven D. Shadowen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd M. Stenerson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Torsten M. Kracht**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**VME Distributors, Inc.**                 represented by  **Michael D. Hausfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Card &Party Mart II Ltd.**               represented by  **Michael D. Hausfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edward S Hesano**                        represented by  **Walter W. Cohen**
*Individually and on behalf of all other*                 (See above for address)
*similarly situated*                                       *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J Morganti**
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119−0165
212−946−9359
Email: amorganti@milberg.com
*ATTORNEY TO BE NOTICED*

**Peter G Safirstein**
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119−0165
212−594−5300
Email: psafirstein@milberg.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Karin Jacobs**                           represented by  **Walter W. Cohen**
*on Behalf of Herself and All Others*                     (See above for address)
*Similarly Situated*                                       *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. McShane**
Audet &Partners, LLP
221 Main Street
Suite 1460

San Francisco, CA 94105
415.568.2555
Email: mmcshane@audetlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Weis Markets, Inc.**
*Individually and on behalf of a class of all those similarly situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark R. Cuker**
Williams Cuker Berezofsky
1617 J.F.K. Blvd
Suite 800
Philadelphia, PA 19103
215-557-0099
Email: mcuker@wcblegal.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**VME Distributors, Inc.**
*individually and on behalf of a class of all those similarly situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cheryl Currie**

**Plaintiff**

**Long Leaf Vending Inc.**
*Individually and on behalf of a class of all those similarly situated*

represented by **Walter W. Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cyrus T.G.**
*d/b/a Alta Cucina, on behalf of himself and all others similarly situated*

represented by **Gordon Ball**
Ball &Scott
550 West Main Street
Suite 601
Knoxville, TN 37902
865-525-7028
Email: gball@ballandscott.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Northlake Pizza and Subs, LLC**

**Plaintiff**

**Superior Office Snacks, Inc.**

**Plaintiff**

**Superior Office Snacks of Nebraska, Inc.**

**Plaintiff**

**Snacks for a Purpose, Inc.**

**Plaintiff**

**Honor Snack, Inc.**

<u>**Plaintiff**</u>

**Oasis Distributors, Inc.**

<u>**Plaintiff**</u>

**LLG Enterprises of SE Wisconsin, LLC**
*d/b/a The Snack Store, on Behalf of Themselves and All Others Similarly Situated*

<u>**Plaintiff**</u>

**Longs Drug Stores California, Inc.**          represented by  **Steven D. Shadowen**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Associated Grocers of Florida, Inc.**          represented by  **Steven D. Shadowen**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Lisa Blackwell**                              represented by  **James J. McCarthy, Jr.**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Kelsey French**                               represented by  **James J. McCarthy, Jr.**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Pernell Larsen**                              represented by  **James J. McCarthy, Jr.**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Linda K. Davis**                              represented by  **James J. McCarthy, Jr.**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Shirley A. Dresen**                           represented by  **James J. McCarthy, Jr.**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**Cadbury Schweppes PLC**                       represented by

**Anh P Le**
Morrison &Foerster LLP
1290 Avenue of the Americas
New York, NY 10104−0050
212−468−8000
Email: ple@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bridget E. Montgomery**
Eckert Seamans Cherin &Mellott, LLC
213 Market St
8th Floor
Harrisburg, PA 17101
717−237−6054
Fax: 717−237−6019
Email: bmontgomery@eckertseamans.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis P. Orr**
Morrison &Foerster LLP
1290 Avenue of the Americas
New York, NY 10104−0012
(212) 468−8161
Email: dorr@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Eul**
Eckert Seamans Cherin &Mellott, LLC
213 Market Street
Eighth Floor
Harrisburg, PA 17101
717−237−6069
Email: jeul@eckertseamans.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M Mueller**
Morrison &Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
212−468−8000
Email: tmueller@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Hershey Company**             represented by  **Brian M. English**
TOMPKINS, MCGUIRE,
WACHENFELD &BARRY, LLP
FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NJ 07102−4070
(973) 622−3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan D. Brightbill**
Kirkland &Ellis LLP
655 15th Street NW
Washington, DC 20005
202−879−5238

Fax: 12028795200
Email: jbrightbill@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas D. Yannucci**
Kirkland &Ellis
655 15th St., N.W.
Washington,, DC 20005
(202) 879–5000
Email: tyannucci@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Boynton, Jr.**
McNees, Wallace &Nurick
P. O. Box 1166
Harrisburg, PA 17108
717–237–5352
Email: aboynton@mwn.com
*ATTORNEY TO BE NOTICED*

**Craig S. Primis LLP**
Kirkland &Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
202–879–5000
Email: cprimis@kirkland.com
*ATTORNEY TO BE NOTICED*

**David E. Lehman**
McNees, Wallace &Nurick
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108–1166
717–237–5285
Fax: 717–237–5300
Email: dlehman@mwn.com
*ATTORNEY TO BE NOTICED*

**Kimberly M. Colonna**
McNees Wallace &Nurick LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108
717–237–5278
Fax: 17172375300
Email: kcolonna@mwn.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mars, Incorporated**                    represented by    **Brian J. McMahon**
Gibbons PC
One Gateway Center
Newark, NJ 07102
973–596–4500
Email: bmcmahon@gibbonslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Marx, Jr.**
McDermott Will &Emery LLP
227 West Monroe Street
Suite 4400

Chicago, IL 60603
(312) 984−7668
Fax: 312−984−7700
Email: dmarx@mwe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick E. Blakelock**
Gibbons, P.C.
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
215−446−6231
Email: fblakelock@gibbonslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Guy V. Amoresano**
Gibbons, PC
One Gateway Center
Newark, NJ 07102
(973) 596−4500
Email: gamoresano@gibbonslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Mara**
Gibbons, P.C.
One Gateway Center
Newark, NJ 07102−5310
973−596−4500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael F. Quinn**
Gibbons P.C.
One Gateway Center
Newark, NJ 07102
(973) 596−4500
Email: mquinn@gibbonslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefan M. Meisner**
McDermott Will &Emery LLP
600 13th Street, NW
Washington, DC 20005
202−756−8344
Fax: 202−756−8087
Email: smeisner@mwe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas S. Brown**
Gibbons P.C.
1700 Two Logan Square
18th &Arch Sts.
Philadelphia, PA 19103
215−446−6215
Email: tbrown@gibbonslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nestle Suisse S.A.**                     represented by    **Nestle Suisse S.A.**
                                                            Avenue Nestle 55
                                                            CH−1800 Vevey, Vaud
                                                            Switzerland
                                                            PRO SE

**Defendant**

**Nestle U.S.A., Inc.**                    represented by    **Matthew M. Haar**
                                                            Saul Ewing, LLP
                                                            2 North Second Street
                                                            7th Floor
                                                            Harrisburg, PA 17101
                                                            717−257−7508
                                                            Email: mhaar@saul.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Michael A. Finio**
                                                            Saul Ewing LLP
                                                            2 N. 2nd Street
                                                            7th Floor
                                                            Harrisburg, PA 17101
                                                            717−238−7671
                                                            Email: mfinio@saul.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Peter E. Moll**
                                                            Howrey LLP
                                                            1299 Pennsylvania Avenue, N.W.
                                                            Washington, DC 20004−2402
                                                            (202) 383−6966
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Roxann E. Henry**
                                                            Howrey LLP
                                                            1299 Pennsylvania Avenue, N.W.
                                                            Washington, DC 20004
                                                            (202) 383−6503
                                                            Email: henryr@howrey.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Emily H. Damron**
                                                            Saul Ewing LLP
                                                            2 North Second Street
                                                            2nd Floor
                                                            Harrisburg, PA 17101
                                                            717−257−7576
                                                            Email: edamron@saul.com
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Nestle S.A.**                            represented by    **Nestle S.A.**
                                                            Avenue Nestle 55
                                                            CH−1800 Vevey, Vaud
                                                            Switzerland
                                                            PRO SE

**Defendant**

**Cadbury Adams Canada, Inc.**             represented by    **Anh P Le**
                                                            (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bridget E. Montgomery**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis P. Orr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Eul**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leah A. Ramos**
Morrison &Forester LLP
1290 Ave of the Americas
42nd Floor
New York, NY 10104
212.468.8000
Email: lramos@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M Mueller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Hershey Canada, Inc.                    represented by  **Hershey Canada, Inc.**
2350 Matheson Blvd., E
Mississauga ON
L4W 5E9 Canada
PRO SE

**Defendant**

Mars Canada Inc.                        represented by  **Brian J. McMahon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick E. Blakelock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Guy V. Amoresano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael F. Quinn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefan M. Meisner**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Thomas S. Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Mars North America**                    represented by    **Brian J. McMahon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Marx, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick E. Blakelock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Guy V. Amoresano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael F. Quinn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefan M. Meisner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas S. Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Mars Snackfoods U.S.A. LLC**            represented by    **Brian J. McMahon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Marx, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick E. Blakelock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Guy V. Amoresano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Michael F. Quinn
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Stefan M. Meisner
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Thomas S. Brown
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Nestle Canada Inc.                    represented by    Nestle Canada Inc.
                                                        25 Sheppard Avenue West
                                                        North York, Ontario M2N 6S8
                                                        Canada
                                                        PRO SE

**Defendant**

ITWAL, Ltd.                           represented by    Michael O. Ware
                                                        Mayer Brown LLP
                                                        1675 Broadway
                                                        New York, NY 10019−5820
                                                        (212) 506−2500
                                                        Email: mware@mayerbrown.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        Cathleen Coyle McNulty
                                                        Buchanan Ingersoll &Rooney PC
                                                        1835 Market Street
                                                        14th Floor
                                                        Philadelphia, PA 19103
                                                        215−665−3845
                                                        Email: cathleen.mcnulty@bipc.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        Howard D. Scher
                                                        Buchanan Ingersoll PC
                                                        Eleven Penn Center, 14th Floor
                                                        1835 Market Street
                                                        Philadelphia, PA 19103
                                                        215−665−3920
                                                        Email: howard.scher@bipc.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        Jayson R. Wolfgang
                                                        Buchanan Ingersoll &Rooney, PC
                                                        213 Market St.
                                                        Third Floor
                                                        One South Market Square
                                                        Harrisburg, PA 17101
                                                        717−237−4800
                                                        Email: jayson.wolfgang@bipc.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        Paula G Lin
                                                        Mayer Brown LLP
                                                        1675 Broadway
                                                        New York, NY 10019

212−506−2500
Email: plin@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**Richard M Steuer**
Mayer Brown LLP
1675 Broadway
New York, NY 10019
212−506−2500
Email: rsteuer@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**Rosa M Morales**
Mayer Brown LLP
1675 Broadway
New York, NY 10019
212−506−2500
Email: rmmorales@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Masterfoods USA**                 represented by   **Brian J. McMahon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Marx, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick E. Blakelock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Guy V. Amoresano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael F. Quinn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stefan M. Meisner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas S. Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nestle USA**                 represented by   **Joseph A. Ostoyich**
Howrey &Simon
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Haar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Finio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily H. Damron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nestle United States, Inc.**                    represented by   **Matthew M. Haar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Finio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roxann E. Henry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily H. Damron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cadbury Schweppes Americas**                    represented by   **Cadbury Schweppes Americas**
5301 Legacy Drive
3rd Floor
Plano, TX 75024
*PRO SE*

**Defendant**

**Cadbury Adams USA LLC**                    represented by   **Anh P Le**
(See above for address)
*TERMINATED: 08/21/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bridget E. Montgomery**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis P. Orr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Eul**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leah A. Ramos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M Mueller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cadbury Adams**                       represented by   **Dennis P. Orr**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**John Does I–X**

**Defendant**

**Mars US**

**Defendant**

**Kraft Foods Inc.**

**Defendant**

**Alfred Ritter GMBH &Co. KG**

**Defendant**

**Mars Snackfood US LLC**

**Defendant**

**Cadbury Schweppes Americas
Confectionery**

**Defendant**

**Cadbury Holdings Ltd.**                represented by   **Leah A. Ramos**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Cadbury PLC**                          represented by   **Leah A. Ramos**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/07/2008 | 1 | ORDER signed by D. Lowell Jensen, MDL Panel Acting Chairman, filed on April 7, 2008 and received from the MDL Panel with Schedule A listing transfer cases included. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 2 | ORDER Pursuant to a conflict of interest as defined by Canons 2(B) and 3(C) of the Code of Judicial Conduct of United States Judges, IT IS HEREBY ORDERED THAT the undersigned shall be recused from the above–captioned MDL action. IT IS FURTHER ORDERED THAT the Clerk of Court shall reassign this matter to the Honorable Christopher C. Conner.Signed by Judge Yvette Kane on 4/10/08. (jc) (Entered: 04/11/2008) |

| 04/10/2008 | 3 | LETTER – from MDPA Clerk's Office to Clerk in the N.D. of California requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| --- | --- | --- |
| 04/10/2008 | 4 | LETTER – from MDPA Clerk's Office to Clerk in the E.D. of Michigan requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 5 | LETTER – from MDPA Clerk's Office to Clerk in the E.D. of Michigan requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 6 | LETTER – from MDPA Clerk's Office to Clerk in the E.D. of Michigan requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 7 | LETTER – from MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 8 | LETTER – from MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 9 | LETTER – from MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 10 | LETTER – from MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 11 | LETTER – from MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 12 | LETTER – from MDPA Clerk's Office to Clerk in the S.D. of New York requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 13 | LETTER – from MDPA Clerk's Office to Clerk in the E.D. of Pennsylvania requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Tranfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 14 | LETTER – from MDPA Clerk's Office to Clerk in the E.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 15 | LETTER – from MDPA Clerk's Office to Clerk in the E.D. of Pennsylvania requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 16 | LETTER – from MDPA Clerk's Office to Clerk in the E.D. of Pennsylvania requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/10/2008 | 17 | LETTER – from MDPA Clerk's Office to Clerk in the E.D. of Virginia requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 4/7/08. (jc) (Entered: 04/11/2008) |
| 04/14/2008 | 18 | Mail Returned as Undeliverable. Mail (Doc. 1) sent to Thomas Yannucci. Doc. 1 re–mailed as Yannucci's address seems to have been corrected in database; (ep, ) Modified on 4/15/2008 (ep, ). (Entered: 04/14/2008) |
| 04/15/2008 | 19 | CASE MANAGEMENT ORDER NO. 1 establishing practices and procedures for administration of the Chocolate Confectionary Antitrust Litigation.Signed by Honorable Christopher C. Conner on 4/15/08. (jc) (Entered: 04/15/2008) |



| 04/17/2008 | 23 | ADMINISTRATIVE ORDER IT IS ORDERED that: 1) The Clerk of Court is directed to remove the notices of appearance (Docs. 20, 21, 22) from the docket in the above-captioned matter. This action is w/out prejudice to counsels' right to appear on behalf of John Candido in the event that his case is subsequently transferred to this court. 2) The Clerk of Court is directed to DROP plaintiff John Candido as a party to the above-captioned matter.Signed by Honorable Christopher C. Conner on 4/17/08. (jc) (Entered: 04/17/2008) |
| 04/17/2008 | | DOCUMENTS 20, 21 and 22 DELETED per Judge Conner's Order filed 4/17/08. 23 (jc) (Entered: 04/17/2008) |
| 04/22/2008 | 24 | CASE MANAGEMENT ORDER NO. 2 RE: ATTORNEY MASTER SERVICE LIST It is hereby ORDERED that: 1) The Clerk of Court shall enter all attorneys listed in Attachment A as counsel of record... 2) Any Attorney appearing in the individual actions who desires to be entered as counsel of record but whose name is not listed in Attachment A may enter an appearance by filing a notice thereof via the court's Electronic Case Filing System... 3) Within 30 days, the Clerk of Court shall create an initial Attorney Master Service List consisting of all entries of appearance pursuant to Paragraphs 1 and 2 hereof. 4) Service of any document shall be deemed sufficient if made upon all individuals on the Attorney Master Service List. Signed by Honorable Christopher C. Conner on 4/22/08. SEE ORDER FOR COMPLETE DETAILS (jc) (Entered: 04/22/2008) |
| 04/22/2008 | 25 | NOTICE of Appearance by Frederick E. Blakelock on behalf of Mars Canada Inc., Mars North America, Mars Snackfoods U.S.A. LLC, Masterfoods USA, Mars, Incorporated (Blakelock, Frederick) (Entered: 04/22/2008) |
| 04/22/2008 | 26 | NOTICE of Appearance by Thomas S. Brown on behalf of Mars Canada Inc., Mars North America, Mars Snackfoods U.S.A. LLC, Masterfoods USA, Mars, Incorporated (Brown, Thomas) (Entered: 04/22/2008) |
| 04/22/2008 | 27 | NOTICE of Appearance by Michael F. Quinn on behalf of Mars Canada Inc., Mars North America, Mars Snackfoods U.S.A. LLC, Masterfoods USA, Mars, Incorporated (Quinn, Michael) (Entered: 04/22/2008) |
| 04/22/2008 | 29 | NOTICE of Appearance by Guy V. Amoresano on behalf of Mars Canada Inc., Mars North America, Mars Snackfoods U.S.A. LLC, Masterfoods USA, Mars, Incorporated (Amoresano, Guy) (Entered: 04/22/2008) |
| 04/22/2008 | 30 | NOTICE of Appearance by Stefan M. Meisner on behalf of Mars Canada Inc., Mars North America, Mars Snackfoods U.S.A. LLC, Masterfoods USA, Mars, Incorporated (Meisner, Stefan) (Entered: 04/22/2008) |
| 04/22/2008 | 31 | NOTICE of Appearance by Brian J. McMahon on behalf of Mars Canada Inc., Mars North America, Mars Snackfoods U.S.A. LLC, Masterfoods USA, Mars, Incorporated (McMahon, Brian) (Entered: 04/22/2008) |
| 04/23/2008 | 32 | CASE MANAGEMENT ORDER NO. 3 RE: INITIAL CASE MANAGEMENT CONFERENCE Case Management Conference set for 5/29/2008 at 09:00 AM in Harrisburg – Courtroom #2 before Honorable Christopher C. Conner. SEE ORDER FOR COMPLETE DETAILSSigned by Honorable Christopher C. Conner on 4/23/08. (jc) (Entered: 04/23/2008) |
| 04/23/2008 | | Document 28 (Entry of Appearance of Stefan M. Meisner) filed 4/22/08 deleted and replaced by document 30 filed 4/22/08. (jc) (Entered: 04/23/2008) |
| 04/23/2008 | 33 | NOTICE of Appearance by Roberta D. Liebenberg on behalf of The Lorain Novelty Co., Inc.. (Liebenberg, Roberta) (Entered: 04/23/2008) |
| 04/23/2008 | 34 | NOTICE of Appearance by Gerard A. Dever on behalf of The Lorain Novelty Co., Inc.. (Dever, Gerard) (Entered: 04/23/2008) |
| 04/23/2008 | 35 | NOTICE of Appearance by Ria C. Momblanco on behalf of The Lorain Novelty Co., Inc.. (Momblanco, Ria) (Entered: 04/23/2008) |
| 04/24/2008 | 36 | NOTICE of Appearance by Steven Dane Irwin on behalf of Katherine Woodman, Glenn Coffey (Irwin, Steven) (Entered: 04/24/2008) |

| 04/24/2008 | 37 | NOTICE of Appearance by Lee C. Swartz on behalf of Mandel Tobacco Company, Inc. (Swartz, Lee) (Entered: 04/24/2008) |
|---|---|---|
| 04/24/2008 | 38 | NOTICE of Appearance by Adam J. Levitt on behalf of Mandel Tobacco Company, Inc. (Levitt, Adam) (Entered: 04/24/2008) |
| 04/24/2008 | 39 | NOTICE of Appearance by Stephen M. Greecher, Jr on behalf of Mandel Tobacco Company, Inc. (Greecher, Stephen) (Entered: 04/24/2008) |
| 04/24/2008 | 40 | NOTICE of Appearance by Jeffrey B. Gittleman on behalf of The Lorain Novelty Co., Inc. (Gittleman, Jeffrey) (Entered: 04/24/2008) |
| 04/25/2008 | 41 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by David V. Weicht on behalf of Katherine Woodman, Glenn Coffey Attorney David V. Weicht is seeking special admission. Filing fee $ 25, receipt number 03140000000001271839.. (Weicht, David) (Entered: 04/25/2008) |
| 04/25/2008 | 42 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Roger P. Poorman on behalf of Katherine Woodman, Glenn Coffey Attorney Roger P. Poorman is seeking special admission. Filing fee $ 25, receipt number 03140000000001271871.. (Poorman, Roger) (Entered: 04/25/2008) |
| 04/25/2008 | 45 | NOTICE of Appearance by Craig S. Primis on behalf of The Hershey Company (Primis, Craig) (Entered: 04/25/2008) |
| 04/25/2008 | 46 | NOTICE of Appearance by Thomas D. Yannucci on behalf of The Hershey Company (Yannucci, Thomas) (Entered: 04/25/2008) |
| 04/28/2008 | 47 | ADMINISTRATIVE ORDER IT IS HEREBY ORDERED that: 1) The Clerk of Court is directed to REMOVE the notices of appearance (Docs. 43, 44) from the docket. This action is w/out prejudice to counsels' right to appear on behalf of Meijer, Inc., Meijer Distribution, Inc., Publix Supermarkets, Inc., and Affiliated Foods, Inc. in the event that a case in which they are parties is subsequently transferred to or filed with this court. 2) The Clerk of Court is directed to DROP plaintiss Meijer, Inc., Meijer Distribution, Inc., Publix Supermarkets, Inc., and Affiliated Foods, Inc. as parties to the above−captioned matter.Signed by Honorable Christopher C. Conner on 4/28/08. (jc) (Entered: 04/28/2008) |
| 04/28/2008 | | DOCUMENTS 43 &44 DELETED per Judge Conner's Order filed 4/08/08 47 . (jc) (Entered: 04/28/2008) |
| 04/28/2008 | 56 | SPECIAL ADMISSIONS FORM APPROVED as to David V. Weicht, Esquire. (Orig: SCR RegistryO Signed by Honorable Christopher C. Conner on 04/28/08. (ki) (Entered: 04/30/2008) |
| 04/28/2008 | 57 | SPECIAL ADMISSIONS FORM APPROVED as to Roger P. Poorman, Esquire. (Orig: SCR Registry) Signed by Honorable Christopher C. Conner on 04/30/08. (ki) (Entered: 04/30/2008) |
| 04/29/2008 | 48 | CERTIFICATE of Counsel re 37 Attorney Appearance − Entry of Appearance by Lee C. Swartz on behalf of Mandel Tobacco Company, Inc. (Swartz, Lee) (Entered: 04/29/2008) |
| 04/29/2008 | 49 | CERTIFICATE OF SERVICE by Mandel Tobacco Company, Inc. re 39 Attorney Appearance − Entry of Appearance (Greecher, Stephen) (Entered: 04/29/2008) |
| 04/29/2008 | 50 | NOTICE of Appearance by Bridget E. Montgomery on behalf of Cadbury Adams USA LLC, Cadbury Adams Canada, Inc., Cadbury Schweppes PLC (Montgomery, Bridget) (Entered: 04/29/2008) |
| 04/29/2008 | 51 | NOTICE of Appearance by Jennifer L. Eul on behalf of Cadbury Adams USA LLC, Cadbury Adams Canada, Inc., Cadbury Schweppes PLC (Eul, Jennifer) (Entered: 04/29/2008) |
| 04/29/2008 | 52 | NOTICE of Appearance by Simon B. Paris on behalf of The Lorain Novelty Co., Inc. (Paris, Simon) (Entered: 04/29/2008) |
| 04/29/2008 | 53 | CERTIFICATE OF SERVICE by Mandel Tobacco Company, Inc. re 38 Attorney Appearance − Entry of Appearance (Levitt, Adam) (Entered: 04/29/2008) |

| 04/29/2008 | 54 | CERTIFICATE OF SERVICE by Cadbury Adams USA LLC, Cadbury Adams Canada, Inc., Cadbury Schweppes PLC re 50 Attorney Appearance − Entry of Appearance, 51 Attorney Appearance − Entry of Appearance (Eul, Jennifer) (Entered: 04/29/2008) |
| 04/29/2008 | 55 | CERTIFICATE of Service by The Lorain Novelty Co., Inc. re 52 Attorney Appearance − Entry of Appearance of Simon B. Paris. (Paris, Simon) (Entered: 04/29/2008) |
| 04/30/2008 | 59 | NOTICE of Appearance by Krishna B. Narine on behalf of Richard Miller, Marcia Miller (Narine, Krishna) (Entered: 04/30/2008) |
| 04/30/2008 | 61 | NOTICE of Appearance by Peter S. Linden on behalf of United Wholesale, International Wholesale, Inc., United Customs Distribution, Weaver Nut Company, Royal Enterprises Corporation (Linden, Peter) (Entered: 04/30/2008) |
| 04/30/2008 | 62 | NOTICE of Appearance by David E Kovel on behalf of International Wholesale, Inc., United Customs Distribution, Weaver Nut Company, Royal Enterprises Corporation, United Wholesale (Kovel, David) (Entered: 04/30/2008) |
| 04/30/2008 | 63 | NOTICE of Appearance by Beverly L Tse on behalf of International Wholesale, Inc., United Customs Distribution, Weaver Nut Company, Royal Enterprises Corporation, United Wholesale (Tse, Beverly) (Entered: 04/30/2008) |
| 04/30/2008 | | For future reference, certificates of service should NOT be filed as a separate document but should be incorporated within the document. (jc) (Entered: 04/30/2008) |
| 04/30/2008 | 64 | NOTICE of Appearance by Elizabeth C. Pritzker on behalf of Diane Chiger (Pritzker, Elizabeth) (Entered: 04/30/2008) |
| 05/01/2008 | | COUNSEL should note that ECF passwords and logins are not interchangeable. In order for your name to appear on the docket sheet when entering a Notice of Appearance you have to use your M.D. PA issued password and login. (jc) (Entered: 05/01/2008) |
| 05/01/2008 | 65 | ADMINISTRATIVE ORDER It is hereby ORDERED that: 1) The Clerk of Court is directed to REMOVE the notice of appearance (Doc. 58) and the certificate reflecting service thereof (Doc. 60) from the docket. This action is w/out prejudice to counsel's right to appear o/b/o Weaver Nut Co. and Royal Enterprises Corp. in the event that a case in which they are parties is subsequently transferred to or filed with this court. 2) The Clerk of Court is directed to DROP pltfs Weaver Nut Co. and Royal Enterprises as parties. Signed by Honorable Christopher C. Conner on 5/1/08. (jc) (Entered: 05/01/2008) |
| 05/01/2008 | | DOCUMENTS 58 and 60 deleted per Administrative Order filed 5/1/08 65 . (jc) (Entered: 05/01/2008) |
| 05/01/2008 | 66 | ADMINISTRATIVE ORDER It is hereby ORDERED that: 1) The notice of appearance 59 is DECLARED ineffective with respect to Lori Ann Hongach and Eugenia Micelli. 2) This action is w/out prejudice to counsel's right to appear o/b/o Lori Ann Hongach and Eugenia Micelli in the event that a case in which they are parties is subsequently transferred to or commenced with this court. If such a case is subsequently transferred to or commenced with this court, counsel shall file a timely notice of appearance in the above−captioned matter. Signed by Honorable Christopher C. Conner on 5/1/08. (jc) (Entered: 05/01/2008) |
| 05/01/2008 | 67 | ADMINISTRATIVE ORDER It is hereby ORDERED that: 1) The notice of appearance 61 62 63 are DECLARED ineffective with respect to Weaver Nut Co. and Royal Enterprises Corp. 2) This action is w/out prejudice to counsel's right to appear o/b/o Weaver Nut Co. and Royal Enterprises Corp. in the event that a case in which they are parties is subsequently transferred to or commenced with this court. If such a case is subsequently transferred to or commenced with this court, counsel shall file a timely notice of appearance. 3) The Clerk of Court is directed to DROP plaintiffs Weanver Nut Co. and Royal Enterprises Corp. as parties to the above−captioned matter. Signed by Honorable Christopher C. Conner on 5/1/08. (jc) (Entered: 05/01/2008) |

| 05/06/2008 | 68 | NOTICE of Appearance by Michael A. Finio on behalf of Nestle United States, Inc., Nestle U.S.A., Inc., Nestle USA (Finio, Michael) (Entered: 05/06/2008) |
| 05/06/2008 | | COUNSEL should note that ECF passwords and logins are not interchangeable. In order for your name to appear on the docket sheet when entering a Notice of Appearance you have to use your M.D. PA issued password and login. (jc) (Entered: 05/06/2008) |
| 05/06/2008 | 69 | NOTICE of Appearance by Kimberly M. Colonna on behalf of The Hershey Company (Colonna, Kimberly) (Entered: 05/06/2008) |
| 05/06/2008 | 70 | NOTICE of Appearance by David E. Lehman on behalf of The Hershey Company (Lehman, David) (Entered: 05/06/2008) |
| 05/06/2008 | 71 | NOTICE of Appearance by Alan R. Boynton, Jr on behalf of The Hershey Company (Boynton, Alan) (Entered: 05/06/2008) |
| 05/07/2008 | 72 | NOTICE of Appearance by Matthew M. Haar on behalf of Nestle United States, Inc., Nestle U.S.A., Inc., Nestle USA (Haar, Matthew) (Entered: 05/07/2008) |
| 05/07/2008 | 73 | NOTICE of Appearance by Emily H. Damron on behalf of Nestle United States, Inc., Nestle U.S.A., Inc., Nestle USA (Damron, Emily) (Entered: 05/07/2008) |
| 05/07/2008 | 76 | CERTIFIED CONDITIONAL TRANSFER ORDER (CTO−1) signed by Jeffrey N. Luthi, Clerk of the Panel, filed 5/7/08 and received from the MDL Panel with Schedule CTO−1 Tag−Along Actions attached. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 77 | LETTER − from the MDPA Clerk's Office to Clerk in the Central District of California requesting transfer of their case to the M.D. of PA pursuant to Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 78 | LETTER − from the MDPA Clerk's Office to Clerk in the Central District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 79 | LETTER − from the MDPA Clerk's Office to Clerk in the Central District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 80 | LETTER − from the MDPA Clerk's Office to Clerk in the Central District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 81 | LETTER − from the MDPA Clerk's Office to the Clerk in the Central District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 82 | LETTER − from the MDPA Clerk's Office to Clerk in the Central District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 83 | LETTER − from the MDPA Clerk's Office to the Clerk in the Central District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 84 | LETTER − from the MDPA Clerk's Office to Clerk in the Central District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 85 | LETTER − from the MDPA Clerk's Office to Clerk in the Central District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/09. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 86 | LETTER − from the MDPA Clerk's Office to Clerk in the Northern District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 87 | LETTER − from the MDPA Clerk's Office to Clerk in the Northern District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |

| 05/07/2008 | 88 | LETTER – from the MDPA Clerk's Office to Clerk in the Eastern District of Michigan requesting the tranfer of their case to the M.D. of PA pursuant to Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| --- | --- | --- |
| 05/07/2008 | 89 | LETTER – from the MDPA Clerk's Office to Clerk in the District of New Jersey reqesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 90 | LETTER – from the MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 91 | LETTER – from the MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 92 | LETTER – from the MDPA Clerk's Office to Clerk in the District of New Jersey requesitng the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 93 | LETTER – from the MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 94 | LETTER – from MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 95 | LETTER – from the MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 96 | LETTER – from the MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 97 | LETTER – from the MDPA Clerk's Office to Clerk in the District of Nnew Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc ) (Entered: 05/09/2008) |
| 05/07/2008 | 98 | LETTER – from the MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 99 | LETTER – from the MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 100 | LETTER – from the MDPA Clerk's Office to the Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 101 | LETTER – from the MDPA Clerk's Office to Clerk in the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 102 | LETTER – from the MDPA Clerk's Office to Clerk for the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 103 | LETTER – from the MDPA Clerk's Office to Clerk for the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 104 | LETTER – from the MDPA Clerk's Office to Clerk for the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO–1–Tag–Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |

| 05/07/2008 | 105 | LETTER − from the MDPA Clerk's Office to Clerk for the Southern District of New York requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| --- | --- | --- |
| 05/07/2008 | 106 | LETTER − from the MDPA Clerk's Office to Clerk for the Southern District of New York requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 107 | LETTER − from the MDPA Clerk's Office to Clerk for the Southern District of New York requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 108 | LETTER − from the MDPA Clerk's Office to Clerk for the Southern District of New York requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc ) (Entered: 05/09/2008) |
| 05/07/2008 | 109 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of PA requesting that their case be transferred to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 110 | LETTER − fro the MDPA Clerk's Office to Clerk for the E.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 111 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 112 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 113 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 114 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 115 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 116 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of PA requesting the tranfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc ) (Entered: 05/09/2008) |
| 05/07/2008 | 117 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 118 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 119 | LETTER − from the MDPA Clerk's Office to Clerk for the W.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 120 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of Texas requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| 05/07/2008 | 121 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of Texas requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |

| 05/07/2008 | 122 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of Wisconsin requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−1−Tag−Along Order filed 5/7/08. (jc) (Entered: 05/09/2008) |
| --- | --- | --- |
| 05/09/2008 | 74 | NOTICE of Appearance by Joshua R. Carver on behalf of Glenn Coffey (Carver, Joshua) (Entered: 05/09/2008) |
| 05/09/2008 | 75 | NOTICE of Appearance by Randall B. Weill on behalf of Glenn Coffey (Weill, Randall) (Entered: 05/09/2008) |
| 05/13/2008 | 123 | NOTICE of Appearance by Thomas M Mueller on behalf of Cadbury Adams USA LLC, Cadbury Adams Canada, Inc., Cadbury Schweppes PLC. (Attachments: # 1 Affidavit of Service)(Mueller, Thomas) (Entered: 05/13/2008) |
| 05/13/2008 | 124 | NOTICE of Appearance by Anh P Le on behalf of Cadbury Adams USA LLC, Cadbury Adams Canada, Inc., Cadbury Schweppes PLC. (Attachments: # 1 Affidavit of Service)(Le, Anh) (Entered: 05/13/2008) |
| 05/13/2008 | 125 | NOTICE of Appearance by Morissa R. Falk on behalf of CNS Confectionery Products, LLC, Winn Corporation, Stephen Snow, Comwest Industries Inc. (Falk, Morissa) (Entered: 05/13/2008) |
| 05/14/2008 | 126 | NOTICE of Appearance by Donald L Perelman on behalf of The Lorain Novelty Co., Inc. (Perelman, Donald) (Entered: 05/14/2008) |
| 05/14/2008 | 127 | NOTICE of Appearance by Gregory S. Asciolla on behalf of CNS Confectionery Products, LLC, Winn Corporation, Stephen Snow, Comwest Industries Inc. (Asciolla, Gregory) (Entered: 05/14/2008) |
| 05/14/2008 | 128 | CERTIFIED CONDITIONAL TRANSFER ORDER (CTO−2) signed by Jeffrey N. Luthi, Clerk of the Panel, filed 5/14/08 and received from the MDL Panel with Schedule CTO−2−Tag−Along Actions attached. (jc) (Entered: 05/14/2008) |
| 05/14/2008 | 129 | LETTER − from the MDPA Clerk's Office to Clerk for the Southern District of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−2−Tag−Along order filed 5/14/08. (jc) (Entered: 05/14/2008) |
| 05/14/2008 | 130 | LETTER − from the MDPA Clerk's Office to Clerk of the Northern District of Illinois requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−2−Tag−Along Order filed 5/14/08. (jc) (Entered: 05/14/2008) |
| 05/14/2008 | 131 | LETTER − from the MDPA Clerk's Office to Clerk of the Eastern District of Louisiana requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−2−Tag−Along Order filed 5/14/08. (jc) (Entered: 05/14/2008) |
| 05/14/2008 | 132 | LETTER − from the MDPA Clerk's Office to Clerk for the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−2−Tag−Along Order filed 5/14/08. (jc) (Entered: 05/14/2008) |
| 05/14/2008 | 133 | LETTER − from the MDPA Clerk's Office to Clerk for the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−2−Tag−Along Order filed 5/14/08. (jc) (Entered: 05/14/2008) |
| 05/14/2008 | 134 | LETTER − from the MDPA Clerk's Office to Clerk for the District of New Jersey requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−2−Tag−Along order filed 5/14/08. (jc) (Entered: 05/14/2008) |
| 05/14/2008 | 135 | LETTER − from the MDPA Clerk's Office to Clerk for the Southern District of New York requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−2−Tag−Along Order filed 5/14/08. (jc ) (Entered: 05/14/2008) |
| 05/14/2008 | 136 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of PA requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−2−Tag−along Order filed 5/14/08. (jc) (Entered: 05/14/2008) |
| 05/15/2008 | 137 | NOTICE of Appearance by Ronald J. Aranoff on behalf of Thomas Rode (Aranoff, Ronald) (Entered: 05/15/2008) |
| 05/15/2008 | 138 | NOTICE of Appearance by Timothy D Battin on behalf of Stephanos Sgouros (Battin, Timothy) (Entered: 05/15/2008) |

| 05/16/2008 | 139 | NOTICE of Appearance by Linda Nussbaum on behalf of Affiliated Foods, Inc., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc. (Nussbaum, Linda) (Entered: 05/16/2008) |
| 05/16/2008 | 140 | NOTICE of Appearance by Robert N. Kaplan on behalf of Affiliated Foods, Inc., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc. (Kaplan, Robert) (Entered: 05/16/2008) |
| 05/16/2008 | 141 | NOTICE of Appearance by W. Joseph Bruckner on behalf of Canteen Company of Utica−Rome, Inc.. (Bruckner, W.) (Entered: 05/16/2008) |
| 05/19/2008 | 142 | NOTICE of Appearance by Steven D. Shadowen on behalf of CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp. (Shadowen, Steven) (Entered: 05/19/2008) |
| 05/19/2008 | 143 | NOTICE of Appearance by Joseph T. Lukens on behalf of CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp. (Lukens, Joseph) (Entered: 05/19/2008) |
| 05/19/2008 | 144 | NOTICE of Appearance by Howard D. Scher on behalf of ITWAL, Ltd.. (Scher, Howard) (Entered: 05/19/2008) |
| 05/19/2008 | 145 | NOTICE of Appearance by Richard M Steuer on behalf of ITWAL, Ltd.. (Steuer, Richard) (Entered: 05/19/2008) |
| 05/19/2008 | 146 | NOTICE of Appearance by Rosa M Morales on behalf of ITWAL, Ltd.. (Morales, Rosa) (Entered: 05/19/2008) |
| 05/20/2008 | | COUNSEL are notified that Documents 144, 145 &146 are to be docketed in the individual cases reflected on the Notice of Entry of Appearance. These cases to date are not consolidated into 1:MDL−08−1935. (jc) (Entered: 05/20/2008) |
| 05/20/2008 | 147 | NOTICE of Appearance by William J. Blechman on behalf of The Kroger Co., Safeway Inc., Walgreen Co., Hy−Vee, Inc. (Blechman, William) (Entered: 05/20/2008) |
| 05/20/2008 | 148 | NOTICE of Appearance by Douglas H Patton on behalf of The Kroger Co., Safeway Inc., Walgreen Co., Hy−Vee, Inc. (Patton, Douglas) (Entered: 05/20/2008) |
| 05/20/2008 | 149 | NOTICE of Appearance by Scott E Perwin on behalf of The Kroger Co., Safeway Inc., Walgreen Co., Hy−Vee, Inc. (Perwin, Scott) (Entered: 05/20/2008) |
| 05/20/2008 | 150 | NOTICE of Appearance by James T Almon on behalf of The Kroger Co., Safeway Inc., Walgreen Co., Hy−Vee, Inc. (Almon, James) (Entered: 05/20/2008) |
| 05/20/2008 | 151 | NOTICE of Appearance by Paula G Lin on behalf of ITWAL, Ltd.. (Lin, Paula) (Entered: 05/20/2008) |
| 05/20/2008 | 152 | NOTICE of Appearance by Cathleen Coyle McNulty on behalf of ITWAL, Ltd.. (McNulty, Cathleen) (Entered: 05/20/2008) |
| 05/21/2008 | 153 | NOTICE of Appearance by Jayson R. Wolfgang on behalf of ITWAL, Ltd. (Wolfgang, Jayson) (Entered: 05/21/2008) |
| 05/21/2008 | 154 | NOTICE of Appearance by Richard Alan Arnold on behalf of The Kroger Co., Safeway Inc., Walgreen Co., Hy−Vee, Inc. (Arnold, Richard) (Entered: 05/21/2008) |
| 05/21/2008 | 155 | NOTICE of Appearance by Peter S. Linden on behalf of Weaver Nut Company, Royal Enterprises Corporation (Linden, Peter) (Entered: 05/21/2008) |
| 05/21/2008 | 156 | NOTICE of Appearance by Daniel Hume on behalf of Weaver Nut Company, Royal Enterprises Corporation (Hume, Daniel) (Entered: 05/21/2008) |
| 05/21/2008 | 157 | NOTICE of Appearance by David E Kovel on behalf of Weaver Nut Company, Royal Enterprises Corporation (Kovel, David) (Entered: 05/21/2008) |
| 05/21/2008 | 158 | NOTICE of Appearance by Beverly L Tse on behalf of Weaver Nut Company, Royal Enterprises Corporation (Tse, Beverly) (Entered: 05/21/2008) |
| 05/21/2008 | 159 | NOTICE of Appearance by Seth R Gassman on behalf of Webb's Candies, Inc., NMJ Consultant Group, Inc. (Gassman, Seth) (Entered: 05/21/2008) |

| 05/21/2008 | 160 | NOTICE of Appearance by Ruthanne Gordon on behalf of Brookshire Brothers, Ltd. (Gordon, Ruthanne) (Entered: 05/21/2008) |
| 05/21/2008 | 161 | NOTICE of Appearance by Jane Gowen Penny on behalf of Jones Vend and OCS Distributing, Inc. (Attachments: # 1 Certificate of Service)(Penny, Jane) (Entered: 05/21/2008) |
| 05/21/2008 | 162 | NOTICE of Appearance by Joseph M. Patane on behalf of John Candido (Patane, Joseph) (Entered: 05/21/2008) |
| 05/21/2008 | 163 | NOTICE of Appearance by Lauren Clare Russell on behalf of John Candido (Russell, Lauren) (Entered: 05/21/2008) |
| 05/22/2008 | | Document 164 filed 5/22/08 deleted due to docketing error. (jc) (Entered: 05/22/2008) |
| 05/22/2008 | 164 | NOTICE of Appearance by Howard J. Sedran on behalf of The Lorain Novelty Co., Inc.. (Sedran, Howard) (Entered: 05/22/2008) |
| 05/22/2008 | 165 | NOTICE of Appearance by Jayne A. Goldstein on behalf of NMJ Consultant Group, Inc. (Goldstein, Jayne) (Entered: 05/22/2008) |
| 05/22/2008 | 166 | NOTICE of Appearance by Jayne A. Goldstein on behalf of The Lorain Novelty Co., Inc. (Goldstein, Jayne) (Entered: 05/22/2008) |
| 05/22/2008 | 167 | NOTICE of Appearance by Kevin J. Kehner on behalf of Robert Philipson (Kehner, Kevin) (Entered: 05/22/2008) |
| 05/22/2008 | 168 | NOTICE of Appearance by Kenneth A. Wexler on behalf of Marcy Linder (Wexler, Kenneth) (Entered: 05/22/2008) |
| 05/22/2008 | 169 | NOTICE of Appearance by Walter W. Cohen on behalf of Robert Philipson (Cohen, Walter) (Entered: 05/22/2008) |
| 05/22/2008 | 170 | NOTICE of Appearance by Walter W. Cohen on behalf of Stephanos Sgouros (Cohen, Walter) (Entered: 05/22/2008) |
| 05/22/2008 | 171 | CASE MANAGEMENT PLAN *Parties' Joint Report Regarding Proposed Case Management Plans and Conference Agenda* by Stephen L. LaFrance Pharmacy, Inc., Nestle United States, Inc., Nestlé U.S.A., Inc., Richard Miller, Marcia Miller, Cadbury Schweppes Americas, Cadbury Adams USA LLC, Nestle S.A., Western Skier, Ltd., CNS Confectionery Products, LLC, Cadbury Adams Canada, Inc., Winn Corporation, Cadbury Adams, Hershey Canada, Inc., Akisa Matsuda, Eric Lense, Mars Canada Inc., John Does I–X, Diane Chiger, Stephen Snow, Comwest Industries Inc., Mars North America, Michael W. DeMarshall, STLE Corporation, Mars Snackfoods U.S.A. LLC, Nestle Canada Inc., ITWAL, Ltd., Masterfoods USA, Michael McNamara, Nestle USA, Webb's Candies, Inc., Scott Lamson, International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, The Lorain Novelty Co., Inc., Robert Philipson, Mars US, Valos House of Candy, Original Fowler's Chocolate Co., Inc., Stephanos Sgouros, Paula Wolner, The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc., Affiliated Foods, Inc., Canteen Company of Utica–Rome, Inc., Lori Ann Hongach, Esther Naomi Lieberman, Brookshire Brothers, Ltd., PITCO Foods, Kraft Foods Inc., Alfred Ritter GMBH &Co. KG, Mars Snackfood US LLC, Cadbury Schweppes Americas Confectionery, Meijer, Inc., Meijer Distribution, Inc., Thomas Rode, Publix Super Markets, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Mandel Tobacco Company, Inc., Rite Aid Hdqtrs. Corp., Donald Webster, Giant Eagle, Inc., Debra L. Damaske, Shirley A. Dresen, John H. Brosius, Jane A. Balzer, Afrim Dzelili, Isabelle Dikland, Daphne Matalene, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Marc Lavin, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cadbury Schweppes PLC, Cindy Elan–Mangano, George Patterson, John Candido, Carmen Pellitteri, Dacia Lower, Marcy Linder, Molly Wagman, NMJ Consultant Group, Inc., Canteen Vending Company, Eugenia Miceli, Jones Vend and OCS Distributing, Inc., Russell Traub, The Hershey Company, C.W. Brower, Inc., Craig Stephenson, Kevin Tierney, Treat America Limited, T. Levy Associates, Judith Bishop, Eric Rodman Cohen, James Miles, Darla Jackson, David Levy, Frank Gerencser, Sarah Allder, Timothy Duffy, |

| | | |
|---|---|---|
| | | Korey James Christensen, Susan Jones, Abbie Soule, Stephanie Aceto, Donna Siler, Timothy Emmer, Sarina Vlock, Robert Allder, Michelle Bounderate, Amy K. Luminoso, Katherine Mary Ferlic, Mark Moynahan, Douglas Dillard Glenn, Monica Browne, Mike Carrels, Layna M. Rose, James Veneziano, Marlene Smith, Mike Davis, Arnie Enz, Mars, Incorporated, Nestle Suisse S.A.. (Cohen, Walter) (Entered: 05/22/2008) |
| 05/22/2008 | 172 | CASE MANAGEMENT PLAN *Plaintiffs' Pre−Conference Brief* by Stephen L. LaFrance Pharmacy, Inc., Richard Miller, Marcia Miller, Western Skier, Ltd., CNS Confectionery Products, LLC, Winn Corporation, Akisa Matsuda, Eric Lense, Diane Chiger, Stephen Snow, Comwest Industries Inc., Michael W. DeMarshall, STLE Corporation, Michael McNamara, Webb's Candies, Inc., Scott Lamson, International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, The Lorain Novelty Co., Inc., Robert Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., Stephanos Sgouros, Paula Wolner, The Kroger Co., Safeway Inc., Walgreen Co., Hy−Vee, Inc., Affiliated Foods, Inc., Canteen Company of Utica−Rome, Inc., Lori Ann Hongach, Esther Naomi Lieberman, Brookshire Brothers, Ltd., PITCO Foods, Meijer, Inc., Meijer Distribution, Inc., Thomas Rode, Publix Super Markets, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Mandel Tobacco Company, Inc., Rite Aid Hdqtrs. Corp., Donald Webster, Giant Eagle, Inc., Debra L. Damaske, Shirley A. Dresen, John H. Brosius, Jane A. Balzer, Afrim Dzelili, Isabelle Dikland, Daphne Matalene, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Marc Lavin, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cindy Elan−Mangano, George Patterson, John Candido, Carmen Pellitteri, Dacia Lower, Marcy Linder, Molly Wagman, NMJ Consultant Group, Inc., Canteen Vending Company, Eugenia Miceli, Jones Vend and OCS Distributing, Inc., Russell Traub, C.W. Brower, Inc., Craig Stephenson, Kevin Tierney, Treat America Limited, T. Levy Associates, Judith Bishop, Eric Rodman Cohen, James Miles, Darla Jackson, David Levy, Frank Gerencser, Sarah Allder, Timothy Duffy, Korey James Christensen, Susan Jones, Abbie Soule, Stephanie Aceto, Donna Siler, Timothy Emmer, Sarina Vlock, Robert Allder, Michelle Bounderate, Amy K. Luminoso, Katherine Mary Ferlic, Mark Moynahan, Douglas Dillard Glenn, Monica Browne, Mike Carrels, Layna M. Rose, James Veneziano, Marlene Smith, Mike Davis, Arnie Enz. (Cohen, Walter) (Entered: 05/22/2008) |
| 05/22/2008 | 173 | MEMORANDUM OF LAW by Mars, Incorporated *Defendants Mars, Hershey, Nestle, Cadbury and Itwal's Pre−Conference Brief.* (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H)(Brown, Thomas) (Entered: 05/22/2008) |
| 05/23/2008 | 174 | NOTICE of Appearance by H. L. Montague, Jr on behalf of Brookshire Brothers, Ltd. (Montague, H.) (Entered: 05/23/2008) |
| 05/23/2008 | 175 | NOTICE of Appearance by Kevin B. Love on behalf of Seth E. Ellis, PA (Love, Kevin) (Entered: 05/23/2008) |
| 05/23/2008 | 176 | NOTICE of Appearance by William E. Hoese on behalf of Glenn Coffey (Hoese, William) (Entered: 05/23/2008) |
| 05/23/2008 | 177 | NOTICE of Appearance by Douglas A. Abrahams on behalf of Glenn Coffey (Abrahams, Douglas) (Entered: 05/23/2008) |
| 05/23/2008 | 178 | NOTICE of Appearance by Edward A. Wallace on behalf of Marcy Linder (Wallace, Edward) (Entered: 05/23/2008) |
| 05/23/2008 | 179 | NOTICE of Appearance by Bruce L. Simon on behalf of Jones Vend and OCS Distributing, Inc. (Simon, Bruce) (Entered: 05/23/2008) |
| 05/23/2008 | 180 | CASE MANAGEMENT ORDER NO. 3A RE: ATTORNEY ATTENDANCE AT INITIAL CASE MANAGEMENT CONFERENCE − It is hereby ORDERED that: 1. Attendance in person @ initial CMC shall not be mandatory... 2. Cnsl are advised that ct will utilize a telephone conferencing system for initial CMC &conferences throughout litigation...; 3. Cnsl who attend conf in person advised of limited seating capacity... no cnsl guaranteed seating in ctrm...; 4. All cnsl advised that ct will make available a transcript of proceedings...; 5. Clrk of Ct to file this order in action No. |

| | | |
|---|---|---|
| | | 1:08−MDL−1935 only... (SEE ORDER FOR COMPLETE DETAILS.) Signed by Honorable Christopher C. Conner on 05/23/08. (ki) (Entered: 05/23/2008) |
| 05/23/2008 | 181 | NOTICE of Appearance by Mark J. Tamblyn on behalf of Marcy Linder (Tamblyn, Mark) (Entered: 05/23/2008) |
| 05/23/2008 | 182 | NOTICE of Appearance by Amber M. Nesbitt on behalf of Marcy Linder (Nesbitt, Amber) (Entered: 05/23/2008) |
| 05/23/2008 | 183 | Unopposed MOTION for Extension of Time to for Domestic Defendants to Respond to Complaint by Nestle U.S.A., Inc.. (Attachments: #1 Proposed Order, #2 Exhibit(s), #3 Exhibit(s))(Finio, Michael) (Entered: 05/23/2008) |
| 05/27/2008 | 184 | NOTICE of Appearance by Adam S. Levy on behalf of T. Levy Associates (Levy, Adam) (Entered: 05/27/2008) |
| 05/27/2008 | 185 | ADMINISTRATIVE ORDER re: motion for ext of time for defts to respond to complaint in No. 1:08−CV−0879 183 − It is hereby ORDERED that: 1. The time w/in which defts must respond to complaint in No. 1:08−CV−0879 is STAYED pending conc of initial CMC &issuance of CMO est procedures for admin of matters incident to this litigation.; 2. Motion for ext of time 183 DENIED as MOOT w/out prejudice to parteis' rt to re−file it after expiration of stay. (See order for complete details.) Signed by Honorable Christopher C. Conner on 05/27/08. (ki) (Entered: 05/27/2008) |
| 05/27/2008 | 186 | NOTICE of Appearance by Donald E Haviland on behalf of T. Levy Associates (Haviland, Donald) (Entered: 05/27/2008) |
| 05/27/2008 | 187 | NOTICE of Appearance by Michael J. Lorusso on behalf of T. Levy Associates (Lorusso, Michael) (Entered: 05/27/2008) |
| 05/27/2008 | 188 | NOTICE of Appearance by Michael D. Hausfeld on behalf of VME Distributors, Inc., Card &Party Mart II Ltd:, Webb's Candies, Inc., NMJ Consultant Group, Inc. (Hausfeld, Michael) (Entered: 05/27/2008) |
| 05/27/2008 | 189 | CASE MANAGEMENT ORDER NO. 3B re: CMO No. 3A 180 re: telephonic participation in 5/29/08 − 1. Cnsl to utilize CourtCall tele conf svcs...; 2. Cnsl who wish to participate in CMC by phone must register w/ CourtCall...; 3. CourtCall will provide cnsl w/ phone nubmer to be used...; 4. All cnsl must dial into CourtCall system @ least 10 mins prior to CMC...; 5. Use of cell phones for conf discouraged...; 6. Mute function must be engaged except when speaking.; 7. Cnsl must ID themselves for record each time they speak.; 8.Cnsl responsible for own expenses incurred through use of CourtCall sves... (See order for complete details.) Signed by Honorable Christopher C. Conner on 05/27/08. (ki) (Entered: 05/27/2008) |
| 05/27/2008 | 190 | NOTICE of Voluntary Dismissal by Scott Lamson (Russell, Lauren) (Entered: 05/27/2008) |
| 05/27/2008 | 191 | NOTICE of Appearance by Mary J. Fait on behalf of Mandel Tobacco Company, Inc. (Attachments: #1 Certificate of Service)(Fait, Mary) (Entered: 05/27/2008) |
| 05/27/2008 | 192 | Corporate Disclosure Statement by ITWAL, Ltd.. (Scher, Howard) (Entered: 05/27/2008) |
| 05/27/2008 | 193 | DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 by Mars Canada Inc., Mars North America, Mars Snackfoods U.S.A. LLC, Masterfoods USA, Mars, Incorporated. (Blakelock, Frederick) (Entered: 05/27/2008) |
| 05/27/2008 | 194 | NOTICE of Appearance by Torsten M. Kracht on behalf of Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc. (Kracht, Torsten) (Entered: 05/27/2008) |
| 05/27/2008 | 195 | NOTICE of Appearance by Todd M. Stenerson on behalf of Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc. (Stenerson, Todd) (Entered: 05/27/2008) |
| 05/27/2008 | 196 | NOTICE of Appearance by Michael A. McShane on behalf of Karin Jacobs (McShane, Michael) (Entered: 05/27/2008) |

| 05/28/2008 | 197 | ORDER re: voluntary dismissal of Scott Lamson &directing Clrk of Ct to drop Scott Lamson as party to matter, to CLOSE Civil No. 1:08−CV−0639 &to docket order in this matter &No. 1:08−CV−0639. (See order for complete details.) Signed by Honorable Christopher C. Conner on 05/28/08. (ki) (Entered: 05/28/2008) |
| --- | --- | --- |
| 05/28/2008 | 198 | Corporate Disclosure Statement by Hershey Canada, Inc., The Hershey Company. (Boynton, Alan) (Entered: 05/28/2008) |
| 05/28/2008 | 199 | NOTICE of Appearance by William G. Caldes on behalf of Michael W. DeMarshall (Caldes, William) (Entered: 05/28/2008) |
| 05/28/2008 | 200 | NOTICE of Appearance by Eugene A. Spector on behalf of Michael W. DeMarshall (Caldes, William) (Entered: 05/28/2008) |
| 05/28/2008 | 201 | NOTICE of Appearance by Jay S. Cohen on behalf of Michael W. DeMarshall (Caldes, William) (Entered: 05/28/2008) |
| 05/28/2008 | 202 | NOTICE by Brookshire Brothers, Ltd. *Nomination of Interim Liaison Counsel for the Direct Purchaser Plaintiffs* (Montague, H.) (Entered: 05/28/2008) |
| 05/28/2008 | 203 | NOTICE of Appearance by Barry C. Barnett on behalf of Richard Miller, Marcia Miller, Lori Ann Hongach, Esther Naomi Lieberman, Eugenia Miceli (Barnett, Barry) (Entered: 05/28/2008) |
| 05/28/2008 | 204 | NOTICE by Nestle U.S.A., Inc., Cadbury Adams USA LLC, Cadbury Adams Canada, Inc., Hershey Canada, Inc., Mars Canada Inc., Mars Snackfoods U.S.A. LLC, ITWAL, Ltd., Masterfoods USA, Cadbury Schweppes PLC, The Hershey Company, Mars, Incorporated *Defendants' Nomination of Interim Liaison Counsel* (Boynton, Alan) (Entered: 05/28/2008) |
| 05/28/2008 | 205 | CASE MANAGEMENT PLAN *Response of Fifty Plaintiffs to the Court's Case Management Order No. 3 Requiring Nomination of Interim Liaison Counsel* by Winn Corporation, Stephen Snow, Comwest Industries Inc., Webb's Candies, Inc., International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, Robert Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., Stephanos Sgouros, Thomas Rode, Julia Isenhower, Weaver Nut Company, Royal Enterprises Corporation, VME Distributors, Inc., VME Distributors, Inc.(individually and on behalf of a class of all those similarly situated). (Cohen, Walter) (Entered: 05/28/2008) |
| 05/28/2008 | 206 | NOTICE of Appearance by Fred A Silva on behalf of C.W. Brower, Inc. (Silva, Fred) (Entered: 05/28/2008) |
| 05/28/2008 | 207 | NOTICE of Appearance by Clinton P Walker on behalf of C.W. Brower, Inc. (Walker, Clinton) (Entered: 05/28/2008) |
| 05/29/2008 | 208 | NOTICE of Appearance by Christopher J. Cormier on behalf of Webb's Candies, Inc., NMJ Consultant Group, Inc. (Cormier, Christopher) (Entered: 05/29/2008) |
| 05/29/2008 | 209 | NOTICE of Appearance by Manuel J. Dominguez on behalf of Robert Philipson (Dominguez, Manuel) (Entered: 05/29/2008) |
| 05/29/2008 | 210 | CERTIFICATE OF SERVICE by Robert Philipson re 209 Attorney Appearance − Entry of Appearance (Dominguez, Manuel) (Entered: 05/29/2008) |
| 05/29/2008 | 211 | SUMMONS Returned Executed by Affiliated Foods, Inc., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc.. (Nussbaum, Linda) (Entered: 05/29/2008) |
| 05/29/2008 | 213 | NOTICE of Appearance by Rachel S. Black on behalf of Richard Miller, Marcia Miller, Lori Ann Hongach, Esther Naomi Lieberman, Eugenia Miceli. (Black, Rachel) (Entered: 05/29/2008) |
| 05/29/2008 | 214 | DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 by Cadbury Adams USA LLC, Cadbury Adams Canada, Inc., Cadbury Schweppes PLC. (Montgomery, Bridget) (Entered: 05/29/2008) |
| 05/29/2008 | 215 | AFFIDAVIT of Service for Amended Class Action Complaint served on Dennis A. Viaira on 4/28/2008, filed by Stephen Snow. (Falk, Morissa) (Entered: 05/29/2008) |

| 05/29/2008 | 216 | AFFIDAVIT of Service for Amended Class Action Complaint served on Terrence J. Ellwood on 4/9/2008, filed by Stephen Snow. (Falk, Morissa) (Entered: 05/29/2008) |
| 05/29/2008 | 217 | AFFIDAVIT of Service for Amended Class Action Complaint served on Dennis A. Viaira on 4/28/2008, filed by CNS Confectionery Products, LLC. (Falk, Morissa) (Entered: 05/29/2008) |
| 05/29/2008 | 218 | AFFIDAVIT of Service for Amended Class Action Complaint served on Gloria Fantanzzi on 4/17/2008, filed by CNS Confectionery Products, LLC. (Falk, Morissa) (Entered: 05/29/2008) |
| 05/29/2008 | 219 | AFFIDAVIT of Service for Amended Class Action Complaint served on Terrence J. Ellwood on 4/09/2008, filed by CNS Confectionery Products, LLC. (Falk, Morissa) (Entered: 05/29/2008) |
| 05/29/2008 | 220 | NOTICE of Appearance by Kathy L Monday on behalf of C.W. Brower, Inc. (Monday, Kathy) (Entered: 05/29/2008) |
| 05/29/2008 | 221 | NOTICE of Appearance by Richard M. Hagstrom on behalf of Cindy Elan–Mangano (Hagstrom, Richard) (Entered: 05/29/2008) |
| 05/29/2008 | 222 | NOTICE of Appearance by James S. Reece on behalf of Cindy Elan–Mangano (Reece, James) (Entered: 05/29/2008) |
| 05/29/2008 | 223 | NOTICE of Appearance by Aaron M. McParlan on behalf of Cindy Elan–Mangano (McParlan, Aaron) (Entered: 05/29/2008) |
| 05/29/2008 | 224 | NOTICE of Appearance by Michael E. Jacobs on behalf of Cindy Elan–Mangano (Jacobs, Michael) (Entered: 05/29/2008) |
| 05/29/2008 | 226 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by William A. Isaacson on behalf of Canteen Vending Company. Attorney William A. Isaacson is seeking special admission. Filing Fee: 25.00 Receipt Number: 111003618 (Attachments: # 1 Receipt) (jc) (Entered: 06/02/2008) |
| 05/29/2008 | 227 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Tanya S. Chutkan on behalf of Canteen Vending Company. Attorney Tanya S. Chutkan is seeking special admission. Filing Fee: 25.00 Receipt Number: 111003619 (Attachments: # 1 Receipt) (jc) (Entered: 06/02/2008) |
| 05/30/2008 | 225 | CASE MANAGEMENT ORDER NO. 4 INITIAL SCHEDULING &PROCEDURAL ORDER Upon consideration of the initial case management conference held with counsel on 5/29/08, it is hereby ORDERED that: 1) Appointment of Pltfs' Lead and Liaison counsel. Appointmnent of pltf's lead and liaison counsel shall be governed by the following procedures: a) On or before 6/10/08, pltfs shall file mtns for appt. of lead and liaison counsel specifying the anticpated duties of each such representative as well as the group to which such representative is responsible. SEE ORDER FOR COMPLETE DETAILS Signed by Honorable Christopher C. Conner on 5/30/08. (jc) (Entered: 05/30/2008) |
| 06/03/2008 | 228 | NOTICE of Appearance by Benjamin F. Johns on behalf of Stephen Snow, Comwest Industries Inc. (Johns, Benjamin) (Entered: 06/03/2008) |
| 06/03/2008 | 229 | NOTICE of Appearance by Hilary K. Ratway on behalf of Webb's Candies, Inc., NMJ Consultant Group, Inc. (Ratway, Hilary) (Entered: 06/03/2008) |
| 06/03/2008 | 230 | SPECIAL ADMISSIONS FORM APPROVED as to William Isaacson, Esq. on behalf of Canteen Vending CompanySigned by Honorable Christopher C. Conner on 6/3/08. (ma, ) (Entered: 06/03/2008) |
| 06/03/2008 | 231 | SPECIAL ADMISSIONS FORM APPROVED as to Tanya Chutkan, Esq. on behalf of Canteen Vending CompanySigned by Honorable Christopher C. Conner on 6/3/08. (ma, ) (Entered: 06/03/2008) |
| 06/04/2008 | 232 | NOTICE of Appearance by Mark S. Goldman on behalf of Eric Lense (Goldman, Mark) (Entered: 06/04/2008) |
| 06/04/2008 | 233 | MOTION to Appoint Counsel by Cyrus T.G.. (Attachments: # 1 Proposed Order)(Ball, Gordon) (Entered: 06/04/2008) |

| 06/04/2008 | 234 | DECLARATION by Cyrus T.G. re 233 MOTION to Appoint Counsel. (Attachments: # 1 Exhibit(s) Legal Resume−Biography)(Ball, Gordon) (Entered: 06/04/2008) |
| 06/04/2008 | 235 | Transcript of case management conference, held on 29 May 2008 before Magistrate Judge Smyser and District Court Judge Conner. Court Reporter: Wes Armstrong, Telephone number 717−542−5569. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/25/2008. Redacted Transcript Deadline set for 7/7/2008. Release of Transcript Restriction set for 9/2/2008. Modified on 6/16/2008 to replace cover sheet w/ wrong date w/ corrected version (ki). (Entered: 06/04/2008) |
| 06/05/2008 | | COUNSEL are notified, for future reference, that motions and briefs in support are to be docketed as two separate documents in order to set up the brief in opposition deadline. (jc) (Entered: 06/05/2008) |
| 06/05/2008 | 236 | STENO NOTES/TAPE OF PROCEEDINGS filed by Wes Armstrong of Case Management Conference before Judge Conner on 5/29/08. (Court Reporter Notes/Tapes are not viewable pdf documents). (jc) (Entered: 06/05/2008) |
| 06/05/2008 | 237 | NOTICE of Appearance by Marc H. Edelson on behalf of Donald Webster. (Edelson, Marc) (Entered: 06/05/2008) |
| 06/05/2008 | 238 | NOTICE of Appearance by Mario N. Alioto on behalf of John Candido (Alioto, Mario) (Entered: 06/05/2008) |
| 06/06/2008 | 239 | NOTICE TO UNREGISTERED ECF ATTORNEYS/PRO SE PARTIES regarding the filing of 235 Transcript. Copy of notice mailed to Arthur Bailey, Allen Black, Cadbury Schweppes Americas, Tanya Chutkan, Brian English, Joseph Goldberg, Hershey Canada, Inc., William A. Issaacson, Joseph Kohn, Christopher Lovell, Jennifer Mara, Peter Moll, Thomas Muzilla, Nestle Canada Inc., Nestle S.A., Nestle Suisse, S.A., Joseph Ostoyich.(lh, ) (Entered: 06/06/2008) |
| 06/06/2008 | 240 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Steven R. Maher on behalf of Treat America Limited Attorney Steven Maher is seeking special admission. Filing fee $ 25, receipt number 03140000000001308271.. (Maher, Steven) (Entered: 06/06/2008) |
| 06/06/2008 | 241 | NOTICE of Appearance by Joseph U. Metz on behalf of Treat America Limited (Metz, Joseph) (Entered: 06/06/2008) |
| 06/06/2008 | 242 | AFFIDAVIT of Service for Amended Class Action Complaint served on Hans Peter Fuick on 3/25/2008, filed by CNS Confectionery Products, LLC. (Falk, Morissa) (Entered: 06/06/2008) |
| 06/06/2008 | 243 | AFFIDAVIT of Service for Amended Class Action Complaint served on Hans Peter Fuick on 3/25/2008, filed by Stephen Snow. (Falk, Morissa) (Entered: 06/06/2008) |
| 06/06/2008 | 244 | NOTICE of Appearance by Michael J. Boni on behalf of Donald Webster (Boni, Michael) (Entered: 06/06/2008) |
| 06/06/2008 | 245 | NOTICE of Appearance by Joshua D. Snyder on behalf of Donald Webster (Snyder, Joshua) (Entered: 06/06/2008) |
| 06/06/2008 | 247 | SERVICE LIST (jc) (Entered: 06/09/2008) |
| 06/09/2008 | 246 | SPECIAL ADMISSIONS FORM APPROVED as to Steven R. Maher, Esquire. (Orig: SCR Registry) Signed by Honorable Christopher C. Conner on 06/09/08. (ki) (Entered: 06/09/2008) |
| 06/09/2008 | 248 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Moira Cain−Mannix on behalf of Giant Eagle, Inc. Attorney Moira Cain−Mannix is seeking special admission. Filing fee $ 25, receipt number 03140000000001309389.. (Cain−Mannix, Moira) (Entered: 06/09/2008) |
| 06/09/2008 | 249 | NOTICE of Appearance by Joseph U. Metz on behalf of Roman M Silberfeld, Treat America Limited (Metz, Joseph) (Entered: 06/09/2008) |

| 06/09/2008 | 250 | NOTICE of Appearance by Richard L. Wyatt, Jr on behalf of Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc. (Wyatt, Richard) (Entered: 06/09/2008) |
|---|---|---|
| 06/09/2008 | 251 | SPECIAL ADMISSIONS FORM APPROVED as to Moira Cain−Mannix, Esquire. (Orig: SCR Registry) Signed by Honorable Christopher C. Conner on 06/09/08. (ki) (Entered: 06/10/2008) |
| 06/10/2008 | 252 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Joseph U. Metz on behalf of Treat America Limited Attorney Michael Geibelson is seeking special admission. Filing fee $ 25, receipt number 03140000000001310180.. (Metz, Joseph) (Entered: 06/10/2008) |
| 06/10/2008 | 253 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Joseph U. Metz on behalf of Treat America Limited Attorney Bernice Conn is seeking special admission. Filing fee $ 25, receipt number 03140000000001310196.. (Metz, Joseph) (Entered: 06/10/2008) |
| 06/10/2008 | 254 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Joseph U. Metz on behalf of Treat America Limited Attorney Thomas Undlin is seeking special admission. Filing fee $ 25, receipt number 03140000000001310201.. (Metz, Joseph) (Entered: 06/10/2008) |
| 06/10/2008 | 255 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Joseph U. Metz on behalf of Treat America Limited Attorney Roman Silberfeld is seeking special admission. Filing fee $ 25, receipt number 03140000000001310205.. (Metz, Joseph) (Entered: 06/10/2008) |
| 06/10/2008 | 256 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Joseph U. Metz on behalf of Treat America Limited Attorney K. Craig Wildfang is seeking special admission. Filing fee $ 25, receipt number 03140000000001310218.. (Metz, Joseph) (Entered: 06/10/2008) |
| 06/10/2008 | 257 | Proposed Pretrial Order *Appointing Silberfeld, Maher, and Metz as Lead Counsel* by Treat America Limited. (Metz, Joseph) (Entered: 06/10/2008) |
| 06/10/2008 | 258 | MOTION for Order *Appointing Silberfeld, Maher, and Metz as Lead Counsel* by Treat America Limited. (Attachments: # 1 Declaration of Roman Silberfeld, # 2 Declaration of Steven Maher, # 3 Declaration of Joseph Metz)(Metz, Joseph) (Entered: 06/10/2008) |
| 06/10/2008 | 259 | MOTION for Order *for Appointment of Lead and Liaison Counsel for Individual Plaintiffs* by The Kroger Co., Safeway Inc., Walgreen Co., Hy-Vee, Inc., Affiliated Foods, Inc., Meijer, Inc., Publix Super Markets, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Giant Eagle, Inc.. (Attachments: # 1 Proposed Order)(Shadowen, Steven) (Entered: 06/10/2008) |
| 06/10/2008 | 260 | NOTICE of Appearance by Stephen D. Susman on behalf of Richard Miller, Marcia Miller, Lori Ann Hongach, Esther Naomi Lieberman, Eugenia Miceli (Susman, Stephen) (Entered: 06/10/2008) |
| 06/10/2008 | 261 | SPECIAL ADMISSIONS FORM APPROVED as to Roman M. Silberfeld, Esquire. (Orig: SCR Registry)Signed by Honorable Christopher C. Conner on 06/10/08. (ki) (Entered: 06/10/2008) |
| 06/10/2008 | 262 | SPECIAL ADMISSIONS FORM APPROVED as to Thomas J. Undlin, Esquire. (Orig: SCR Registry)Signed by Honorable Christopher C. Conner on 06/10/08. (ki) (Entered: 06/10/2008) |
| 06/10/2008 | 263 | SPECIAL ADMISSIONS FORM APPROVED as to Bernice Conn, Esquire. (Orig: SCR Registry) Signed by Honorable Christopher C. Conner on 06/10/08. (ki) (Entered: 06/10/2008) |
| 06/10/2008 | 264 | SPECIAL ADMISSIONS FORM APPROVED as to K. Craig Wildfang, Esquire. (Orig: SCR Registry) Signed by Honorable Christopher C. Conner on 06/10/08. (ki) (Entered: 06/10/2008) |
| 06/10/2008 | 265 | SPECIAL ADMISSIONS FORM APPROVED as to Michael A. Geibelson, Esquire. (Orig: SCR Registry)Signed by Honorable Christopher C. Conner on 06/10/08. (ki) |

| | | |
|---|---|---|
| | | (Entered: 06/10/2008) |
| 06/10/2008 | 266 | MOTION to Appoint Counsel *Motion to Appoint Berger &Montague, P.C. and RodaNast, P.C. as Co−Lead Counsel for the Direct Purchaser Plaintiffs* by Brookshire Brothers, Ltd.. (Attachments: #1 Proposed Order Proposed Order Appointing Co−Lead Class Counsel and Liaison Counsel for the Direct Purchaser Plaintiffs)(Montague, H.) (Entered: 06/10/2008) |
| 06/10/2008 | 267 | MOTION to Appoint Counsel *The Miller Plaintiffs' Motion for Appointment of Susman Godfrey L.L.P. as Co−Lead Counsel for the Direct Purchaser Class Plaintiffs* by Richard Miller, Marcia Miller, Lori Ann Hongach, Esther Naomi Lieberman, Eugenia Miceli. (Attachments: #1 Proposed Order)(Barnett, Barry) (Entered: 06/10/2008) |
| 06/10/2008 | 268 | BRIEF IN SUPPORT *of Motion for Appointment of Susman Godfrey L.L.P. as Co−Lead Counsel for the Direct Purchaser Class Plaintiffs* re 267 MOTION to Appoint Counsel *The Miller Plaintiffs' Motion for Appointment of Susman Godfrey L.L.P. as Co−Lead Counsel for the Direct Purchaser Class Plaintiffs* filed by Richard Miller, Marcia Miller, Lori Ann Hongach, Esther Naomi Lieberman, Eugenia Miceli.(Barnett, Barry) (Entered: 06/10/2008) |
| 06/10/2008 | 269 | BRIEF IN SUPPORT re 266 MOTION to Appoint Counsel *Motion to Appoint Berger &Montague, P.C. and RodaNast, P.C. as Co−Lead Counsel for the Direct Purchaser Plaintiffs* filed by Brookshire Brothers, Ltd.. (Attachments: #1 Exhibit(s) Table of Exhibits, #2 Exhibit(s) Exhibit 1, #3 Exhibit(s) Exhibit 2, #4 Exhibit(s) Exhibit 3, #5 Exhibit(s) Exhibit 4)(Montague, H.) (Entered: 06/10/2008) |
| 06/10/2008 | 270 | DECLARATION by Richard Miller, Marcia Miller, Lori Ann Hongach, Esther Naomi Lieberman, Eugenia Miceli re 267 MOTION to Appoint Counsel *The Miller Plaintiffs' Motion for Appointment of Susman Godfrey L.L.P. as Co−Lead Counsel for the Direct Purchaser Class Plaintiffs*, 268 Brief in Support, *Declaration of Barry Barnett.* (Attachments: #1 Exhibit(s) 1, #2 Exhibit(s) 2, #3 Exhibit(s) 3)(Barnett, Barry) (Entered: 06/10/2008) |
| 06/10/2008 | 271 | CERTIFICATE OF SERVICE by Brookshire Brothers, Ltd. re 269 Brief in Support, 266 MOTION to Appoint Counsel *Motion to Appoint Berger &Montague, P.C. and RodaNast, P.C. as Co−Lead Counsel for the Direct Purchaser Plaintiffs* (Montague, H.) (Entered: 06/10/2008) |
| 06/10/2008 | 272 | DECLARATION by Richard Miller, Marcia Miller, Lori Ann Hongach, Esther Naomi Lieberman, Eugenia Miceli re 267 MOTION to Appoint Counsel *The Miller Plaintiffs' Motion for Appointment of Susman Godfrey L.L.P. as Co−Lead Counsel for the Direct Purchaser Class Plaintiffs*, 268 Brief in Support, *Declaration of Susphen D. Susman.* (Attachments: #1 Exhibit(s) 1, #2 Exhibit(s) 2)(Barnett, Barry) (Entered: 06/10/2008) |
| 06/10/2008 | 273 | DECLARATION by Richard Miller, Marcia Miller, Lori Ann Hongach, Esther Naomi Lieberman, Eugenia Miceli re 267 MOTION to Appoint Counsel *The Miller Plaintiffs' Motion for Appointment of Susman Godfrey L.L.P. as Co−Lead Counsel for the Direct Purchaser Class Plaintiffs*, 268 Brief in Support, *Declaration of Rachel S. Black.* (Attachments: #1 Exhibit(s) 1)(Barnett, Barry) (Entered: 06/10/2008) |
| 06/10/2008 | 274 | MOTION to Consolidate Cases *Majority Plaintiffs' Motion to Consolidate Actions and for Appointment of Interim Direct Purchaser Class Co−Lead and Liaison and Local Counsel* by CNS Confectionery Products, LLC, Winn Corporation, Akisa Matsuda, Eric Lense, Diane Chiger, Stephen Snow, Comwest Industries Inc., STLE Corporation, Webb's Candies, Inc., International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, Robert Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., PITCO Foods, Thomas Rode, Mandel Tobacco Company, Inc., Isabelle Dikland, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cindy Elan−Mangano, George Patterson, Carmen Pellitteri, Dacia Lower, Marcy Linder, Molly Wagman, NMJ Consultant Group, Inc., Canteen Vending Company, T. Levy Associates, VME Distributors, Inc., Card &Party Mart II Ltd., Edward S Hesano, Karin Jacobs, VME Distributors, Inc.(individually and on behalf of a class of |

| | | |
|---|---|---|
| | | all those similarly situated), Long Leaf Vending Inc.. (Attachments: #1 Proposed Order)(Cohen, Walter) (Entered: 06/10/2008) |
| 06/10/2008 | 275 | BRIEF IN SUPPORT of *Majority Plaintiffs' Motion to Consolidate Actions and for Appointment of Interim Direct Purchaser Class Co−Lead and Liaison and Local Counsel* re 274 MOTION to Consolidate Cases *Majority Plaintiffs' Motion to Consolidate Actions and for Appointment of Interim Direct Purchaser Class Co−Lead and Liaison and Local Counsel* filed by CNS Confectionery Products, LLC, Winn Corporation, Akisa Matsuda, Eric Lense, Diane Chiger, Stephen Snow, Comwest Industries Inc., STLE Corporation, Webb's Candies, Inc., International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, Robert Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., PITCO Foods, Thomas Rode, Mandel Tobacco Company, Inc., Isabelle Dikland, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Marc Lavin, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cindy Elan−Mangano, George Patterson, Carmen Pellitteri, Dacia Lower, Marcy Linder, Molly Wagman, NMJ Consultant Group, Inc., Canteen Vending Company, T. Levy Associates, VME Distributors, Inc., Card &Party Mart II Ltd., Edward S Hesano, Karin Jacobs, VME Distributors, Inc.(individually and on behalf of a class of all those similarly situated), Long Leaf Vending Inc.. (Attachments: #1 Exhibit(s) Ex A−Chart Supporting Leadership, #2 Exhibit(s) Ex B − Labaton Antitrust Firm Resume, #3 Exhibit(s) Ex C − Preti Firm Resume, #4 Exhibit(s) Ex D − CMHT Resume, #5 Exhibit(s) Ex E − KM Firm Resume, #6 Exhibit(s) Ex F − Obermayer Rebmann Resume, #7 Exhibit(s) Ex F − Labaton 2006 &2007 Plaintiffs Hot List)(Cohen, Walter) (Entered: 06/10/2008) |
| 06/10/2008 | 276 | MOTION to Appoint Counsel by Michael McNamara. (Attachments: #1 Supplement Memorandum in Support of Motion, #2 Proposed Order Proposed Order)(McCarthy, James) (Entered: 06/10/2008) |
| 06/11/2008 | 277 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Bernard D. Marcus on behalf of Giant Eagle, Inc. Attorney Bernard Marcus is seeking special admission. Filing fee $ 25, receipt number 0314000000001311341.. (Marcus, Bernard) (Entered: 06/11/2008) |
| 06/11/2008 | 278 | NOTICE of Appearance by Joshua H. Grabar on behalf of Affiliated Foods, Inc. (Grabar, Joshua) (Entered: 06/11/2008) |
| 06/11/2008 | 279 | SPECIAL ADMISSIONS FORM APPROVED as to Bernard D. Marcus, Esquire. (Orig: SCR Registry)Signed by Honorable Christopher C. Conner on 06/11/08. (ki) (Entered: 06/12/2008) |
| 06/12/2008 | 280 | WAIVER OF SERVICE Returned by Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc.. (Kracht, Torsten) (Entered: 06/12/2008) |
| 06/12/2008 | 281 | AFFIDAVIT of Service for Class Action Complaint served on Linsey Wilson on 4/30/2008, filed by Stephen Snow. (Falk, Morissa) (Entered: 06/12/2008) |
| 06/12/2008 | 282 | AFFIDAVIT of Service for Amended Class Action Complaint served on Linsey Wilson on 4/30/2008, filed by CNS Confectionery Products, LLC. (Falk, Morissa) (Entered: 06/12/2008) |
| 06/13/2008 | 283 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Joseph U. Metz on behalf of Treat America Limited Attorney Michael Maher is seeking special admission. Filing fee $ 25, receipt number 0314000000001313452.. (Metz, Joseph) (Entered: 06/13/2008) |
| 06/13/2008 | 284 | NOTICE of Appearance by Joseph M. Vanek on behalf of Affiliated Foods, Inc., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc. (Vanek, Joseph) (Entered: 06/13/2008) |
| 06/13/2008 | 285 | AFFIDAVIT of Service for Complaint served on Peter Copeland on 2/7/2008, filed by Stephen Snow. (Falk, Morissa) (Entered: 06/13/2008) |
| 06/13/2008 | 286 | AFFIDAVIT of Service for Complaint served on Barbara A. Shanahan on 2/6/2008, filed by Stephen Snow. (Falk, Morissa) (Entered: 06/13/2008) |

| 06/13/2008 | 287 | NOTICE of Appearance by David P. Germaine on behalf of Affiliated Foods, Inc., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc. (Germaine, David) (Entered: 06/13/2008) |
| 06/13/2008 | 288 | AFFIDAVIT of Service for Class Action Complaint served on Wagma Hotaki on 2/6/2008, filed by Stephen Snow. (Falk, Morissa) (Entered: 06/13/2008) |
| 06/13/2008 | 289 | AFFIDAVIT of Service for Complaint served on Linda Warner on 2/7/2008, filed by Stephen Snow. (Falk, Morissa) (Entered: 06/13/2008) |
| 06/13/2008 | 290 | Corporate Disclosure Statement by Cadbury Adams USA LLC, Cadbury Adams Canada, Inc., Cadbury Schweppes PLC. (Eul, Jennifer) (Entered: 06/13/2008) |
| 06/13/2008 | 291 | AFFIDAVIT of Service for Summons and Complaint served on Cadbury Adams Canada Inc., on 04/03/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 292 | AFFIDAVIT of Service for Summons and Complaint served on Cadbury Adams USA, LLC on 01/30/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 293 | AFFIDAVIT of Service for Summons and Complaint served on Cadbury Schweppes PLC. on 02/27/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 294 | AFFIDAVIT of Service for Summons and Complaint served on Cadbury Schweppes Americas on 01/30/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 295 | AFFIDAVIT of Service for Summons and Complaint served on Hershey Canada Inc., on 04/30/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 296 | AFFIDAVIT of Service for Summons and Complaint served on Itwal LTD., on 04/28/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 297 | AFFIDAVIT of Service for Summons and Complaint served on Mars Canada Inc., on 04/17/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 298 | AFFIDAVIT of Service for Summons and Complaint served on Mars, Inc., on 01/24/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 299 | AFFIDAVIT of Service for Summons and Complaint served on Masterfoods USA, on 01/30/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 300 | AFFIDAVIT of Service for Summons and Complaint served on Nestle Canada Inc., on 04/09/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 301 | AFFIDAVIT of Service for Summons and Complaint served on Nestle S.A. on 03/05/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 302 | AFFIDAVIT of Service for Summons and Complaint served on Nestle USA., on 01/24/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/13/2008 | 303 | AFFIDAVIT of Service for Summons and Complaint served on The Hershey Company on 01/25/2008, filed by United Wholesale. (Tse, Beverly) (Entered: 06/13/2008) |
| 06/16/2008 | 304 | SPECIAL ADMISSIONS FORM APPROVED as to Michael C. Maher, Esquire. (Orig: SCR Registry)Signed by Honorable Christopher C. Conner on 06/16/08. (ki) (Entered: 06/16/2008) |
| 06/16/2008 | 305 | WAIVER OF SERVICE Returned by Affiliated Foods, Inc., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp.. (Nussbaum, Linda) (Entered: 06/16/2008) |
| 06/16/2008 | 306 | WAIVER OF SERVICE Returned by The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc., Affiliated Foods, Inc., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc.. (Nussbaum, Linda) (Entered: 06/16/2008) |

| 06/16/2008 | 307 | SUMMONS Returned Executed by The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc., Affiliated Foods, Inc., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp.. (Nussbaum, Linda) (Entered: 06/16/2008) |
|---|---|---|
| 06/16/2008 | | DOCKET ANNOTATION – Doc 235 MODIFIED to replace transcript w/ typo error (wrong date on cover page) with corrected version. (ki) (Entered: 06/16/2008) |
| 06/17/2008 | 308 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Michael A. McShane on behalf of Karin Jacobs Attorney Michael McShane is seeking special admission. Filing fee $ 25, receipt number 03140000000001316079.. (McShane, Michael) (Entered: 06/17/2008) |
| 06/17/2008 | 309 | NOTICE of Appearance by Elizabeth K. Tripodi on behalf of Isabelle Dikland (Tripodi, Elizabeth) (Entered: 06/17/2008) |
| 06/17/2008 | 310 | MOTION to Amend/Correct 276 MOTION to Appoint Counsel by Michael McNamara. (Attachments: # 1 Proposed Order Order Allowing Motion to Amend, # 2 Proposed Order Amended Proposed Order to Appoint Counsel)(McCarthy, James) (Entered: 06/17/2008) |
| 06/17/2008 | 311 | SPECIAL ADMISSIONS FORM APPROVED as to Michael A. McShane, Esquire. (Orig: SCR Registry) Signed by Honorable Christopher C. Conner on 06/17/08. (ki) (Entered: 06/17/2008) |
| 06/17/2008 | 312 | BRIEF IN OPPOSITION re 274 MOTION to Consolidate Cases *Majority Plaintiffs' Motion to Consolidate Actions and for Appointment of Interim Direct Purchaser Class Co–Lead and Liaison and Local Counsel Plaintiffs Brookshire Brothers, Ltd.'s and Stephen L. LaFrance Pharmacy, Inc. dba SAJ Distributors' Response to the "Majority Plaintiffs'" Motion for Appointment of Co–Lead Counsel for the Direct Purchaser Plaintiffs* filed by Brookshire Brothers, Ltd.. (Attachments: # 1 Exhibit(s) Ex. A Invitation of April 9, 2008)(Montague, H.) (Entered: 06/17/2008) |
| 06/17/2008 | 313 | CERTIFICATE OF SERVICE by Brookshire Brothers, Ltd. re 312 Brief in Opposition,, *Plaintiffs Brookshire Brothers, Ltd.'s and Stephen L. LaFrance Pharmacy, Inc. dba SAJ Distributors' Response to the "Majority Plaintiffs'" Motion for Appointment of Co–Lead Counsel for the Direct Purchaser Plaintiffs* (Montague, H.) (Entered: 06/17/2008) |
| 06/17/2008 | 314 | BRIEF IN OPPOSITION re 267 MOTION to Appoint Counsel *The Miller Plaintiffs' Motion for Appointment of Susman Godfrey L.L.P. as Co–Lead Counsel for the Direct Purchaser Class Plaintiffs,* 266 MOTION to Appoint Counsel *Motion to Appoint Berger &Montague, P.C. and RodaNast, P.C. as Co–Lead Counsel for the Direct Purchaser Plaintiffs* filed by CNS Confectionery Products, LLC, Winn Corporation, Akisa Matsuda, Eric Lense, Diane Chiger, Stephen Snow, Comwest Industries Inc., STLE Corporation, Webb's Candies, Inc., International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, Robert Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., Stephanos Sgouros, PITCO Foods, Thomas Rode, Mandel Tobacco Company, Inc., Isabelle Dikland, Daphne Matalene, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Marc Lavin, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cindy Elan–Mangano, George Patterson, Carmen Pellitteri, Dacia Lower, Marcy Linder, Molly Wagman, NMJ Consultant Group, Inc., Canteen Vending Company, T. Levy Associates, Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc., VME Distributors, Inc., Edward S Hesano, Karin Jacobs, Weis Markets, Inc., VME Distributors, Inc.(individually and on behalf of a class of all those similarly situated), Long Leaf Vending Inc.. (Attachments: # 1 Exhibit(s) Exhibit A)(Cohen, Walter) (Entered: 06/17/2008) |
| 06/17/2008 | 315 | BRIEF IN OPPOSITION re 233 MOTION to Appoint Counsel, 258 MOTION for Order *Appointing Silberfeld, Maher, and Metz as Lead Counsel* filed by Cyrus T.G.. (Attachments: # 1 Exhibit(s) Declaration)(Ball, Gordon) (Entered: 06/17/2008) |
| 06/17/2008 | 316 | BRIEF IN OPPOSITION re 274 MOTION to Consolidate Cases *Majority Plaintiffs' Motion to Consolidate Actions and for Appointment of Interim Direct Purchaser Class Co–Lead and Liaison and Local Counsel* filed by Richard Miller, Marcia |

| | | Miller, Lori Ann Hongach, Esther Naomi Lieberman, Eugenia Miceli. (Attachments: #_1_ Exhibit(s) 1, #_2_ Exhibit(s) 2)(Barnett, Barry) (Entered: 06/17/2008) |
|---|---|---|
| 06/17/2008 | 317 | DECLARATION by Richard Miller, Marcia Miller, Lori Ann Hongach, Esther Naomi Lieberman, Eugenia Miceli re _316_ Brief in Opposition, *of Barry Barnett*. (Barnett, Barry) (Entered: 06/17/2008) |
| 06/17/2008 | 318 | MOTION to Appoint Counsel *For Class of Indirect Purchasers for Resale* by a.Superior Office Snacks, Inc., Superior Office Snacks of Nebraska, Inc., Superior Office Snacks, Inc., Snacks for a Purpose, Inc., Honor Snacks, Inc., Oasis Distributors, Inc., LLG Enterprises of SE Wisconsin, LLC d/b/a The Snack Store.(Flannery, Michael) (Entered: 06/17/2008) |
| 06/17/2008 | 319 | DECLARATION by Superior Office Snacks of Nebraska, Inc., Superior Office Snacks, Inc., Snacks for a Purpose, Inc., Honor Snacks, Inc., Oasis Distributors, Inc., LLG Enterprises of SE Wisconsin, LLC d/b/a The Snack Store re _318_ MOTION to Appoint Counsel *For Class of Indirect Purchasers for Resale*. (Attachments: #_1_ Exhibit(s) 1, #_2_ Exhibit(s) 2, #_3_ Exhibit(s) 3)(Flannery, Michael) (Entered: 06/17/2008) |
| 06/17/2008 | 320 | BRIEF IN OPPOSITION re _274_ MOTION to Consolidate Cases *Majority Plaintiffs' Motion to Consolidate Actions and for Appointment of Interim Direct Purchaser Class Co-Lead and Liaison and Local Counsel*, _267_ MOTION to Appoint Counsel *The Miller Plaintiffs' Motion for Appointment of Susman Godfrey L.L.P. as Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*, _266_ MOTION to Appoint Counsel *Motion to Appoint Berger &Montague, P.C. and RodaNast, P.C. as Co-Lead Counsel for the Direct Purchaser Plaintiffs* filed by Jones Vend and OCS Distributing, Inc..(Simon, Bruce) (Entered: 06/17/2008) |
| 06/18/2008 | 321 | NOTICE of Appearance by R. Laurence Macon on behalf of Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc. (Macon, R.) (Entered: 06/18/2008) |
| 06/18/2008 | 322 | NOTICE of Appearance by Richard M. Volin on behalf of Isabelle Dikland (Volin, Richard) (Entered: 06/18/2008) |
| 06/18/2008 | 323 | WAIVER OF SERVICE Returned by Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc.. (Kracht, Torsten) (Entered: 06/18/2008) |
| 06/18/2008 | 324 | ADMINISTRATIVE ORDER granting pltf indirect end user purchasers' motion to amend _310_ prop order to pltfs' motion to appt cnsl _276_ &directing that phrase "and liaison counsel" shall be DEEMED stricken from 1st line of Para 3 of prop order attached thereto (Doc. 276-5). (See order for complete details.) Signed by Honorable Christopher C. Conner on 06/18/08. (ki) (Entered: 06/18/2008) |
| 06/18/2008 | 325 | BRIEF IN OPPOSITION re _274_ MOTION to Consolidate Cases *Majority Plaintiffs' Motion to Consolidate Actions and for Appointment of Interim Direct Purchaser Class Co-Lead and Liaison and Local Counsel*, _267_ MOTION to Appoint Counsel *The Miller Plaintiffs' Motion for Appointment of Susman Godfrey L.L.P. as Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*, _266_ MOTION to Appoint Counsel *Motion to Appoint Berger &Montague, P.C. and RodaNast, P.C. as Co-Lead Counsel for the Direct Purchaser Plaintiffs* filed by Jones Vend and OCS Distributing, Inc..(Simon, Bruce) (Entered: 06/18/2008) |
| 06/18/2008 | 326 | SUMMONS Returned Executed by Webb's Candies, Inc.. (Gassman, Seth) (Entered: 06/18/2008) |
| 06/18/2008 | 327 | SUMMONS Returned Executed by Webb's Candies, Inc.. (Gassman, Seth) (Entered: 06/18/2008) |
| 06/18/2008 | 328 | SUMMONS Returned Executed by Webb's Candies, Inc.. (Gassman, Seth) (Entered: 06/18/2008) |
| 06/18/2008 | 329 | SUMMONS Returned Executed by Webb's Candies, Inc.. (Gassman, Seth) (Entered: 06/18/2008) |
| 06/18/2008 | 330 | SUMMONS Returned Executed by Webb's Candies, Inc.. (Gassman, Seth) (Entered: 06/18/2008) |

| 06/18/2008 | 331 | SUMMONS Returned Executed by Webb's Candies, Inc.. (Gassman, Seth) (Entered: 06/18/2008) |
|---|---|---|
| 06/19/2008 | 332 | CASE MANAGEMENT ORDER NO. 4A RE: APPT OF CNSL FOR DIRECT PURCHASER PLTFS – It is hereby ORDERED that: 1. Motions for appt of cnsl 266 , 267 & 274 are DENIED w/out prejudice to direct purchaser pltfs' rt to re–file them in acc w/ provisions of following paragraph.; 2. By 7/3/08 direct purchaser pltfs shall file renewed motions for appt of cnsl... (see Paras 2a & 2b for req'mts re: said filings).; 3. By 7/10/08 any party may file objs to said motions for appt.; 4. Nothing herein forecloses realignment of consituent subgroups of direct purchaser pltfs or prevents direct purchaser pltfs from filign single unanimous motion for appt.; 5. Nothing herein affects motions for appt filed by indirect business purchaser pltfs, indirect end user pltfs or indiv pltfs nor does it auth filing of addt'l motions by members of these pltf groups. (See order for complete details.) Signed by Honorable Christopher C. Conner on 06/19/08. (ki) (Entered: 06/19/2008) |
| 06/20/2008 | 333 | NOTICE of Appearance by Katherine A Morgan on behalf of Russell Traub (Morgan, Katherine) (Entered: 06/20/2008) |
| 06/20/2008 | 334 | NOTICE of Appearance by Bonny E. Sweeney on behalf of Russell Traub (Sweeney, Bonny) (Entered: 06/20/2008) |
| 06/20/2008 | 335 | AFFIDAVIT of Service for Summons and Complaint served on Cadbury Adams Canada Inc. on 04/3/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/20/2008) |
| 06/20/2008 | 336 | AFFIDAVIT of Service for Summons And Complaint served on Cadbury Adams USA, LLC on 01/30/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/20/2008) |
| 06/20/2008 | 337 | AFFIDAVIT of Service for Summons And Complaint served on Cadbury Schweppes PLC. on 02/27/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/20/2008) |
| 06/23/2008 | 338 | SUMMONS Returned Executed by Judith Bishop, Eric Rodman Cohen, James Miles, Darla Jackson, David Levy, Frank Gerencser, Sarah Allder, Timothy Duffy, Korey James Christensen, Susan Jones, Abbie Soule, Stephanie Aceto, Donna Siler, Timothy Emmer, Sarina Vlock, Robert Allder, Michelle Bounderate, Amy K. Luminoso, Katherine Mary Ferlic, Mark Moynahan, Douglas Dillard Glenn, Monica Browne, Mike Carrels, Layna M. Rose, James Veneziano, Marlene Smith, Mike Davis, Arnie Enz. (McCarthy, James) (Entered: 06/23/2008) |
| 06/23/2008 | 339 | SUMMONS Returned Executed by Judith Bishop, Eric Rodman Cohen, James Miles, Darla Jackson, David Levy, Frank Gerencser, Sarah Allder, Timothy Duffy, Korey James Christensen, Susan Jones, Abbie Soule, Stephanie Aceto, Donna Siler, Timothy Emmer, Sarina Vlock, Robert Allder, Michelle Bounderate, Amy K. Luminoso, Katherine Mary Ferlic, Mark Moynahan, Douglas Dillard Glenn, Monica Browne, Mike Carrels, Layna M. Rose, James Veneziano, Marlene Smith, Mike Davis, Arnie Enz. (McCarthy, James) (Entered: 06/23/2008) |
| 06/23/2008 | 340 | SUMMONS Returned Executed by Judith Bishop, Eric Rodman Cohen, James Miles, Darla Jackson, David Levy, Frank Gerencser, Sarah Allder, Timothy Duffy, Korey James Christensen, Susan Jones, Abbie Soule, Stephanie Aceto, Donna Siler, Timothy Emmer, Sarina Vlock, Robert Allder, Michelle Bounderate, Amy K. Luminoso, Katherine Mary Ferlic, Mark Moynahan, Douglas Dillard Glenn, Monica Browne, Mike Carrels, Layna M. Rose, James Veneziano, Marlene Smith, Mike Davis, Arnie Enz. (McCarthy, James) (Entered: 06/23/2008) |
| 06/23/2008 | 341 | SUMMONS Returned Executed by Judith Bishop, Eric Rodman Cohen, James Miles, Darla Jackson, David Levy, Frank Gerencser, Sarah Allder, Timothy Duffy, Korey James Christensen, Susan Jones, Abbie Soule, Stephanie Aceto, Donna Siler, Timothy Emmer, Sarina Vlock, Robert Allder, Michelle Bounderate, Amy K. Luminoso, Katherine Mary Ferlic, Mark Moynahan, Douglas Dillard Glenn, Monica Browne, Mike Carrels, Layna M. Rose, James Veneziano, Marlene Smith, Mike Davis, Arnie Enz. (McCarthy, James) (Entered: 06/23/2008) |
| 06/23/2008 | 342 | SUMMONS Returned Executed by Judith Bishop, Eric Rodman Cohen, James Miles, Darla Jackson, David Levy, Frank Gerencser, Sarah Allder, Timothy Duffy, Korey |

| | | |
|---|---|---|
| | | James Christensen, Susan Jones, Abbie Soule, Stephanie Aceto, Donna Siler, Timothy Emmer, Sarina Vlock, Robert Allder, Michelle Bounderate, Amy K. Luminoso, Katherine Mary Ferlic, Mark Moynahan, Douglas Dillard Glenn, Monica Browne, Mike Carrels, Layna M. Rose, James Veneziano, Marlene Smith, Mike Davis, Arnie Enz. (McCarthy, James) (Entered: 06/23/2008) |
| 06/23/2008 | 343 | AFFIDAVIT of Service for Summons and Complaint served on Cadbury Schweppes Americas on 01/30/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/23/2008) |
| 06/23/2008 | 344 | AFFIDAVIT of Service for Summons and Complaint served on Hershey Canada Inc on 03/04/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/23/2008) |
| 06/23/2008 | 345 | NOTICE of Appearance by Roger M. Shrimp on behalf of C.W. Brower, Inc. (Shrimp, Roger) (Entered: 06/23/2008) |
| 06/23/2008 | 346 | AFFIDAVIT of Service for Summons and Complaint served on Itwal Ltd on 04/28/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/23/2008) |
| 06/23/2008 | 347 | AFFIDAVIT of Service for Summons and Complaint served on Mars Canada Inc on 04/17/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/23/2008) |
| 06/23/2008 | 348 | AFFIDAVIT of Service for Summons and Complaint served on Mars Inc. on 01/24/08, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/23/2008) |
| 06/23/2008 | 349 | AFFIDAVIT of Service for Summons and Complaint served on Masterfoods USA on 01/30/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/23/2008) |
| 06/23/2008 | 350 | AFFIDAVIT of Service for Summons and Complaint served on Nestle Canada Inc on 04/09/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/23/2008) |
| 06/23/2008 | 351 | AFFIDAVIT of Service for Summons and Complaint served on Nestle S.A. on 03/05/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/23/2008) |
| 06/23/2008 | 352 | AFFIDAVIT of Service for Summons and Complaint served on Nestle USA on 01/24/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/23/2008) |
| 06/23/2008 | 353 | AFFIDAVIT of Service for Summons and Complaint served on The Hershey Company on 01/25/2008, filed by United Customs Distribution. (Tse, Beverly) (Entered: 06/23/2008) |
| 06/24/2008 | 354 | NOTICE of Appearance by Mark R. Cuker on behalf of Weis Markets, Inc. (Cuker, Mark) (Entered: 06/24/2008) |
| 06/24/2008 | 355 | NOTICE of Appearance by Mark R. Cuker on behalf of Weis Markets, Inc. (Cuker, Mark) (Entered: 06/24/2008) |
| 06/24/2008 | 357 | NOTICE by Cyrus T.G. re 315 Brief in Opposition *Re: Withdrawal of Nomination of Liaison Counsel* (Ball, Gordon) (Entered: 06/24/2008) |
| 06/24/2008 | | Doc. 356 filed 6/24/08 deleted and replaced with Doc. 357 filed 6/24/08. (gls) (Entered: 06/24/2008) |
| 06/26/2008 | 358 | NOTICE of Change of Address by Daniel Hume (Hume, Daniel) (Entered: 06/26/2008) |
| 06/27/2008 | 359 | WAIVER OF SERVICE Returned by The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc.. (Patton, Douglas) (Entered: 06/27/2008) |
| 06/27/2008 | 360 | WAIVER OF SERVICE Returned by The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc.. (Patton, Douglas) (Entered: 06/27/2008) |

| 06/27/2008 | 361 | WAIVER OF SERVICE Returned by The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc.. (Patton, Douglas) (Entered: 06/27/2008) |
|---|---|---|
| 06/27/2008 | 362 | WAIVER OF SERVICE Returned by The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc.. (Patton, Douglas) (Entered: 06/27/2008) |
| 06/27/2008 | 363 | WAIVER OF SERVICE Returned by The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc.. (Patton, Douglas) (Entered: 06/27/2008) |
| 07/01/2008 | 364 | WAIVER OF SERVICE Returned by CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp.. (Lukens, Joseph) (Entered: 07/01/2008) |
| 07/01/2008 | 365 | WAIVER OF SERVICE Returned by CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp.. (Lukens, Joseph) (Entered: 07/01/2008) |
| 07/01/2008 | 366 | WAIVER OF SERVICE Returned by CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp.. (Lukens, Joseph) (Entered: 07/01/2008) |
| 07/01/2008 | 367 | WAIVER OF SERVICE Returned by CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp.. (Lukens, Joseph) (Entered: 07/01/2008) |
| 07/01/2008 | 368 | WAIVER OF SERVICE Returned by CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp.. (Lukens, Joseph) (Entered: 07/01/2008) |
| 07/01/2008 | 369 | WAIVER OF SERVICE Returned by The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc.. (Patton, Douglas) (Entered: 07/01/2008) |
| 07/01/2008 | 370 | WAIVER OF SERVICE Returned by The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc.. (Patton, Douglas) (Entered: 07/01/2008) |
| 07/01/2008 | 371 | WAIVER OF SERVICE Returned by The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc.. (Patton, Douglas) (Entered: 07/01/2008) |
| 07/01/2008 | 372 | NOTICE by Stephanos Sgouros *of Filing of Waiver of Service by Cadbury Schweppes PLC and Cadbury Adams Canada* (Battin, Timothy) (Entered: 07/01/2008) |
| 07/03/2008 | 373 | MOTION to Appoint Counsel *Joint Motion by Berger &Montague, Rodanast, Cohen Milstein Hausfeld &Toll, Preti Flaherty Beliveau &Pachios, Kirby McInerney and Labaton Sucharow to Appoint Interim Co–Lead Counsel for the Direct Purchaser Plaintiffs* by Stephen L. LaFrance Pharmacy, Inc., Western Skier, Ltd., CNS Confectionery Products, LLC, Winn Corporation, Akisa Matsuda, Eric Lense, Diane Chiger, Stephen Snow, Comwest Industries Inc., STLE Corporation, Webb's Candies, Inc., International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, Robert Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., Stephanos Sgouros, Lori Ann Hongach, Brookshire Brothers, Ltd., PITCO Foods, Thomas Rode, Mandel Tobacco Company, Inc., Isabelle Dikland, Daphne Matalene, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Marc Lavin, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cindy Elan–Mangano, George Patterson, Carmen Pellitteri, Dacia Lower, Marcy Linder, Molly Wagman, NMJ Consultant Group, Inc., Canteen Vending Company, T. Levy Associates, Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc., VME Distributors, Inc., Card &Party Mart II Ltd., Edward S Hesano, Karin Jacobs, Weis Markets, Inc., VME Distributors, Inc.(individually and on behalf of a class of all those similarly situated), Long Leaf Vending Inc.. (Attachments: # 1 Proposed Order)(Cohen, Walter) (Entered: 07/03/2008) |
| 07/03/2008 | 374 | BRIEF IN SUPPORT re 373 MOTION to Appoint Counsel *Joint Motion by Berger &Montague, Rodanast, Cohen Milstein Hausfeld &Toll, Preti Flaherty Beliveau &Pachios, Kirby McInerney and Labaton Sucharow to Appoint Interim Co–Lead Counsel for the Direct Purchaser Plaintiffs* |
| 07/03/2008 | 375 | CERTIFICATE OF SERVICE by Stephen L. LaFrance Pharmacy, Inc., Western Skier, Ltd., CNS Confectionery Products, LLC, Winn Corporation, Akisa Matsuda, Eric Lense, Diane Chiger, Stephen Snow, Comwest Industries Inc., STLE Corporation, Webb's Candies, Inc., International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, Robert |

| | | |
|---|---|---|
| | | Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., Stephanos Sgouros, Lori Ann Hongach, Brookshire Brothers, Ltd., PITCO Foods, Thomas Rode, Mandel Tobacco Company, Inc., Isabelle Dikland, Daphne Matalene, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Marc Lavin, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cindy Elan-Mangano, George Patterson, Carmen Pellitteri, Dacia Lower, Marcy Linder, Molly Wagman, NMJ Consultant Group, Inc., Canteen Vending Company, T. Levy Associates, Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc., VME Distributors, Inc., Card &Party Mart II Ltd., Edward S Hesano, Karin Jacobs, Weis Markets, Inc., VME Distributors, Inc.(individually and on behalf of a class of all those similarly situated), Long Leaf Vending Inc. re <u>374</u> Brief in Support,,,,,, <u>373</u> MOTION to Appoint Counsel *Joint Motion by Berger &Montague, Rodanast, Cohen Milstein Hausfeld &Toll, Preti Flaherty Beliveau &Pachios, Kirby McInerney and Labaton Sucharow to Appoint Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs* (Cohen, Walter) (Entered: 07/03/2008) |
| 07/09/2008 | <u>376</u> | NOTICE of Appearance by Kevin J. Miller on behalf of Judith Bishop, Eric Rodman Cohen, James Miles, Darla Jackson, David Levy, Frank Gerencser, Sarah Allder, Timothy Duffy, Korey James Christensen, Susan Jones, Abbie Soule, Stephanie Aceto, Donna Siler, Timothy Emmer, Sarina Vlock, Robert Allder, Michelle Bounderate, Amy K. Luminoso, Katherine Mary Ferlic, Mark Moynahan, Douglas Dillard Glenn, Monica Browne, Mike Carrels, Layna M. Rose, James Veneziano, Marlene Smith, Mike Davis, Arnie Enz (Miller, Kevin) (Entered: 07/09/2008) |
| 07/09/2008 | <u>377</u> | AFFIDAVIT of Service for Summons &Complaint served on Hershey Company on 4/11/08, filed by Cindy Elan-Mangano. (Hagstrom, Richard) (Entered: 07/09/2008) |
| 07/09/2008 | <u>378</u> | AFFIDAVIT of Service for Summons &Complaint served on Mars, Inc. on 4/11/08, filed by Cindy Elan-Mangano. (Hagstrom, Richard) (Entered: 07/09/2008) |
| 07/09/2008 | <u>379</u> | AFFIDAVIT of Service for Summons &Complaint served on Masterfoods USA on 4/11/08, filed by Cindy Elan-Mangano. (Hagstrom, Richard) (Entered: 07/09/2008) |
| 07/09/2008 | <u>380</u> | AFFIDAVIT of Service for Summons &Complaint served on Nestle USA on 4/11/08, filed by Cindy Elan-Mangano. (Hagstrom, Richard) (Entered: 07/09/2008) |
| 07/09/2008 | <u>381</u> | AFFIDAVIT of Service for Summons &Complaint served on Cadbury Schweppes Americas on 4/11/08, filed by Cindy Elan-Mangano. (Hagstrom, Richard) (Entered: 07/09/2008) |
| 07/09/2008 | <u>382</u> | AFFIDAVIT of Service for Summons &Complaint served on Cadbury Adams USA LLC on 4/11/08, filed by Cindy Elan-Mangano. (Hagstrom, Richard) (Entered: 07/09/2008) |
| 07/09/2008 | <u>383</u> | AFFIDAVIT of Service for Summons &Complaint served on Nestle, S.A. on 5/22/08, filed by Cindy Elan-Mangano. (Hagstrom, Richard) (Entered: 07/09/2008) |
| 07/09/2008 | <u>384</u> | AFFIDAVIT of Service for Summons &Complaint served on Cadbury Schweppes PLC on 5/21/08, filed by Cindy Elan-Mangano. (Hagstrom, Richard) (Entered: 07/09/2008) |
| 07/09/2008 | <u>385</u> | AFFIDAVIT of Service for Summons &Complaint served on Mars Canada, Inc. on 6/02/08, filed by Cindy Elan-Mangano. (Hagstrom, Richard) (Entered: 07/09/2008) |
| 07/10/2008 | <u>386</u> | NOTICE of Appearance by Steven F. Benz on behalf of Judith Bishop, Eric Rodman Cohen, James Miles, Darla Jackson, David Levy, Frank Gerencser, Sarah Allder, Timothy Duffy, Korey James Christensen, Susan Jones, Abbie Soule, Stephanie Aceto, Donna Siler, Timothy Emmer, Sarina Vlock, Robert Allder, Michelle Bounderate, Amy K. Luminoso, Katherine Mary Ferlic, Mark Moynahan, Douglas Dillard Glenn, Monica Browne, Mike Carrels, Layna M. Rose, James Veneziano, Marlene Smith, Mike Davis, Arnie Enz (Benz, Steven) (Entered: 07/10/2008) |
| 07/14/2008 | <u>387</u> | CASE MANAGEMENT ORDER NO. 5 - ORDER APPOINTING INTERIM LEAD AND LOCAL COUNSEL - 1. Appt of interim cnsl for 1. a. Direct Purchasers - motion for appt by Walter W. Cohen <u>373</u> GRANTED, lead, local &exec committee cnsl appt'd, 1.b. Indirect purchasers - motion for appt by Joseph U. Metz <u>258</u> |

| | | |
|---|---|---|
| | | GRANTED, lead &local cnsl appt'd, motion for appt by W. Gordon Ball 233 DENIED &motion for appt by Michael Flannery 318 DENIED, l.c. Indirect End Users− Motion for appt filed by James McCarthy, Jr. 276 , lead &local cnsl appt'd, l.d. Individual Pltfs − Motion for appt by Steve D. Shadown 259 GRANTED &liaison cnsl appt'd.; 2. Role of counsel, inc. duties of lead cnsl, local cnsl (liaison cnsl) &executive committee set forth.; 3. Monthly cost reports requirements set forth.; 4. Preservation of privileges adddressed.; 5. Commencement of case mgmt schedule addressed (see CMO No. 4 225 ) − all ddls est by same to commence upon date of this order. (See order for complete details.) Signed by Honorable Christopher C. Conner on 07/14/08. (ki) (Entered: 07/14/2008) |
| 07/14/2008 | 389 | CERTIFIED CONDITIONAL TRANSFER ORDER (CTO−3) signed by Jeffrey N. Luthi, Clerk of the Panel filed 7/14/08. (jc) (Entered: 07/16/2008) |
| 07/15/2008 | 388 | AFFIDAVIT of Service for Summons served on Nestle S.A. on 5/26/2008, filed by Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc.. (Kracht, Torsten) (Entered: 07/15/2008) |
| 07/16/2008 | 390 | LETTER − from MDPA Clerk's Office to Clerk in the E.D. of Pennsylvania requesting the transfer of their case to the M.D. of PA pursuant to the MDL 1935 Transfer Order filed 7/14/08. (jc) (Entered: 07/16/2008) |
| 07/21/2008 | 391 | CERTIFICATE OF SERVICE by Cindy Elan−Mangano *(Summons/Complaint) Hershey Canada served on 5/30/08* (Hagstrom, Richard) (Entered: 07/21/2008) |
| 07/22/2008 | 392 | NOTICE of Appearance by Peter G Safirstein on behalf of Edward S Hesano (Attachments: # 1 Certificate of Service)(Safirstein, Peter) (Entered: 07/22/2008) |
| 07/22/2008 | 393 | NOTICE of Appearance by Andrew J Morganti on behalf of Edward S Hesano (Attachments: # 1 Certificate of Service)(Morganti, Andrew) (Entered: 07/22/2008) |
| 07/24/2008 | 394 | CERTIFICATE OF SERVICE by Cindy Elan−Mangano *service of summons and complaint on Nestle Canada on 7/2/08* (Hagstrom, Richard) (Entered: 07/24/2008) |
| 07/25/2008 | 395 | AFFIDAVIT of Service for Summons and Complaint served on Ben Celetti on May 5, 2008, filed by Mars Canada Inc.. (Falk, Morissa) (Entered: 07/25/2008) |
| 07/28/2008 | 396 | MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* by Stephen L. LaFrance Pharmacy, Inc., Western Skier, Ltd., CNS Confectionery Products, LLC, Winn Corporation, Akisa Matsuda, Eric Lense, Diane Chiger, Stephen Snow, Comwest Industries Inc., STLE Corporation, Webb's Candies, Inc., International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, Robert Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., Stephanos Sgouros, Lori Ann Hongach, Brookshire Brothers, Ltd., PITCO Foods, Thomas Rode, Mandel Tobacco Company, Inc., Isabelle Dikland, Daphne Matalene, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Marc Lavin, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cindy Elan−Mangano, George Patterson, Carmen Pellitteri, Dacia Lower, Marcy Linder, Molly Wagman, NMJ Consultant Group, Inc., Canteen Vending Company, T. Levy Associates, Food Lion, LLC, Kash N' Karry Food Stores, Inc., VME Distributors, Inc., Card &Party Mart II Ltd., Edward S Hesano, Karin Jacobs, Weis Markets, Inc., VME Distributors, Inc.(individually and on behalf of a class of all those similarly situated), Long Leaf Vending Inc..(Cohen, Walter) (Entered: 07/28/2008) |
| 07/28/2008 | 397 | BRIEF IN SUPPORT re 396 MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to* |

| | | |
|---|---|---|
| | | *Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* filed by Stephen L. LaFrance Pharmacy, Inc., Western Skier, Ltd., CNS Confectionery Products, LLC, Winn Corporation, Akisa Matsuda, Eric Lense, Diane Chiger, Stephen Snow, Comwest Industries Inc., STLE Corporation, Webb's Candies, Inc., International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, Robert Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., Stephanos Sgouros, Lori Ann Hongach, Brookshire Brothers, Ltd., PITCO Foods, Thomas Rode, Mandel Tobacco Company, Inc., Isabelle Dikland, Daphne Matalene, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Marc Lavin, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cindy Elan−Mangano, George Patterson, Carmen Pellitteri, Dacia Lower, Marcy Linder, NMJ Consultant Group, Inc., Canteen Vending Company, T. Levy Associates, Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc., VME Distributors, Inc., Card &Party Mart II Ltd., Edward S Hesano, Karin Jacobs, Weis Markets, Inc., VME Distributors, Inc.(individually and on behalf of a class of all those similarly situated), Long Leaf Vending Inc.. (Attachments: # 1 Excerpt of Transcript of Case Management Conference, # 2 Order in IN RE: Pressure Sensitive Labelstock litigation, # 3 Third Case Management Order in IN RE: Linerboard Antitrust litigation)(Cohen, Walter) (Entered: 07/28/2008)* |
| 07/28/2008 | 398 | WAIVER OF SERVICE Returned by Stephanos Sgouros. (Battin, Timothy) (Entered: 07/28/2008) |
| 07/28/2008 | 399 | Proposed Order Vacating Paragraph 3 and Modifying Paragraph 2 (a)(vi) of Case Management Order No. 5 by Stephen L. LaFrance Pharmacy, Inc., Western Skier, Ltd., CNS Confectionery Products, LLC, Winn Corporation, Akisa Matsuda, Eric Lense, Diane Chiger, Stephen Snow, Comwest Industries Inc., STLE Corporation, Webb's Candies, Inc., International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, Robert Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., Stephanos Sgouros, Lori Ann Hongach, Brookshire Brothers, Ltd., PITCO Foods, Thomas Rode, Mandel Tobacco Company, Inc., Isabelle Dikland, Daphne Matalene, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Marc Lavin, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cindy Elan−Mangano, George Patterson, Carmen Pellitteri, Dacia Lower, Marcy Linder, Molly Wagman, NMJ Consultant Group, Inc., Canteen Vending Company, T. Levy Associates, Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc., VME Distributors, Inc., Card &Party Mart II Ltd., Edward S Hesano, Karin Jacobs, Weis Markets, Inc., VME Distributors, Inc.(individually and on behalf of a class of all those similarly situated), Long Leaf Vending Inc..(Cohen, Walter) (Entered: 07/28/2008) |
| 07/28/2008 | 400 | CERTIFICATE OF SERVICE by Stephen L. LaFrance Pharmacy, Inc., Western Skier, Ltd., CNS Confectionery Products, LLC, Winn Corporation, Akisa Matsuda, Eric Lense, Diane Chiger, Stephen Snow, Comwest Industries Inc., STLE Corporation, Webb's Candies, Inc., International Wholesale, Inc., Katherine Woodman, United Customs Distribution, United Wholesale, Glenn Coffey, Robert Philipson, Valos House of Candy, Original Fowler's Chocolate Co., Inc., Stephanos Sgouros, Lori Ann Hongach, Brookshire Brothers, Ltd., PITCO Foods, Thomas Rode, Mandel Tobacco Company, Inc., Isabelle Dikland, Daphne Matalene, Julia Isenhower, D Controls, Inc., Jonathan Benjamin, Adrianne Shienvold, Autry Greer &Sons, Inc., Tanya O. Butts, Ben Lee Distributors, Inc., Weaver Nut Company, Seth E. Ellis, PA, Marc Lavin, Jill Lavin, Daniel Klein, Royal Enterprises Corporation, Ellen Widom, Cindy Elan−Mangano, George Patterson, Carmen Pellitteri, Dacia Lower, Marcy Linder, Molly Wagman, NMJ Consultant Group, Inc., Canteen Vending Company, T. Levy Associates, Marlene Smith, Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc., VME Distributors, Inc., Card &Party Mart II Ltd., Edward S Hesano, Karin Jacobs, Weis Markets, Inc., VME Distributors, Inc.(individually and on behalf of a class of all those similarly situated), Long Leaf Vending Inc. (Cohen, Walter) (Entered: 07/28/2008) |

| 07/30/2008 | 401 | ORDER re: motion for reconsideration 396 — It is hereby ORDERED that: 1. If any pltf group opposes motion 396 they shall file br in opp by 8/15/08.; 2.Defts shall file br in opp by 8/15/08. (See order for complete details.) Signed by Honorable Christopher C. Conner on 07/30/08. (ki) (Entered: 07/30/2008) |
|---|---|---|
| 07/30/2008 | 402 | NOTICE of Appearance by Theresa J. Hensen on behalf of Donald Webster (Hensen, Theresa) (Entered: 07/30/2008) |
| 08/05/2008 | 403 | AMENDED DOCUMENT by Mars Canada Inc., Mars North America, Masterfoods USA, Mars Snackfood US LLC, Mars, Incorporated. Amendment to 193 Disclosure Statement Pursuant To FRCP 7.1 (Parent Corporations). (Blakelock, Frederick) (Entered: 08/05/2008) |
| 08/05/2008 | 404 | WAIVER OF SERVICE Returned by Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc.. (Kracht, Torsten) (Entered: 08/05/2008) |
| 08/05/2008 | 405 | WAIVER OF SERVICE Returned by CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp.. (Lukens, Joseph) (Entered: 08/05/2008) |
| 08/05/2008 | 406 | WAIVER OF SERVICE Returned by Longs Drug Stores California, Inc.. (Lukens, Joseph) (Entered: 08/05/2008) |
| 08/05/2008 | 407 | WAIVER OF SERVICE Returned by Longs Drug Stores California, Inc.. (Lukens, Joseph) (Entered: 08/05/2008) |
| 08/05/2008 | 408 | WAIVER OF SERVICE Returned by Longs Drug Stores California, Inc.. (Lukens, Joseph) (Entered: 08/05/2008) |
| 08/05/2008 | 409 | WAIVER OF SERVICE Returned by Longs Drug Stores California, Inc.. (Lukens, Joseph) (Entered: 08/05/2008) |
| 08/05/2008 | 410 | WAIVER OF SERVICE Returned by Longs Drug Stores California, Inc.. (Lukens, Joseph) (Entered: 08/05/2008) |
| 08/08/2008 | 411 | AFFIDAVIT of Service for Summons and Complaint served on Nestle Canada, Inc. on 6/26/2008, filed by Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc.. (Kracht, Torsten) (Entered: 08/08/2008) |
| 08/11/2008 | 412 | CERTIFIED CONDITIONAL TRANSFER ORDER (CTO−4) signed by Jeffrey N. Luthi, Clerk of the Panel, filed 8/11/08 and received from the MDL Panel with Schedule CTO−4 Tag−Along action attached. (jc) (Entered: 08/12/2008) |
| 08/12/2008 | 413 | LETTER − from the MDPA Clerk's Office to Clerk for the S.D. of California requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−4−Tag−Along Order filed 8/11/08. (jc) (Entered: 08/12/2008) |
| 08/12/2008 | 414 | LETTER − from the MDPA Clerk's Office to Clerk for the District of Columbia requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−4−Tag−Along Order filed 8/11/08. (jc) (Entered: 08/12/2008) |
| 08/12/2008 | 415 | LETTER − from the MDPA Clerk's Office to Clerk for the E.D. of Texas requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−4−Tag−Along Order filed 8/11/08. (jc) (Entered: 08/12/2008) |
| 08/12/2008 | 416 | LETTER − from the MDPA Clerk's Office to Clerk for the N.D. of Texas requesting the transfer of their case to the M.D. of PA pursuant to the Certified MDL CTO−4−Tag−Along Order filed 8/11/08. (jc) (Entered: 08/12/2008) |
| 08/12/2008 | 417 | NOTICE by Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc. *Concerning Class Allegations* (Kracht, Torsten) (Entered: 08/12/2008) |
| 08/13/2008 | 418 | AMENDED COMPLAINT *DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT* against all defendants, filed by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., Card &Party Mart II Ltd.. (Attachments: # 1 Exhibit(s) A)(Cohen, Walter) (Entered: 08/13/2008) |
| 08/13/2008 | 419 | CERTIFICATE of Certificate of Service by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO |

| | | |
|---|---|---|
| | | Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., Card &Party Mart II Ltd. re 418 Amended Complaint, *Direct Purchaser Plaintiffs' Consolidated Class Action Complaint.* (Cohen, Walter) (Entered: 08/13/2008) |
| 08/13/2008 | 420 | AMENDED COMPLAINT *Indirect End User Plaintiffs' Consolidated Class Action Complaint* against Cadbury Holdings Ltd., Cadbury PLC, Nestle U.S.A., Inc., Nestle S.A., Cadbury Adams Canada, Inc., Hershey Canada, Inc., Mars Canada Inc., Nestle Canada Inc., Mars Snackfood US LLC, The Hershey Company, Mars, Incorporated, filed by Lisa Blackwell, Kelsey French, Pernell Larsen, Linda K. Davis, Shirley A. Dresen, Michael McNamara, Debra L. Damaske, Craig Stephenson, Kevin Tierney, Judith Bishop, Eric Rodman Cohen, James Miles, Darla Jackson, David Levy, Frank Gerencser, Sarah Allder, Timothy Duffy, Korey James Christensen, Susan Jones, Abbie Soule, Stephanie Aceto, Donna Siler, Timothy Emmer, Sarina Vlock, Robert Allder, Michelle Bounderate, Amy K. Luminoso, Katherine Mary Ferlic, Mark Moynahan, Douglas Dillard Glenn, Monica Browne, Mike Carrels, Layna M. Rose, James Veneziano, Marlene Smith, Mike Davis, Arnie Enz. (Attachments: # 1 Civil Cover Sheet)(McCarthy, James) (Entered: 08/13/2008) |
| 08/13/2008 | 421 | AMENDED COMPLAINT *Individual Plaintiffs' Amended Consolidated Complaint* against Nestle U.S.A., Inc., Nestle S.A., Cadbury Adams Canada, Inc., Hershey Canada, Inc., Mars Canada Inc., Nestle Canada Inc., Mars Snackfood US LLC, Cadbury Schweppes PLC, The Hershey Company, Mars, Incorporated, filed by Longs Drug Stores California, Inc., Associated Grocers of Florida, Inc., The Kroger Co., Safeway Inc., Walgreen Co., Hy–Vee, Inc., Affiliated Foods, Inc., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Giant Eagle, Inc., Food Lion, LLC, Hannaford Bros. Co., Kash N' Karry Food Stores, Inc..(Shadowen, Steven) (Entered: 08/13/2008) |
| 08/14/2008 | 422 | AMENDED COMPLAINT *CONSOLIDATED CLASS COMPLAINT OF INDIRECT PURCHASERS FOR RESALE* against all defendants, filed by Treat America Limited.(Silberfeld, Roman) (Entered: 08/14/2008) |
| 08/15/2008 | 423 | NOTICE of Appearance by Leah A. Ramos on behalf of Cadbury Adams USA LLC, Cadbury Adams Canada, Inc., Cadbury Holdings Ltd., Cadbury PLC (Ramos, Leah) (Entered: 08/15/2008) |
| 08/15/2008 | 424 | BRIEF IN OPPOSITION re 396 MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* filed by Nestle USA.(Finio, Michael) (Entered: 08/15/2008) |
| 08/18/2008 | 425 | MOTION for Order *Direct Purchaser Class Plaintiffs' Motion to Deem Served Nestle S.A. and Nestle Canada, Inc..* by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., Card &Party Mart II Ltd.. (Attachments: # 1 Proposed Order)(Cohen, Walter) (Entered: 08/18/2008) |
| 08/18/2008 | 426 | BRIEF IN SUPPORT of *Direct Purchaser Class Plaintiffs' Motion to Deem Served Nestle S.A. And Nestle Canada, Inc.* re 425 MOTION for Order *Direct Purchaser Class Plaintiffs' Motion to Deem Served Nestle S.A. and Nestle Canada, Inc..* filed by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., Card &Party Mart II Ltd.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E)(Cohen, Walter) |

| | | |
|---|---|---|
| | | (Entered: 08/18/2008) |
| 08/18/2008 | 427 | CERTIFICATE of Certificate of Non–Concurrence in Motion by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., Card &Party Mart II Ltd. re 425 MOTION for Order *Direct Purchaser Class Plaintiffs' Motion to Deem Served Nestle S.A. and Nestle Canada, Inc.,, 426* Brief in Support,, *of Direct Purchaser Class Plaintiffs' Motion to Deem Served Nestle S.A.And Nestle Canada, Inc..* (Cohen, Walter) (Entered: 08/18/2008) |
| 08/18/2008 | 428 | CERTIFICATE OF SERVICE by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., re 425 MOTION for Order *Direct Purchaser Class Plaintiffs' Motion to Deem Served Nestle S.A. and Nestle Canada, Inc.., 426* Brief in Support,, *of Direct Purchaser Class Plaintiffs' Motion to Deem Served Nestle S.A. And Nestle Canada, Inc.* (Cohen, Walter) (Entered: 08/18/2008) |
| 08/19/2008 | 429 | MOTION for Order *Unopposed Motion For Entry Of Stipulation As To Service* by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., Card &Party Mart II Ltd.. (Attachments: # 1 Proposed Stipulated Order, # 2 Exhibit(s) A)(Cohen, Walter) (Entered: 08/19/2008) |
| 08/19/2008 | 430 | CERTIFICATE of Concurrence in Motion by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., Card &Party Mart II Ltd. re 429 MOTION for Order *Unopposed Motion For Entry Of Stipulation As To Service.* (Cohen, Walter) (Entered: 08/19/2008) |
| 08/19/2008 | 431 | CERTIFICATE of SERVICE by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., Card &Party Mart II Ltd. re 429 MOTION for Order *Unopposed Motion For Entry Of Stipulation As To Service* (Cohen, Walter) (Entered: 08/19/2008) |
| 08/19/2008 | 432 | STIPULATION AND ORDER AS TO SERVICE APPLICABLE TO ALL DIRECT PURCHASER CLASS ACTION CASES (Stipulation 429 approved by the court) – 1. Direct purchaser pltfs may serve &aforementioned defts' cnsl authorized to &will accept from direct purchasers' ct–appt'd co–lead cnsl the consolidated amended complaint for all direct purchaser pltfs to be served on 8/13/08.; 2. No defense or objection except re: svc of process is waived or impaired by any deft's negotiation of or entry into this stip &all defenses reserved except as to form of process &method of svc.; 3. Deft shall have until 9/29/08 to answer or otherwise respond to direct purchasers' consolidated amended complaint. (See order for complete details.) Signed by Honorable Christopher C. Conner on 08/19/08. (ki) (Entered: 08/20/2008) |
| 08/21/2008 | 433 | Letter from Anh P. Le, Esq. to court advising of withdrawl of appearance on behalf of Cadbury Ddefendants. Attorney Le terminated as of today's date. (pw, ) (Entered: 08/21/2008) |
| 08/21/2008 | 434 | REPLY BRIEF re 399 MOTION for Order *Proposed Order Vacating Paragraph 3 and Modifying Paragraph 2 (a)(vi) of Case Management Order No. 5* MOTION for Order *Proposed Order Vacating Paragraph 3 and Modifying Paragraph 2 (a)(vi) of Case Management Order No. 5* MOTION for Order *Proposed Order Vacating Paragraph 3 and Modifying Paragraph 2 (a)(vi) of Case Management Order No. 5* MOTION for Order *Proposed Order Vacating Paragraph 3 and Modifying Paragraph 2 (a)(vi) of Case Management Order No. 5* MOTION for Order *Proposed Order Vacating Paragraph 3 and Modifying Paragraph 2 (a)(vi) of Case Management Order No. 5* MOTION for Order *Proposed Order Vacating Paragraph 3 and Modifying Paragraph 2 (a)(vi) of Case Management Order No. 5, 396* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph* |

| | | |
|---|---|---|
| | | *2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5* MOTION for Reconsideration *Motion of Direct Purchaser Plaintiffs to Reconsider and to Vacate Paragraph 3 and to Modify Paragraph 2(a)(vi) of Case Management Order No. 5 In Support Of Motion Of Direct Purchaser Plaintiffs To Reconsider And Vacate Paragraph 3 And To Modify Paragraph 2(a)(vi) Of Case Management Order No. 5* filed by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., Card &Party Mart II Ltd..(Cohen, Walter) (Entered: 08/21/2008) |
| 08/21/2008 | <u>435</u> | CERTIFICATE OF SERVICE by Stephen L. LaFrance Pharmacy, Inc., Diane Chiger, The Lorain Novelty Co., Inc., Brookshire Brothers, Ltd., PITCO Foods, Marc Lavin, Jill Lavin, Jones Vend and OCS Distributing, Inc., Card &Party Mart II Ltd. re <u>434</u> Reply Brief,,,,,,,, *In Support Of Motion Of Direct Purchaser Plaintiffs To Reconsider And Vacate Paragraph 3 And To Modify Paragraph 2(a)(vi) Of Case Management Order No. 5* (Cohen, Walter) (Entered: 08/21/2008) |
| 08/26/2008 | <u>436</u> | CERTIFICATE OF SERVICE by Cindy Elan−Mangano *of Summons and Complaint to ITWAL, Ltd. (Canada)* (Hagstrom, Richard) (Entered: 08/26/2008) |
| 08/26/2008 | <u>437</u> | CERTIFICATE OF SERVICE by Cindy Elan−Mangano *of Summons and Complaint to Cadbury Adams Canada, Inc.* (Hagstrom, Richard) (Entered: 08/26/2008) |

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WENDY M. CRESSWELL, 1651 Fuller St. NW #2, Washington, 20009 | ) ) ) |
| Plaintiff, | ) Case No. ) ) |
| v. | ) ) |
| THE HERSHEY COMPANY, 100 Crystal A. Dr., Hershey, PA 17033; MARS, INCORPORATED, 6885 Elm St., McLean VA 22101; MARS NORTH AMERICA, 800 High Street, Hackettstown, New Jersey; MARS SNACKFOODS U.S. LLC, 800 High Street, Hackettstown, New Jersey 07840; NESTLÉ USA, INC., 800 North Brand Boulevard, Glendale, California 91203; CADBURY ADAMS USA LLC, 389 Interpace Parkway, Suite 1, Parsippany, New Jersey, 07054 | ) **NOTICE OF REMOVAL** ) ) ) ) Case: 1:08-cv-01079 ) Assigned To : Collyer, Rosemary M. ) Assign. Date : 6/23/2008 ) Description: Antitrust ) ) ) ) |
| Defendants. | ) ) |

Pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and the Class Action Fairness Act of 2005, P.L. 109-2, § 3, 118 Stat. 5 (Feb. 18, 2005) ("CAFA"), The Hershey Company ("Hershey"), Mars, Inc. ("Mars"), Mars North America, Mars Snackfoods U.S. LLC, and Cadbury Adams USA LLC ("Cadbury"), (collectively, "Defendants"), by and through their respective attorneys, hereby give notice of the removal of this action from the District of Columbia Superior Court, as Case No. 2008-ca-003939, to the United States District Court for the District of Columbia. Removal to this Court is proper because (1) this Court has original jurisdiction over this case, and (2) the United States District Court for the District of Columbia is the district and division embracing the place where the state court litigation is pending. As grounds for removal to this Court, Defendants state as follows:

## I.    Background Of The Pending Litigation.

1.      The plaintiff, Wendy M. Cresswell, individually and on behalf of all other similarly situated persons, filed an action in District of Columbia Superior Court, Civil Division, Civil Action No. 2008-ca-003939, under the caption *Wendy M. Cresswell, v. The Hershey Company; Mars, Incorporated; Mars North America; Mars Snackfoods U.S., LLC; Nestlé, USA, Inc.; Cadbury Adams USA LLC,* (the "Removed Action").

2.      The Removed Action alleges that Defendants and "[v]arious other persons, firms and corporations, not named as Defendants" violated District of Columbia Law, D.C. Code § 28-4508, by engaging in a "contract, combination or conspiracy in restraint of trade." Compl. at ¶¶ 13, 72. The alleged conspiracy "fixed, maintained and stabilized prices for chocolate confectionary productions [sic]."[1] Compl. at ¶ 72. The Removed Action alleges that the conspiracy began "in 2002 and continu[ed] until at least approximately 2008." Compl. at ¶ 1. The putative class is defined as "[a]ll persons who purchased Defendants' chocolate confectionary [sic] products in the District of Columbia from 2002 to the present, excluding persons purchasing directly from the Defendants." Compl. at ¶ 14. Plaintiff therefore purports to represent a class of individuals who purchased chocolate confectionery products from January 1, 2002 through May 23, 2008. Defendants emphatically deny the allegations set forth in the complaint, and expressly reserve all rights to answer or otherwise respond to the complaint.

## II.    This Court Has Original Jurisdiction Over The Removed Action Under CAFA.

3.      The Removed Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 because it is a purported class action in which

plaintiffs are citizens of a State different from one or more Defendants, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the putative class exceeds 100 individuals.

4.    Under 28 U.S.C. § 1332(d), federal courts have original jurisdiction over any (i) purported class action in which (ii) any member of a class of plaintiffs is a citizen of a State different from any defendant (iii) the proposed class contains at least 100 members, and (iv) the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (d)(5).  This case meets each of these requirements under CAFA for conferring original federal jurisdiction for the following reasons:

(a)  This case is a purported class action on behalf of "All persons who purchased Defendants' chocolate confectionary [sic] products in the District of Columbia from 2002 to the present . . . ."  Compl. at ¶ 14.  Thus, the first requirement of § 1332(d) is satisfied.

(b)  According to the complaint, the named plaintiff is a resident of the District of Columbia and the putative class includes "persons . . . in the District of Columbia."  Compl. ¶¶ 5, 14.  In contrast, Mars is a Delaware corporation with its principal place of business in Virginia.  Compl. at ¶ 7.  Hershey is a Delaware corporation with its principal place of business in Pennsylvania.  Compl. at ¶ 6.  Cadbury's principal place of business is New Jersey.  Compl. at ¶ 12.  Therefore, because certain plaintiffs are alleged to be citizens of the District of Columbia and Defendants are citizens of Delaware, New Jersey, Pennsylvania, and Virginia, this action satisfies CAFA's requirement that any member of the plaintiff's class be a citizen of a State "different from any defendant."  CAFA §

---

[1] "Chocolate confectionary [sic] products" are defined in the Removed Action as "chocolate bars, boxed chocolates, and seasonal novelty chocolates."  Compl. at ¶ 21.

4(a)(2)(A), 28 U.S.C. § 1332(d)(2)(A). Thus, the second requirement of § 1332(d) is satisfied.

(c) Plaintiff alleges that "the number of class members...is believed to easily exceed 10,000." Compl. at ¶ 15. Thus, the third requirement of § 1332(d) is satisfied.

(d) Upon information and belief, the amount in controversy exceeds CAFA's $5,000,000 threshold for original federal jurisdiction.

(i) Plaintiff's complaint is silent on the amount of damages sought by the putative class.

(ii) Nevertheless, the jurisdictional amount in this case is met based on a clear reading of plaintiff's claims. Here, plaintiff alleges that "retail sales [of chocolate candy in the United States] totaled $15.6 billion." Compl. at ¶ 25. Plaintiff also alleges that "the number of class members . . . is believed to easily exceed 10,000" and seeks damages for at least a 6-year period, from "2002 through 2008." Compl. at ¶¶ 15, 1.[2] Further, plaintiff seeks putative damages, treble damages, and attorneys fees in their prayer for relief.

(iii) The population of the District of Columbia in 2006 was estimated to be 581,530 and the population of the United States in 2006 was estimated to be 299,398,484. *See* U.S. Census Bureau Quick Facts, *available at* http://quickfacts.census.gov/qfd/states/11000.html. Thus, the population of the District of Columbia comprises approximately .19% of the United States population. Assuming that $15 billion of chocolate candy per year was sold over a 6-year period, as alleged in the complaint, and *not* taking into account 2008 to date, at least $90 billion of chocolate was

---

[2] Plaintiff also asserts damages "to the present" elsewhere in its complaint, thus seeking damages for January 1, 2008 through May 23, 2008, as well.

sold during plaintiff's alleged class period. Using the District of Columbia's .19% share of the United States population, chocolate sales in the District of Columbia from 2002 to 2008 would be $171 million (.19% times $90 billion). Accordingly, based on plaintiff's allegations, a hypothetical 1% overcharge would exceed CAFA's $5 million threshold for original federal jurisdiction when aggregated to include trebled damages, which plaintiff seeks in its prayer for relief. *See Bell v. Preferred Life Assurance Society et al.*, 320 U.S. 238, 240 (1943) (stating that "[where] both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

**III.    The United States District Court For The District Of Columbia Is The District And Division Embracing The Place Where The Removed Action Is Pending.**

5.    The Removed Action is pending in District of Columbia Superior Court. The United States District Court for the District of Columbia is the proper Court to which the Removed Action should be removed.

**IV.    This Notice Of Removal Is Timely.**

6.    28 U.S.C. § 1446(b) requires that any notice of removal shall be filed within thirty days after the receipt by Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the Removed Action is based, or within thirty days after the service of a summons upon Defendants if that initial pleading has then been filed in court and is not required to be served on Defendants, whichever period is shorter.

7.    Plaintiff filed her complaint in District of Columbia Superior Court on May 23, 2008. No Defendant has been served with the complaint. Accordingly, this Notice of Removal to Federal Court is filed within the time frame provided by 28 U.S.C. § 1446(b).

*See, e.g., Hinnant v. Merritt*, 2005 U.S. App. LEXIS 23899, *2 (D.C. Cir. Nov. 5, 2005)

(unpublished and attached as Ex. A) (holding that it was permissible for defendants to

remove the case from D.C. Superior Court before being served with process); *Delgado v.*

*Shell Oil, Inc.*, 231 F. 3d 165, 177 (5th Cir. 2000) (holding that "service of process is not

an absolute prerequisite for removal"); *Massey v. Cassens & Sons, Inc.*, 2006 U.S. Dist.

LEXIS 9675, *5-6 (S.D. Ill. Feb. 16, 2006) (stating that no statute "requires defendants to

have been served themselves prior to removing a case to federal court"); *Bell v. American*

*General Finance, Inc.*, 267 F. Supp. 2d 582, 584 (S.D. Miss. 2003) (holding that the

Notice of Removal, which was filed after the filing of the complaint but before defendants

were served process, was timely filed).

## V.    Defendants' Compliance With All Further Requirements To Remove This Action.

8.    The CAFA removal statute states that class actions may be removed to

federal court "in accordance with section 1446." 28 U.S.C. § 1453(b).

9.    Consistent with 28 U.S.C. § 1446(d), Defendants will promptly notify

plaintiffs, in writing, that this case has been removed to this Court pursuant to this Notice

of Removal to Federal Court. Moreover, Defendants have, concurrently with the filing of

this Notice of Removal to Federal Court with this Court, filed a copy of the same with the

Clerk of the District of Columbia Superior Court.

10.    Defendants have not been served with any process, pleadings, or orders in

the Removed Action. However, Defendants submit a copy of the complaint that was filed

in the Removed Action. *See* Exhibit B. Also, attached as Exhibit C, for the Court's

convenience, is the docket sheet in the state action.

11.    Defendants do not bear the burden of demonstrating in this Notice the

inapplicability of any potential basis upon which the Court might decline to exercise

jurisdiction granted in § 1332(d)(2).

**VI.    Conclusion.**

Defendants respectfully request that this Court assume jurisdiction over this case,

and afford such other and further relief as may be just and proper.

Dated: June 23, 2008                    By:    _____

Stefan M. Meisner (DC 467886)
Nicole L. Castle (DC 978707)
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, DC 20005
Tel: (202) 756-8000
Fax: (202) 756-8087
Email: smeisner@mwe.com
ncastle@mwe.com

David Marx, Jr. (IL 6194003)
McDERMOTT WILL & EMERY LLP
227 W. Monroe Street, Suite 440
Chicago, IL 60606
Tel: (312) 984-7668
Fax: (312) 984-7700
Email: dmarx@mwe.com

*Counsel for Mars, Incorporated, Mars North America,*
*and Mars Snackfoods US LLC*

By: _Craig S Primis / signet with author_

Thomas D. Yannucci, P.C. (DC 358989)
Craig S. Primis, P.C. (DC 454796)
Jonathan D. Brightbill (DC 483956)
Jennifer W. Cowen (DC 974412)
KIRKLAND & ELLIS LLP
655 15th Street N.W.
Washington, DC 20005
Tel: (202) 879-5000
Fax: (202) 879-5200
Email: tyannucci@kirkland.com
jbrightbill@kirkland.com
cprimis@kirkland.com
jcowen@kirkland.com

*Counsel for The Hershey Company*

By: _Thomas M. Mueller / signet with authoryst_

Dennis P. Orr (DC 449305)
Thomas M. Mueller (DC 434459)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 468-8161
Fax: (212) 468-7900
Email: dorr@mofo.com
tmueller@mofo.com

*Counsel for Cadbury Adams USA LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDY M. CRESSWELL, 1651 Fuller St. NW #2, Washington, 20009 | ) ) ) |
| Plaintiff, | ) Case No. ) |
| v. | ) ) |
| THE HERSHEY COMPANY, 100 Crystal A. Dr., Hershey, PA 17033; MARS, INCORPORATED, 6885 Elm St., McLean VA 22101; MARS NORTH AMERICA, 800 High Street, Hackettstown, New Jersey; MARS SNACKFOODS U.S. LLC, 800 High Street, Hackettstown, New Jersey 07840; NESTLÉ USA, INC., 800 North Brand Boulevard, Glendale, California 91203; CADBURY ADAMS USA LLC, 389 Interpace Parkway, Suite 1, Parsippany, New Jersey, 07054 | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## NOTICE TO PARTIES OF REMOVAL TO FEDERAL COURT

To:

| Stuart M. Paynter | Michael Weitzner | Nestlé USA, Inc. |
|---|---|---|
| The Paynter Law Firm | Law Office of Michael | 800 North Brand Boulevard |
| 1200 G Street, N.W. | Weitzner | Glendale, CA 91203 |
| Suite 800 | 1523 New Hampshire, Ave., | |
| Washington, DC 20005 | NW | |
| | Washington, DC 20036 | |
| *Attorney for Plaintiff* | | |
| | *Attorney for Plaintiff* | |

NOTICE IS HEREBY GIVEN that a notice of removal of the above-captioned action from the District of Columbia Superior Court to the United States District Court for the District of Columbia, was duly filed this day in the United States District Court for the District of Columbia.

WDC99 1582237-1.002227.0102

I hereby certify that I caused a copy of the foregoing notice to be sent via First

Class Mail to the above-listed parties.

Stefan M. Meisner (DC 467886)
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, DC 20005
Tel: (202) 756-8000
Fax: (202) 756-8087

*Counsel for Mars, Incorporated, Mars North
America, and Mars Snackfoods U.S. LLC*

2

# EXHIBIT A

LEXSEE 2005 U.S. APP. LEXIS 23899

**Michael J. Hinnant, Appellant v. Flonisha Merritt, Community Supervision Officer, et al., Appellees**

No. 05-5141

UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

*2005 U.S. App. LEXIS 23899*

November 3, 2005, Filed

**NOTICE:** [*1] RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Costs and fees proceeding at *Hinnant v. Merritt, 2005 U.S. App. LEXIS 23893 (D.C. Cir., Nov. 3, 2005)*
US Supreme Court certiorari denied by *Hinnant v. Merritt, 126 S. Ct. 1155, 163 L. Ed. 2d 1010, 2006 U.S. LEXIS 860 (U.S., Jan. 17, 2006)*

**PRIOR HISTORY:** 04cv01915.
*Hinnant v. Merrit, 2005 U.S. Dist. LEXIS 5147 (D.D.C., Mar. 24, 2005)*

**COUNSEL:** MICHAEL J. HINNANT, Plaintiff - Appellant, Pro se, Washington, DC.

For FLONISHA MERRITT, Community Supervision Officer, RONALD JACKSON, Supervising Community Officer, RENEE BARLEY, FOIA Officer, Court Service and Offender Supervision Agency for D.C., Defendants - Appellees: R. Craig Lawrence, Assistant U.S. Attorney, Michael Joseph Ryan, Assistant U.S. Attorney, Kenneth L. Wainstein, U.S. Attorney, Megan Lindholm Rose, U.S. Attorney's Office (USA), Washington, DC.

For OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, GLADYS HERRING, For Mayor Anthony Williams, Defendants - Appellees: Mary Larkin Wilson, Assistant Attorney General, Edward Eugene Schwab, Deputy Attorney General, Robert James Spagnoletti, Attorney General, Office of Attorney General for the District of Columbia, Washington, DC.

**JUDGES:** BEFORE: Henderson, Randolph, and Brown, Circuit Judges.

**OPINION**

*ORDER*

Upon consideration of Michael J. Hinnant's Opposition to Magan Rose United States Attorney's [*2] Position, which is construed as a motion to strike, and the supplement thereto; and the motions for summary affirmance, the oppositions thereto, the reply, and the surreply, it is

**ORDERED** that the motion to strike be denied. It is

**FURTHER ORDERED** that the motions for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. *See Taxpayers Watchdog, Inc. v. Stanley, 260 U.S. App. D.C. 334, 819 F.2d 294, 297 (D.C. Cir. 1987)* (per curiam). On appeal, Hinnant argues that the district court erred in dismissing this suit because the defendants who removed this case from D.C. Superior Court filed their notice of removal before being served with process. Even assuming that this is correct, however, defendants were free to waive service of process. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).* Hinnant also claims that the district court erred in failing to consider several motions that Hinnant filed -- specifically, a motion for default judgment, a motion to strike the defendants' notice re-serving their notice of removal, a motion for a writ of mandamus, a motion to remand to [*3] Superior Court, and a motion for summary judgment. The motion for default judgment was not well-taken because the only defendants who had been properly served had requested an extension for filing their answer. The summary judgment motion also was not well-taken; Hinnant relied on

2005 U.S. App. LEXIS 23899, *

allegedly inconsistent statements by counsel for three of the defendants, but counsel made only one of these statements and the record does not support Hinnant's claim that this statement was false. The remaining motions were all based on Hinnant's argument regarding the timing of removal. As discussed above, that argument lacks merit.

Pursuant to *D.C. Circuit Rule 36*, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See Fed. R. App. P. 41(b)*; *D.C. Cir. Rule 41*.

*Per Curiam*

# EXHIBIT B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
MAY 2 3 2008   ajm
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

C22

|  |  |
|---|---|
| WENDY M. CRESSWELL, 1651 Fuller St. N.W. #2, Washington, 2009 | ) ) ) |
| Plaintiff | ) |
| v. | ) ) ) |
| THE HERSHEY COMPANY, 100 Crystal A Dr., Hershey, PA 17033; MARS, INCOPORATED, 6885 Elm St., McLean VA 22101; MARS NORTH AMERICA, 800 High Street, Hackettstown, New Jersey; MARS SNACKFOODS U.S. LLC, 800 High Street, Hackettstown, New Jersey 07840, NESTLÉ USA, INC., 800 North Brand Boulevard, Glendale, California 91203; CADBURY ADAMS USA LLC, 389 Interpace Parkway, Suite 1, Parsippany, New Jersey, 07054 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

Civil Action No. _____

JURY TRIAL DEMANDED

Plaintiff, by and through her attorneys, based on their individual experiences, the investigation of counsel, and information and belief allege as follows:

**INTRODUCTION**

1.    This action arises out of a conspiracy among the world's leading manufacturers of chocolate confectionary products to fix, raise, maintain or stabilize prices for those products in Canada and the United States beginning in 2002 and continuing until at least approximately 2008.  The participants in this conspiracy included, but are not limited to, The Hershey Company, Mars Incorporated, Mars North America, Mars Snackfoods US LLC, Nestle USA Inc. and Cadbury Adams USA LLC (collectively Defendants).  Through their anticompetitive and illegal conduct, Defendants have imposed significant illegal overcharges on individuals who



purchased chocolate confectionary products in the District of Columbia during that period. This

complaint is filed on behalf of all persons who purchased chocolate confectionary products in the

District of Columbia that were manufactured or distributed by Defendants from 2002 to the

present ("the Relevant Period"), excluding persons purchasing directly from the Defendants.

Plaintiff seeks to recover on behalf of herself and all similarly situated persons all monies illegally

obtained by Defendants and to enjoin future illegal conduct by Defendants.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action pursuant to D.C.

Code Ann. § 11-921.

3.    Personal jurisdiction is proper over Defendants because Defendants have sold,

shipped and/or delivered substantial quantities of chocolate confectionary products in the District

of Columbia, (b) had substantial contacts with the District of Columbia, including but not limited

to agents in the District of Columbia, and (c) were engaged in an illegal scheme and price-fixing

conspiracy that was directed at and had the intended effect of causing injury to persons residing

in or doing business in the District of Columbia.

4.    Venue is proper because Plaintiff and class members purchased chocolate

confectionary products in the District of Columbia and were injured in the District of Columbia.

Venue is proper for the additional reasons that Defendants illegal conduct intentionally targeted

the District of Columbia; Defendants have agents in the District of Columbia; and Plaintiff and

class members seek redress under the laws of the District of Columbia.

## PARTIES
### Plaintiff

5.    Plaintiff Wendy Cresswell is a resident of the District of Columbia. Ms.

Cresswell has lived in the District of Columbia for over four years and has been purchasing

Defendants' chocolate confectionary products throughout the period of her residence. Examples of chocolate confectionary products purchased by Ms. Cresswell include Hershey's Kisses, M&Ms, Cadbury Eggs, and Cadbury Fruit and Nut Bars.

**Defendants**

6.      Defendant The Hershey Company is a Delaware corporation with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania. Throughout the relevant period, The Hershey Company manufactured and sold chocolate confectionary products to purchasers in the United States, directly or through its predecessors, affiliates, subsidiaries or retailers. The Hershey Company chocolate confectionary products are marketed and sold throughout the District of Columbia under the Hershey's, Hershey's Kisses and Reese's brand names. Hershey also manufactures and distributes various other chocolate confectionery products, such as the 5th Avenue bar, the Krackel bar, Milk Duds, the Special Dark bar and the Harmony Bar. Certain products are manufactured and distributed in the United States in the District of Columbia under license from other chocolate manufacturer. For example, the Kit Kat bar is manufactured and distributed under license from Nestlé SA while the York Peppermint Patties, Peter Paul Mounds, Peter Paul Almond Joy, Cadbury and Caramello brands are manufactured and distributed under license from Cadbury Schweppes.

7.      Defendant Mars, Incorporated is a Delaware corporation with its principal place of business at 6885 Elm Street, McLean, Virginia. From its origins in candy and confectionery products, it has diversified to become a world leader in several other markets, including snack foods, pet care products, and drinks. Throughout the relevant period, Mars manufactured and sold chocolate confectionery products to purchasers in the United States, directly or through its predecessors, affiliates, subsidiaries or retailers.

8.    Defendant Mars North America is headquartered at 800 High Street, Hackettstown, New Jersey. It is the United States food, snack, and petcare operations of defendant Mars, Incorporated. Throughout the relevant period, Mars North America manufactured and sold chocolate confectionery products to purchasers in the United States, directly or through its predecessors, affiliates, subsidiaries or retailers.

9.    Defendant Mars Snackfood U.S. LLC is headquartered at 800 High Street, Hackettstown, New Jersey. It is a business unit of defendant Mars, Inc. and is responsible for the manufacture and sale of chocolate and non-chocolate confectionery products across various facilities located throughout the United States, directly or through its predecessors, affiliates, subsidiaries or retailers.

10.    Defendants Mars Canada, Mars, Incorporated, Mars North America, and Mars Snackfood U.S. collectively are referenced as "Mars" in the Complaint. Mars manufactures and distributes various chocolate confectionery products such as the 3 Musketeers, Mars, Snickers, Twix, Dove and Milky Way bars.

11.    Defendant Nestlé USA, Inc. ("Nestlé USA") is a Delaware corporation with its principal place of business at 800 North Brand Boulevard, Glendale, California. Nestlé USA is a wholly-owned subsidiary of the swiss chocolatier Nestlé S.A. Nestlé USA is grouped into various divisions, including chocolate and confectionery, coffee and beverages, food services, ice cream, nutrition, water, and pet care. Throughout the relevant period, Nestlé USA manufactured and sold chocolate confectionery products to purchasers in the District of Columbia, directly or through its predecessors, affiliates, subsidiaries or retailers.

12.    Defendant Cadbury Adams USA LLC ("Cadbury"), which has its principal place of business at 389 Interpace Parkway, Suite 1, Parsippany, New Jersey, is the U.S. subsidiary of

Cadbury Schweppes PLC ("Cadbury Schweppes"). Cadbury Schweppes is an English company, whose, principal businesses are confectionery and non-alcoholic beverages. It has the largest share of the global confectionery market, with broad participation across all categories and by geography. Cadbury has confectionery operations in the U.S. and Canada. Throughout the relevant period, Cadbury manufactured and sold chocolate confectionery products to purchasers in the District of Columbia, directly or through its predecessors, affiliates, subsidiaries, licensees or retailers.

13.     Various other persons, firms and corporations, not named as Defendants herein, have participated as co-conspirators with Defendants and have performed acts and made statements in furtherance of the conspiracy. The unnamed co-conspirators include but are not limited to Nestlé S.A. and Cadbury Schweppes PLC. Each defendant acted as the agent or joint venturer of or for other defendants with respect to the acts, violations and common course of conduct alleged by Plaintiff.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a class action individually and on behalf of all others similarly situated as members of a proposed class pursuant to Rules 23(b)(3) and 23-I of the Superior Court Rules of Civil Procedure. The proposed class which Plaintiff seeks to represent is defined as follows:

> All persons who purchased Defendants' chocolate confectionary products in the District of Columbia from 2002 to the present, excluding persons purchasing directly from the Defendants. Excluded from the class are Defendants, their employees, co-conspirators, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies.

15.     The Class is so numerous that joinder of all members is impractical. The precise number of class members is unknown but is believed to easily exceed 10,000. A more accurate

estimate of the class size can be obtained from Defendants' files and sales records. Class

members can be notified of the pendancy of this action by publication in newspapers, by mailed

notice, and by other means.

16.    Common questions of law and fact exist as to all members of the class. These

questions predominate over questions affecting only individual class members. These common

legal and factual questions include, but are not limited to:

   (a)   Whether Defendants conspired for the purpose of and with the effect of raising,
   fixing or stabilizing the price of chocolate confectionary products purchased by class
   members;

   (b)   Whether Defendants undertook actions to conceal their wrongful conduct;

   (c)   The length and scope of any illegal conspiracy;

   (d)   The amount of damages owing to the class;

   (e)   Whether punitive damages are appropriate and if so, the amount;

   (f)   The nature of appropriate injunctive relief to deter future wrongful conduct.

17.    Named Plaintiff's claims are typical of the claims of the members of the class

they seek to represent. Plaintiff and the class members all purchased Defendants' chocolate

confectionary products in the District of Columbia.

18.    Plaintiff is an adequate representative of the class because (a) her interests do not

conflict with the interests of the class members she seeks to represent; (b) Plaintiff has retained

counsel who are competent and experienced in complex class action and unfair trade practices

litigation; (b) Plaintiff intends to prosecute this action vigorously. The interests of the members

of the class will be fairly and adequately protected by Plaintiff and her counsel. The interests of

Plaintiff is coincident with, and not antagonist to, those of the class members.

19.    The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and of class members. Judicial management of this litigation is essential because of the severe economic consequences of the Defendants past and future unlawful activities. Technical issues will arise that will be too complex to be effectively litigated and decided in individual cases. This class action is the only method by which all of the class members' common claims can economically and expeditiously be adjudicated in one proceeding and thereby preclude the possibility of multiple trials and inconsistent judgments in the District of Columbia.

## THE CHOCOLATE CONFECTIONARY PRODUCT MARKET

20.    Chocolate comprises a number of raw and processed foods that are produced from the seed of the tropical cacao tree. The seeds of the cacao tree have an intense bitter taste, and must be fermented to develop their flavor. After being roasted and ground, the resulting products are known as cocoa or chocolate. Chocolate is any product made primarily of cocoa solids and cocoa fat. The different flavors of chocolate can be obtained by varying the time and temperature when roasting the beans, by adjusting the relative quantities of the cocoa solids and cocoa fat, and by adding non-chocolate ingredients.

21.    The term "chocolate confectionary products", as used in this Complaint, refers to chocolate bars, boxed chocolates, and seasonal novelty chocolates.

22.    Chocolate bars are divided into block and countline segments. The block segment is comprised of molded blocks of chocolate that can be prepared as is or with additional ingredients, and are traditionally sold in standard weight and sizes. Products in this segment include Hershey's Chocolate Bar and Cadbury's Dairy Milk bar. The countline segment consists

of chocolate-covered products sold by count rather than weight. Examples of products in this segment include Mars' Snickers bar and M&M's and Nestlé's Kit Kat bar.

23.     Boxed chocolates are assorted chocolates sold together in a box or similar container, and are mainly sold as gifts. Examples of products in this segment include Cadbury's Milk Tray and Hershey's Pot of Gold.

24.     Seasonal novelty chocolates are chocolates that tend to be sold near, and marketed for, particular holidays, such as Christmas, Easter, Valentine's Day, and Halloween.The Chocolate Confectionery Product Market

25.     Chocolate confectionary products constitute a distinct product market recognized by Defendants, the trade associations that serve the confectionery industry and other bodies that have examined the industry. According to statistics reported by the United States Department of Agriculture, wholesale sales of chocolate candy in the U.S. total approximately $10.2 billion, while retail sales totaled $15.6 billion. A June 2007 report from Matrade New York reported that U.S. chocolate candy sales in 2006 totaled approximately 56% of all candy sales.

26.     Important characteristics of the chocolate confectionary products market facilitate anticompetitive collusion among the Defendants.

27.     Chocolate confectionary products are undifferentiated commodity products. Thus, any Defendant can and does produce and sell, for example, a certain type of chocolate candy bar, seasonal novelty chocolate, or boxed chocolate that is fungible with a chocolate candy bar, seasonal novelty chocolate, or boxed chocolate offered by another Defendant, respectively.

28.     The market for chocolate confectionery products is highly concentrated. Defendants The Hershey Company, Mars, Incorporated, and Nestlé USA collectively possess

approximately 80% of the U.S. chocolate confectionery products market, with The Hershey Company possessing about 45%, Mars, Incorporated about 27%, and Nestlé about 9%.

29.    In addition, there are high barriers to entry to the chocolate confectionery products market in the form of technical know-how, advertising, and access to distribution channels. The manufacture of confectionery products is highly technical, requiring considerable understanding of food technology, including hardware (processing machinery and computers), software and formulation technology. Technical know-how is required to integrate these elements in an effective production system that is efficient and results in a high-quality, innovative product. Moreover, there is significant spending on advertising. In addition, access to supply channels is critical to gain a foothold, as wholesale distributors, chain grocery stores, mass merchandisers, chain drug stores, vending companies, wholesale clubs, convenience stores, dollar stores, concessionaires, and department stores form the most significant distribution channel for confectionery sales. Because of their high collective market share globally as well as in the U.S. and Canada, Defendants collectively are able to exercise market power in each of these markets, including the ability to raise prices and erect barriers to entry.

30.    Pricing for chocolate confectionery products in the U.S. during the relevant period was characterized by industry-wide price increases. Moreover, during the relevant period, price increases in the same or similar amounts for chocolate confectionery products were announced by multiple Defendants and/or became effective at or near the same time.

31.    The U.S. is the leading exporter of chocolate confectionery products to Canada as well as the leading importer of chocolate confectionery products from Canada. A 2004 United States Department of Agriculture report noted that in 2003, 46% of U.S. confectionery exports were to Canada. A 2005 United States Department of Agriculture report noted that "the United

States supplied 45% of Canadian chocolate candy imports by value." The 2007 Matrade New York report cited above indicated that in 2004-06, Canada was the largest exporter of chocolate food products to the U.S., with annual total customs values ranging from $690 to $705 million.

32.     The Canadian and U.S. operations of the Defendants are tightly interwoven. Thus, for example, sales of Hershey's chocolate confectionery products in the U.S. and Canada are overseen by its North American Commercial Group. Likewise, Cadbury's confectionery sales in the U.S. and Canada are overseen by its Americas Confectionery operating unit. Nestlé has its own Chocolate, Confectionery & Biscuits Strategic Business Unit.

## DEFENDANTS UNLAWFUL PRICEFIXING CONSPIRACY

33.     Because of the above characteristics, the chocolate confectionery product market was ripe for collusion. In addition to the collective market power exercised by the Defendants, as detailed above, Defendants' profits from these products have suffered in recent years because of increasing health concerns, and changing consumer preferences, with respect to chocolate consumption.

34.     In the face of these negative market trends, Defendants, as the dominant players in the United States chocolate confectionary product market, responded, in part, by instituting uniform price increases.

35.     In mid-December of 2003, Nestle announced a chocolate confectionary product price increase, claiming that it was its first in seven years. Soon thereafter, Masterfoods announced a 10 percent price increase, also claiming the increase as its first in seven years. At the same time, Hershey implemented a 10.8 percent price increase for its chocolate confectionary products. These United States price increases went into effect at the same time that concerted pricing communications and other anticompetitive conduct took place in Canada.

36.    Also, in late March of 2007, Masterfoods increased wholesale prices of well known chocolate bars, such as Snickers, by approximately five percent. The company cited rising costs as the basis for the price increase. Shortly thereafter, Hershey's increased its prices by the same amount, also citing the need to help offset costs.

37.    Contrary to the expected decline that would normally follow a price increase under competitive conditions, Hershey's announced that it expected the price increase to have "minimal financial impact." Prudential analyst John M. McMillin agreed with that forecast, explaining that Cadbury and Masterfoods also increased prices, "so Hershey is not out there alone, we think, in this chocolate [price increase]."

38.    This and other price increases by Defendants during the Class Period were made pursuant to the unlawful price fixing conspiracy alleged herein.

39.    Aside from the unlawful conspiratorial meetings hereinafter specifically alleged, Defendants also had additional opportunities to conspire. Defendants are members of a number of trade associations, including the Chocolate Manufacturers Association ("CMA"), the National Confectioners Association ("NCA"), the Confectionery Manufacturers Association of Canada ("CMAC"), and the Food and Consumer Products of Canada ("FCPC"), which sponsored meetings that Defendants attended during the Class Period.

40.    The CMA, headquartered in Vienna, Virginia, has served as the premier trade group for manufacturers and distributors of cocoa and chocolate confectionary products in the United States. CMA members produce over 90% of the chocolate processed in the United States. The NCA is a trade association that represents the entire confection industry. It is one of the oldest trade associations in the world.

41.     The CMAC, located in Don Mills, Ontario, is the national trade association of

Canada, representing chocolate, candy, and chewing gum manufacturers and their suppliers. The

FCPC, located in Toronto, Ontario, is the largest industry association in Canada representing the

food and consumer products industry.

42.     In July 2007, Canada's Competition Bureau ("the Bureau") initiated an

investigation into the chocolate confectionary product market based on information provided by

a "Cooperating Company" involved in the conspiracy. According to news reports, Defendant

Cadbury is likely the Cooperating Company that turned evidence over to the Bureau and is

cooperating with cartel investigators, as Cadbury is not named as one of the companies under

investigation.

43.     Canada is one of the few countries with a "leniency program," where the first

member of a cartel to blow the whistle gets lighter treatment. The United States Department of

Justice's Antitrust Division ("DOJ") also has a leniency program.

44.     On November 21, 2007 Ontario's Superior Court issued search warrants to the

Bureau to investigate a scheme to fix the prices of chocolate confectionary products among

Hershey's, Mars, Nestle, and Cadbury. The Court stated that it was granting the search warrants

"based on evidence that there are reasonable grounds to believe that a number of suppliers in the

chocolate confectionery industry have engaged in activities contrary to the conspiracy provisions

of the Competition Act." It is reported that the Bureau investigation includes over 30

investigators.

45.     The search warrants require Defendants to surrender thousands of corporate

documents, emails, correspondence, and computer files from Hershey's, Mars, and Nestle, that

pertain to their chocolate confectionary product pricing arrangements. Nestle, Cadbury, and

Hershey's have each publicly admitted that the Bureau has contacted them in connection with an investigation of unlawful conduct.

46.     According to John Pecman, the Bureau's assistant deputy commissioner in the criminal division, the Bureau "can confirm that [it is] investigating alleged anticompetitive practices in the chocolate confectionery industry," and that "the volume of commerce affected [] is definitely potentially in the billions of dollars per year."

47.     According to affidavits submitted to obtain search warrants in Canada ("the Affidavits"), senior executives at Hershey's, Mars, Nestle, and other companies met secretly in coffee shops, restaurants and at industry conventions to set prices paid for chocolate confectionary products since at least February 2002.

48.     According to the Affidavits, the conspiracy involved the highest ranking executives within each Defendant company. Robert Leonidas, President and Chief Executive Officer of Nestle Canada Inc., who was until March 2006 President of Nestle Canada's confectionery business, is alleged to have told a competitor in June 2005, during CMAC's annual meeting, "I want you to hear it from the top- I take my pricing very seriously."

49.     According to the Affidavits, one unidentified witness participated in a breakfast meeting with Bob Leonidas on February 23, 2004, where the topic of trade spend was discussed. According to the witness, it was known in the industry that he disagreed with the industry's prevailing approach to trade spend and that the witness's company was going to reduce trade spend on chocolate confectionary products.

50.     The same unidentified witness also participated at a 7:30 a.m. breakfast meeting with Bob Leonidas on February 15, 2006, at the Second Cup coffee shop in Toronto, where the price of seasonal chocolate confectionary products was discussed.

51.    A lunch meeting took place at the Auberge de Pommier restaurant on July 4,

2007, where price increases were discussed and coordinated. During the meeting, the President

of Nestle Canada's confectionery business, Sandra Martinez de Arevalo, suggested that the

Cooperating Company lead a price increase in 2007, and that Nestle would take the price

increase in the third quarter. The Cooperating Company's unidentified witness said that s/he

responded that they may not be prepared to take a price increase in 2007, but might be prepared

to take one in 2008, and further said that they would follow on chocolate confectionary products

but would not lead the price increase.

52.    Additionally, meetings took place at food conventions in Vancouver and

Niagraon-the-Lake, Ontario in 2007. According to the Affidavits, at a September 27, 2007

FCPC meeting, when one participant balked at price discussions, Eric Lent, General Manager of

Hershey Canada Inc. allegedly replied, "Don't worry, we can talk about it. Bob [Leonidas] and I

talk all the time."

53.    According to the Affidavits, one unidentified witness from the Cooperating

Company sent an email with the subject heading "Chocolate pricing" to other unidentified

witnesses from the Cooperating Company, stating:

> "At ITWAL I was informed by a reliable source that both Nestle and Effem have been to
> customers hinting at 2005 price increases. No details or confirmation. I suggested that we
> would seriously consider appropriate actions once firm details known, and that I would
> be concerned about the other leading player not following Which [sic] my contact said
> they would inquire about. This is similar to info we had picked up a couple of months
> ago. Martin1 I [sic] would send out a note to ADM's to start digging.

54.    According to the affidavits, "Martin" likely refers to Martin Lebel, an employee

of Mars Canada Inc.

55.    At one point during the conspiracy, a chief executive of Nestle is alleged to have

handed envelopes stuffed with pricing information to a competitor with an instruction that the

competitor avoid being seen picking up the information at Nestle's offices, and that it was better

not to be seen at Nestle's office at all. The envelope contained a document with information

about Nestle's planned price increase on chocolate confectionary in 2005.

  56.  According to the Affidavits, the unidentified witness who received that letter said

it is likely he put the letter in his outbox with a slash through it, indicating it was to be shredded.

  57.  According to the Affidavits, the Cooperating Company received an email with

Nestle's price increase information, including that Nestle was increasing the price of its

confectionery portfolio by approximately five to seven percent, effective October 31, 2005 for

base confectionery and April 18, 2006 for seasonal confectionery. This pricing information was

discussed among the Cooperating Company's leadership team and prompted them to consider

and announce a price increase on chocolate confectionary products.

  58.  In late 2005, Nestle in fact increased its prices by five to eight percent, Mars

increased its prices by six percent, the Cooperating Company increased its prices by 5.2 percent,

and Hershey increased its prices as well.

  59.  Nestle proposed a price increase for chocolate confectionary products

confectionery of between four and six percent in early 2008.

  60.  The means used to enhance these prices was by way of a deliberate, secretive, and

high level price fixing agreement, with the highest levels of the companies involved.

  61.  On October 19, 2007 an unidentified witness employed by the Cooperating

Company sent an email to her assistant and to the company's general counsel which included the

statement, "our friend at Hershey seems to need a reminder re: Competition Act."

  62.  The Affidavits also indicate that ITWAL worked with the chocolate companies to

force retailers to stop cutting prices for chocolate bars. Defendants threatened to cut off the

supply of chocolate bars to retailers that did not comply with its established pricing

requirements. ITWAL's president also allegedly sent regular updates to participants of the

conspiracy.

63.     The filing cabinet of Ms. Elizabeth Cloran, assistant to the Vice President and

General Manager, as well as the President and CEO of ITWAL, contained letters dated February

21, 2002 from Mr. D. Glenn Stevens, President and CEO of ITWAL, addressed to Bob Leonidas

of Nestle, Rick Meyers of Hershey, Don Robinson of Mars, and Arthur Soler of Cadbury. Each

letter, substantively the same, included:

> At the 'end of the day,' it is only the suppliers' control and discipline of the [discounting] that can restore the functionality of the marketplace. The problem is very serious and completely out of control on the part of the suppliers. I am being forced to reexamine how we operate in the market and I am not sure it would be in the best interests of [individual chocolate manufacturer to which letter was addressed]. I urge you to meet and take action before this chocolate bar "bubble bursts."

64.     Also in Ms. Cloran's filing cabinet was a notice labeled "TAN [Take Action

Now] Information Bulletin" dated March 7, 2002, faxed to the same employees of Nestle,

Hershey, Mars, and Cadbury, included the following statement:

> Further to my letter of February 21, 2002, please find attached information forwarded to Members on product and pricing available from diverters. In view of the seriousness of the problem, I will forward information as reviewed under the acronym, T.A.N., which stands for "TAKE ACTION NOW!"

65.     Ms. Cloran's filing cabinet additionally included a document entitled

"Bulletin#15," dated December 12, 2002, and faxed to Don Robinson of Mars, Roy Benin of

Mars, David Jones of Mars, Kurt Hatherly of Mars, Rick Meyers of Hershey, Ross Robertson2

of Hershey, Marc Morneau of Hershey, Bob Leonidas of Nestle, Matt Hall of Nestle, Todd

Hoffman of Nestle, Al Kehoe of Nestle, Tim Mason of Cadbury, Peter Allen of Cadbury, and

Doug Tyler of Cadbury, which contained the following statement:

First of all, I would like to extend congratulations to you all as we wind up the year with respect to your concerted and committed efforts to clean up the dysfunctional retail trade spending. Your efforts can clearly be seen in the following areas…reduced unreasonably low retail prices, i.e., 2/99c or 3/99c (Although I ask you to remain vigilant – see attached 2/99c on Kit Kat and Caramilk at Maxi recently). (emphasis added).

66.     Neither Defendant's illegal activities nor the effects of these activities were restricted to Canada. Rather, it is clear that Defendants intentionally targeted the United States market and took steps in furtherance of their conspiracy in the United States commencing as early as 2002. Specifically, the collusive activity in Canada was carried out with the knowledge and active participation of U.S. executives of Hershey and Mars. As a result, United States price increases were timed consistently with collusive activity in Canada. These price increases represented a departure from past pricing practices.

67.     Confirming the extensive activity in the United States and activity targeting the United States market, on December 20, 2007, Mars's spokeswoman, Alice Nathanson, reported that it was contacted by the DOJ about the company's alleged anticompetitive pricing practices in the United States chocolate confectionery industry. That same day, a Nestle spokeswoman, Laurie MacDonald, also acknowledged the DOJ's antitrust investigation of Nestle's pricing practices.

**ALLEGATIONS OF ANTITRUST INJURY**

68.     The combination and conspiracy alleged herein had and is having the following effects, among others:

(a) prices charged to Plaintiff and the Class for chocolate confectionary products have been fixed or stabilized at higher, artificially derived, non-competitive levels;

(b) Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for chocolate confectionary products; and

(c) competition in establishing the prices paid in the United States and worldwide for Chocolate has been unlawfully restrained, suppressed and eliminated.

69.    Plaintiff and the Class have paid supracompetitive prices for chocolate confectionary products as a result of Defendants' illegal contract, combination, and conspiracy to restrain trade as alleged. This is an antitrust injury of the type that the antitrust laws were meant to punish and prevent.

## FRAUDULENT CONCEALMENT

70.    Defendants fraudulently concealed their participation in the conspiracy alleged herein by, inter alia, engaging in secret meetings and communications in furtherance of the conspiracy, and by holding themselves out as competitors to the public, to Plaintiff, and to the Class. Because of such fraudulent concealment, Plaintiff and the Class could not have discovered the existence of this conspiracy any earlier than its public disclosure.

## FIRST CAUSE OF ACTION

### Violation of D.C. Code § 28-4508

71.    Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

72.    Defendants and co-conspirators entered into and engaged in a contract, combination or conspiracy in restraint of trade in violation of D.C. Code § 28-4508. Pursuant to this unlawful agreement, Defendants fixed, maintained and stabilized prices for chocolate confectionary productions in the United States including the District of Columbia. Defendants actions constitute a per se violation of the District of Columbia Antitrust Act.

73.    As a result of Defendants unlawful conduct, plaintiff and class members have suffered injury.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

74.    Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

75.    To the detriment of Plaintiff and members of the Class, Defendants have been and continue to be unjustly enriched as a result of the unlawful and/or wrongful conduct. Defendants have unjustly benefited through the sale of chocolate confectionary products at an inflated, supracompetitive prices to consumers.   Between the parties, it would be unjust for Defendanst to retain the benefits attained by their actions.  Accordingly, Plaintiff and members of the class seek full restitution of Defendants' enrichment, benefits, and ill gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

### JURY DEMAND

76.    Plaintiff demands a trial by jury, pursuant to Rule 38 of the Superior Court Rules of Civil Procedure, of all issues triable of right by jury.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff demands:

(1)    That this case be certified as a class action pursuant to Rule 23 of the Superior Court Rules of Civil Procedure;

(2)    That Plaintiff and class members recover actual damages incurred as a result of the Defendants illegal conduct, as provided by law, in an amount to be determined at trial;

(3)    That Plaintiff and class members recover punitive damages, as provided by law, in an amount to be determined at trial;

(4)    That Defendants be required to disgorge all any monies received as a result of their unlawful conduct including all premiums and profits;

(5)    That the Court award Plaintiff and the class members threefold the damages sustained by Plaintiff and the class members;

(5)    That the Court grant Plaintiff injunctive relief against threatened continued unlawful conduct, as described herein.

(6)    That the Plaintiff recover the costs of this suit, including reasonable attorneys' fees as provided by law; and

(7)    That Plaintiff and class members be granted such other, further, and different legal or equitable relief as the nature of the case may require or as may be deemed just and appropriate by this Court.

Dated: May 22, 2008                    Respectfully submitted,

                                       THE PAYNTER LAW FIRM PLLC


                                       Stuart M. Paynter (Bar No 486616)
                                       1200 G Street N.W.
                                       Suite 800
                                       Washington, D.C. 20005
                                       Tel.: (202) 626-4486
                                       Fax: (866) 734-0622
                                       Email: stuart@smplegal.com

                                       Michael Weitzner (Bar No. 472505)
                                       LAW OFFICE OF MICHAEL WEITZNER
                                       1523 New Hampshire Ave., N.W.
                                       Washington, D.C. 20036
                                       Tel.: (202) 265-4900
                                       Fax: (202) 220-9601
                                       Email: mweitzner@weitznerlaw.com

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM170
Washington, D.C. 20001 Telephone: 879-1133

| Wendy Cresswell | | 0002353-08 |
|---|---|---|
| *Plaintiff* | | |

vs.

| Nestle USA, Inc. | Civil Action No. |
|---|---|
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Stuart Paynter | |
|---|---|
| Name of Plaintiff's Attorney | By _Adrienne J. marsh_ |
| 1200 G Street N.W. | Deputy Clerk |
| Address | |
| Washington, DC 20005 | |
| (202) 626-4486 | Date 5/23/2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 96   NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| Wendy Cresswell | |
| --- | --- |
| *Plaintiff* | |

VS.

| Cadbury Adams USA LLC | |
| --- | --- |
| *Defendant* | |

Civil Action No. [          ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Stuart Paynter | |
| --- | --- |
| Name of Plaintiff's Attorney | |
| 1200 G Street N.W. | |
| Address | |
| Washington, DC 20005 | |
| (202) 626-4486 | |
| Telephone | |

By *Adrienne J. Marsh*
Deputy Clerk

Date  5/23/2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(1)-456/Mar. 71        NOTE:  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM170
### Washington, D.C. 20001   Telephone: 879-1133

Wendy Cresswell
_____
Plaintiff

VS.

Mars Snackfoods U.S. LLC
_____
Defendant

Civil Action No. [_____]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 a.m. and 4:00 pm., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

Stuart Paynter
_____
Name of Plaintiff's Attorney

1200 G Street N.W.
_____
Address

Washington, DC 20005
_____

(202) 626-4486
_____
Telephone

By _Adrienne J. Marsh_
Deputy Clerk

Date | 5/23/2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(f)-456/Mar. 91

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

| Wendy Cresswell | | 000803J-08 |
|---|---|---|
| | *Plaintiff* | |
| VS. | | Civil Action No. [            ] |
| Mars North America | | |
| | *Defendant* | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Stuart Paynter | |
| Name of Plaintiff's Attorney | By  *Adrienne J. Marsh* |
| 1200 G Street N.W. | Deputy Clerk |
| Address | |
| Washington, DC 20005 | |
| (202) 626-4486 | Date  5/23/2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(f)-456/Mar. 99    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| Wendy Cresswell | |
| *Plaintiff* | 0003033-08 |
| VS. | Civil Action No. |
| Mars Incorporated | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Stuart Paynter | |
| Name of Plaintiff's Attorney | By  *Adrienne J. Marsh* |
| 1200 G Street N.W. | Deputy Clerk |
| Address | |
| Washington, DC 20005 | |
| (202) 626-4486 | Date  5/23/2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 99      **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

| Wendy Cresswell | |
|---|---|
| *Plaintiff* | |

0002030-08

VS.

| The Hershey Company | |
|---|---|
| *Defendant* | |

Civil Action No. [          ]

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Stuart Paynter | |
|---|---|
| Name of Plaintiff's Attorney | |
| 1200 G Street N.W. | |
| Address | |
| Washington, DC 20005 | |
| (202) 626-4486 | |
| Telephone | |

By _Adrienne J. Marsh_
           *Deputy Clerk*

Date _5/23/2008_

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-454/Mar. 98

NOTE:  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Wendy M. Cresswell

Case Number: _____

000???0-0?

vs

Date: _____

The Hershey Company, et al.

| | |
|---|---|
| Name: (please print) Stuart Paynter | Relationship to Lawsuit<br>☑ Attorney for Plaintiff |
| Firm Name: The Paynter Law Firm PLLC | ☐ Self (Pro Se) |
| Telephone No.: (202) 626-4486    Six digit Unified Bar No.: 486616 | Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☑ 12 Person Jury
Demand:$ Unknown    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    (Check One Box Only)

**A. CONTRACTS**
- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 _____
- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 27-102(a)
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass
- ☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile-Personal Injury
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical (Including wrongful death)
- ☐ 16 Negligence-(Not Automobile, Not Malpractice)
- ☐ 17 Personal Injury –(Not Automobile, Not Malpractice)
- ☐ 18 Wrongful Death (Not malpractice)
- ☐ 19 Wrongful Eviction
- ☐ 20 Friendly Suit
- ☐ 21 Asbestos
- ☒ 22 Toxic/Mass Torts
- ☐ 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/July. 07

## INFORMATION SHEET,    Continued

| D. OTHERS | | |
|---|---|---|
| I. | | |
| ☐ 01 Accounting | ☐ 10 T.R.O./Injunction | ☐ 25 Liens: Tax/Water Consent Granted |
| ☐ 02 Att. Before Judgment | ☐ 11 Writ of Replevin | ☐ 26 Insurance/Subrogation |
| ☐ 04 Condemnation (Emin. Domain) | ☐ 12 Enforce Mechanics Lien | Under $25,000 Consent Denied |
| ☐ 05 Ejectment | ☐ 16 Declaratory Judgment | ☐ 27 Insurance/Subrogation |
| ☐ 07 Insurance/Subrogation | ☐ 17 Merit Personnel Act (OEA) | Over $25,000 |
| Under $25,000 Pltf. | (D.C. Code Title 1, Chapter 6) | ☐ 28 Motion to Confirm Arbitration |
| Grants Consent | ☐ 18 Product Liability | Award (Collection Cases Only) |
| ☐ 08 Quite Title | ☐ 24 Application to Confirm, Modify, | ☐ 29 Merit Personnel Act (OHR) |
| ☐ 09 Special Writ/Warrants | Vacate Arbitration Award | ☐ 30 Liens: Tax/Water Consent Denied |
| DC Code § 11 -941 | (D.C. Co de § 16-4315) | |
| II. | | |
| ☐ 03 Change of Name | ☐ 15 Libel of Information | ☐ 21 Petition for Subpoena |
| ☐ 06 Foreign Judgment | ☐ 19 Enter Administrative Order as | [Rule 28 -I (b)] |
| ☐ 13 Correction of Birth Certificate | Judgment [D.C. Code § | ☐ 22 Release Mechanics Lien |
| ☐ 14 Correction of Marriage | 2 -1802.03(h) or 32-1519(a)] | ☐ 23 Rule 27 (a)(1) |
| Certificate | ☐ 20 Master Meter (D.C. Code § | (Perpetuate Testimony) |
| | 42 -3301, et seq.) | |

_____
Attorney's Signature

5/21/0E
_____
Date

CV -496/July. 07

**EXHIBIT C**

# District Of Columbia Superior Courts

## DC Superior - Washington

## 2008 CA 003939 A

# CRESSWELL, WENDY M Vs. THE HERSHEY COMPANY, et al.

### This case was retrieved from the court on Monday, June 23, 2008

| Header | |
|---|---|
| Case Number: | 2008 CA 003939 A |
| Date Filed: | 05/23/2008 |
| Date Full Case Retrieved: | 06/23/2008 |
| Status: | Open 05/23/2008 |
| Misc: | (0) Unknown; Civil |

| Summary | |
|---|---|
| Disposition: | Undisposed |

| Participants | |
|---|---|
| **Litigants** | **Attorneys** |
| Cresswell, Wendy M | Paynter, Stuart M |
| Plaintiff | (301)704-8695 |
| The Hershey Company | |
| Defendant | |
| Mars, Incorporated | |
| Defendant | |
| Mars North America | |
| Defendant | |
| Mars Snackfoods U.S. Llc | |
| Defendant | |

Copyright © 2008 LexisNexis CourtLink, Inc.  All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

Nestle USA, Inc.

Defendant


Cadbury Adams USA Llc

Defendant

## Proceedings

| Date | Details |
|------|---------|
| 05/23/2008 | Toxic Mass Torts Complaint Filed Attorney: PAYNTER, STUART M (486616) WENDY M CRESSWELL (PLAINTIFF); Receipt: 104993 Date: 05/23/2008 |

## Calendar

**No Information is Available for this case**

## Financial Information

| Date | Receipt # | Received From | Amount Paid | Details |
|------|-----------|---------------|-------------|---------|
| 05/23/2008 | 104993 | Paynter, Stuart M | 120.00 | Payment: 120.00 |
| | | | | Fee: 120.00 |

Copyright © 2008 LexisNexis CourtLink, Inc.  All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

# EXHIBIT H

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888
http://www.jpml.uscourts.gov

July 24, 2008

TO INVOLVED COUNSEL

Re: MDL No. 1935 -- IN RE: Chocolate Confectionary Antitrust Litigation

(See Attached CTO-4)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:**  ___August 8, 2008___  (12 noon EST)
        (Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By Tanisha Spinner
        Tanisha Spinner
        Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 2 4 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION                                    MDL No. 1935

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-4)

On April 7, 2008, the Panel transferred 15 civil actions to the United States District Court for the Middle District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 542 F.Supp.2d 1376 (J.P.M.L. 2008). Since that time, 55 additional actions have been transferred to the Middle District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Christopher C. Conner.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Middle District of Pennsylvania and assigned to Judge Conner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Middle District of Pennsylvania for the reasons stated in the order of April 7, 2008, and, with the consent of that court, assigned to the Honorable Christopher C. Conner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Middle District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION                              MDL No. 1935

### SCHEDULE CTO-4 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

CALIFORNIA SOUTHERN
  CAS 3  08-1176       Erin Goss v. The Hershey Co., et al.

DISTRICT OF COLUMBIA
  DC   1  08-1079      Wendy M. Cresswell v. The Hershey Co., et al.

TEXAS EASTERN
  TXE 2  08-266        Brookshire Grocery Co. v. The Hershey Co., et al.

TEXAS NORTHERN
  TXN 2  08-131        United Supermarkets, LLC v. The Hershey Co., et al.

RULE 7.4:    CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)    Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)    Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)    Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)    Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)    Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)    Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)    Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)    Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)    A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)    Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

**RULE 5.2:**    **SERVICE OF PAPERS FILED**

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

# EXHIBIT I

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

August 18, 2008

TO INVOLVED COUNSEL

Re: MDL No. 1935 -- IN RE: Chocolate Confectionary Antitrust Litigation

(See Attached CTO-5)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:    September 2, 2008    (12 noon EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By
Tamika Wimbish
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 8 2008

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION**

Joshua Weaver v. Nestle USA, Inc.,      )
      N.D. California, C.A. No. 3:08-3636    )        MDL No. 1935

### CONDITIONAL TRANSFER ORDER (CTO-5)

On April 7, 2008, the Panel transferred 15 civil actions to the United States District Court for the Middle District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 542 F.Supp.2d 1376 (J.P.M.L. 2008). Since that time, 59 additional actions have been transferred to the Middle District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Christopher C. Conner.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Middle District of Pennsylvania and assigned to Judge Conner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Middle District of Pennsylvania for the reasons stated in the order of April 7, 2008, and, with the consent of that court, assigned to the Honorable Christopher C. Conner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Middle District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

## RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:    CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)    Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation.  The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)    Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)    Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period.  If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel.  The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)    Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof.  The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel.  Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)    Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)    Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)    Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)    Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407.  Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown.  The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)    A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)    Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION

MDL No. 1935

## INVOLVED COUNSEL LIST (CTO-5)

Barry Barnett
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, TX 75202

Allen D. Black
FINE KAPLAN & BLACK RPC
1835 Market Street, 28th Floor
Philadelphia, PA 19103

Jonathan D. Brightbill
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005

Michael M. Buchman
POMERANTZ HAUDEK BLOCK GROSSMAN
& GROSS LLP
100 Park Avenue, 26th Floor
New York, NY 10017

Cadbury Holdings Ltd.
Cadbury House
Sanderson Road
Uxbridge, Middlesex, UB8 1DH United Kingdon

Cadbury Schweppes America
389 Interpace Pkwy.
Parsippany, NJ 07054-1198

Bryan L. Clobes
CAFFERTY FAUCHER LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103

Robert Gerard Eisler
COHEN MILSTEIN HAUSFELD & TOLL PLLC
150 East 52nd Street
30th Floor
New York, NY 10022

Mark S. Goldman
GOLDMAN SCARLATO & KARON PC
101 W. Elm Street, Suite 360
Conshohocken, PA 19428

Gregory P. Hansel
PRETI FLAHERTY BELIVEAU & PACHIOS LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546

Hershey Canada Inc.
2350 Matheson Blvd. E.
Mississauga ON, L4W 5E9 Canada

Daniel Hume
KIRBY MCINERNEY LLP
830 Third Avenue, 10th Floor
New York, NY 10022

Fred T. Isquith, Sr.
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
270 Madison Avenue
New York, NY 10016

Leigh Aimee Kirmsse
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105

Joseph C. Kohn
KOHN SWIFT & GRAF PC
One South Broad St., Suite 2100
Philadelphia, PA 19107-3389

Christopher Lovell
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue
Floor 58
New York, NY 10110

**MDL No. 1935 - Involved Counsel List (CTO-5) (Continued)**

Mars Canada Inc.
27 Holland Drive
Bolton, ON L7E 5S4 Canada

David Marx, Jr.
MCDERMOTT WILL & EMERY LLP
227 W. Monroe Street
Suite 4700
Chicago, IL 60606-5096

Peter E. Moll
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

Dianne M. Nast
RODANAST PC
801 Estelle Drive
Lancaster, PA 17601

Nestle Canada Inc.
25 Sheppard Avenue West
North York, Ontario, M2N 6S8
Canada

Nestle SA
Avenue Nestle 55
CH-1800, Vevey, Vaud
Switzerland

Nestle Suisse S.A.
Avenue Nestle 55
CH-1800, Vevey, Vaud
Switzerland

Dennis P. Orr
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0012

Joseph A. Ostoyich
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004

Stuart M. Paynter
PAYNER LAW FIRM PLLC
1200 G Street, N.W.
Suite 800
Washington, DC 20005

Bernard Persky
LABATON SUCHAROW LLP
140 Broadway
33rd Floor
New York, NY 10005

Warren Rubin
LAW OFFICES OF BERNARD M GROSS PC
John Wanamaker Building, Suite 450
Juniper and Market Streets
100 Penn Square East
Philadelphia, PA 19107

Aaron M. Sheanin
GIRARD GIBBS LLP
601 California Street
Suite 1400
San Francisco, CA 94108

Eugene A. Spector
SPECTOR ROSEMAN & KODROFF PC
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Michael O. Ware
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820

William P. Wilson
DILLINGHAM & MURPHY
225 Bush Street
6th Floor
San Francisco, CA 94104-4207