Leigh A. Kirmssé (SBN 161929)
HOWREY LLP
525 Market St., Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4993
Facsimile: (415) 848-4999
Email: kirmssel@howrey.com

Roxann E. Henry (DC Bar No. 231282; *pro hac vice to be submitted*)
Peter E. Moll (DC Bar No. 351569; *pro hac vice to be submitted*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 383-6503
Facsimile: (202) 383-6610
Email: henryr@howrey.com
       mollp@howrey.com

Attorneys for Nestlé USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSHUA A. WEAVER, on behalf of himself and a class of persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NESTLÉ USA, INC.<br><br>Defendant. | Case No. 08-cv-3636 JSW<br><br>**DEFENDANT'S OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF TO EXPEDITE HEARING ON MOTION TO REMAND** |

## I. INTRODUCTION

Defendant Nestlé USA, Inc. ("Defendant" or "Nestlé USA") hereby opposes Plaintiff's motion to expedite the hearing on Plaintiff's August 15, 2008 motion to remand, which currently is set for hearing on October 31, 2008. Plaintiff's motion should be denied because (i) Defendant properly removed this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") and cases decided under CAFA; (ii) Plaintiff's suit exemplifies the "abusive" litigation that Congress enacted CAFA to prevent; (iii) Plaintiff's claim that Defendant's grounds for removal are "baseless" and "wholly insubstantial" is either the result of absolutely no research or is part and parcel of intentional mis-citations of inapposite authorities to the Court; (iv) either this Court or the MDL court is able to decide the motion to remand without need for expediting; and, (v) Plaintiff has not otherwise shown good cause to expedite the hearing.[1] In support of this Opposition, Defendant submits this memorandum of points and authorities and incorporates by reference its Opposition to Motion to Remand (Docket No. 22), the Declaration of Leigh A. Kirmssé and exhibits thereto (Docket No. 23), and the compendium of CAFA legislative history submitted therewith (Docket No. 24). Defendant believes it will prevail on the issue of removal, and all will be rendered moot. But in any event, Plaintiff should not be rewarded for his conduct in filing the very type of "abusive" case that Congress enacted CAFA to prevent.

## II. BACKGROUND

Within a few months of a December 2007 Wall Street Journal article reporting investigations by the United States and Canada into possible price-fixing in the chocolate industry, plaintiffs' attorneys filed dozens of suits across the United States alleging price-fixing claims under state and federal law. On April 7, 2008, the United States Judicial Panel on Multidistrict Litigation (the "JPML" or "Panel") issued a transfer order consolidating twenty such suits pursuant to 28 U.S.C. § 1407. *See* Docket No. 23, Ex. A. The Panel selected the Middle District of Pennsylvania (the "MDL court") as

---

[1] Plaintiff states that "[i]n further support of [his] motion, Plaintiff submits and incorporates by reference a memorandum of law." Motion at 10. However, Plaintiff filed no memorandum of law in support of his motion and failed to identify any memorandum of law purportedly incorporated by reference. *See* Motion for Administrative Relief to Expedite Hearing on Motion to Remand and Declaration of William P. Wilson in support thereof (Docket Nos. 19 and 20).

the transferee district for pretrial proceedings in the consolidated litigation and ordered that other similar actions will be treated as potential tag-along actions under the JPML Rules of Procedure. *See id.* To date, more than 80 cases have been transferred to the MDL court, among them several cases filed in this District, including *John Candido v. The Hershey Company et al.,* Case 3:08-cv-00543-JSW ("*Candido*"). *See* Docket No. 23, Exs. B, D.

Stuart Paynter, Plaintiff's lead counsel in this case, also is counsel for plaintiffs in one of the cases consolidated in the MDL court. *See* Docket No. 23, Exs. G, H. Notwithstanding that the *Candido* complaint makes the same allegations and seeks the same relief on behalf of the same putative class of California residents as Plaintiff's complaint, and notwithstanding Mr. Paynter's knowledge of the consolidated proceedings, Plaintiff filed this action in California Superior Court on June 27, 2008, six months after *Candido* was filed in this Court. *See* Complaint; Docket No. 23, Ex. B.

On August 18, 2008, the Panel issued a conditional transfer order transferring this case to the MDL court. *See* Docket No. 23, Ex. I. The Panel stayed transmission of the order to the MDL court for 15 days and ordered that the stay will be continued until further order of the Panel if Plaintiff files a notice of opposition within 15 days. *See id.* Plaintiff filed a notice of opposition on September 2, 2008. Consequently, Plaintiff's motion to vacate the conditional transfer order is due on September 17, 2008; Defendant's opposition thereto is due on October 7, 2008; and Plaintiff's reply is due on October 12, 2008. *See* JPML Rules 7.4(d), 7.4(f), 7.2(c), 7.2(d).

### III.   ARGUMENT

#### A.   Defendant Properly Removed This Action Pursuant to CAFA.

Defendant properly removed this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), P.L. 109-2, § 4(a), 119 Stat. 4 (Feb. 18, 2005) ("CAFA"). CAFA vests federal courts with original jurisdiction over class actions if the aggregate amount in controversy exceeds $5,000,000 and "any member of a class of plaintiffs is a citizen of a state different from any defendant," i.e., "minimal" diversity is present. *See* 28 U.S.C. § 1332(d)(A)(2); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Here, Plaintiff and Defendant both are citizens of California, but Defendant also is a citizen of a different state – Delaware – and therefore minimal diversity is established. *See Fuller v. Home Depot Servs., LLC.*, 2007 U.S. Dist. LEXIS 59770, \*7-8 (N.D. Ga., Aug. 14, 2007); *cf. Nike,*

*Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A.,* 20 F.3d 987, 990-991 (9th Cir. 1994) ("NIL, however, is a corporation and we cannot disregard either its site of incorporation, Bermuda, or its principal place of business, which Nike alleges is Oregon, when testing for complete diversity.").

### B. Plaintiff's Suit Exemplifies The "Abusive" Litigation That Led To CAFA.

Plaintiff's attempt to game CAFA to avoid removal is precisely the type of abuse Congress enacted CAFA to prevent. *See* Defendant's Opposition to Motion to Remand (Docket No. 22), at 7:7-13:24. Congress's purpose in enacting CAFA cannot be seriously disputed. CAFA's text, specifically its legislative findings and stated purposes, demonstrates that Congress sought to remedy "abuses of the class action device" in state courts by developing a new jurisdictional regime that would provide "for Federal Court consideration of cases of national importance under diversity jurisdiction." P.L. 109-2, §§ 2(a)(2), 2(a)(4)(A), 2(b)(2), 119 Stat. 4 (2005). Congress found plaintiffs were "keeping cases of national importance out of Federal court" through manipulative pleading to defeat diversity jurisdiction. *Id.* § 2(a)(4)(A). Congress found "multiple class action cases purporting to assert the same claims on behalf of the same people often proceed simultaneously in different state courts, causing judicial inefficiencies and promoting collusive activity." S. Rep. 109-14, at *4 (2005), reprinted in 2005 U.S.C.C.A.N. 3 (Docket No. 24, Ex. 6). In an effort to halt this "parade of abuses," *id.* at *6, Congress broadened federal jurisdiction over class actions by facilitating their removal to federal court; among other acts, Congress amended 28 U.S.C. §1332(d) to provide for "minimal" diversity jurisdiction where "any member of a class of plaintiffs is a citizen of a state different from any defendant" – *specifically including* where such minimal diversity is established due to a corporation's dual citizenship in both its state of incorporation and the state in which it has its principal place of business. *See, e.g.*, 151 Cong Rec H 723 (Congressman Sensenbrenner) (Docket No. 24, Ex. 5) at 729 ("For purposes of the citizenship element of this analysis, S. 5 does not alter current law. Thus, a corporation will continue to be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); *see also id.* at 727 ("Overall, new section 1332(d) is intended to expand substantially Federal court jurisdiction over class actions.").

Plaintiff's complaint exemplifies the abuses Congress enacted CAFA to remedy: it is a copy-cat "case of national importance" masquerading as a "local controversy." It makes the same

allegations and seeks the same relief on behalf of the same putative class as the *Candido* complaint, but is manipulatively pleaded to try to avoid removal to federal court. It is clear from Plaintiff's allegations that the dispute is one of nationwide importance; Plaintiff alleges that Defendant conspired with six other companies located around the country and globe, raising prices of chocolate confectionaries for all consumers, with no unique impact on California. *See* Complaint ¶¶ 1, 5-11, 31-67. Plaintiff contends this case concerns only California and belongs in California state court, but Plaintiff's allegations demonstrate that this case is no more linked to California than it is to any of the states in which the alleged co-conspirators are citizens or other plaintiffs have sued. This Court should not sanction such gamesmanship, the very gamesmanship Congress sought to address with CAFA. *See, e.g.,* 151 Cong Rec S 1076, 1079 (Senator Dodd) (Docket No. 24, Ex. 2) ("Perhaps the central problem addressed by the compromise is the forum shopping issue. . . . [P]laintiffs' lawyers have been able to keep class actions out of Federal court, even those that are precisely the kind of cases for which diversity jurisdiction was created, because of their interstate character.")

  **C. Plaintiff's Claim That Defendant's Removal Is "Baseless" Is Either The Result Of Absolutely No Research Or Is Part And Parcel Of Plaintiff's Intentional Mis-citations Of Inapposite Authorities To This Court.**

   In addition to ignoring CAFA's plain language, legislative findings and stated purposes, as well as the only case found by Defendant that addresses the issue at hand (*Fuller*, *supra*), Plaintiff relies on clearly inapposite authorities to support its erroneous assertion that removal of this case is improper. *See* Motion to Remand (Docket No. 10) at 7:15-8:8. Plaintiff's arguments are misplaced because his cited authorities concern traditional "complete" diversity jurisdiction, a different statutory provision, and do not account for the new jurisdictional regime imposed by CAFA, the express purpose of which is to expand federal jurisdiction over class actions by making it easier for defendants to remove such cases to federal court through the new lenient standard of "minimal" diversity. *See* Defendant's Opposition to Motion to Remand (Docket No. 22) at 6:14-12:17, 13:4-14:13. Consequently, all of the cases cited by Plaintiff in support of remand are inapposite. *See id.*

  **D. Either This Court Or The MDL Court Can Decide The Remand Issue.**

   The remand issue is ripe for this Court to decide on its regularly scheduled motion calendar. Alternatively, it is well established that this Court has the discretion to leave jurisdictional questions to

the MDL court, and that the MDL court has the authority to decide the remand motion. *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). The fact that one court may decide the issue before the other is not a basis to expedite the hearing on Plaintiff's motion.

### F.  Plaintiff Has Not Shown Good Cause For The Relief Requested.

Plaintiff's remaining argument for expediting the hearing on his motion to remand is that as a result of the JPML's issuance of the conditional transfer order, "there is a real possibility that this case will be transferred to the [MDL court] before the October 31 hearing on remand." *See* Motion, ¶¶ 6-8. Plaintiff contends he (and the members of his putative class) "will suffer substantial prejudice if this Court does not expedite consideration of [his] motion to remand because transfer to the MDL court will result in considerable delay and likely necessitate re-briefing." *Id.* ¶ 7. These contentions lack merit. This Court may well decide the remand matter before the MDL court. Moreover, any re-briefing in the MDL, if required, would be nothing more than to edit the document titles. There is no reason for rushing about with this case, which in essence is already proceeding in due course in the MDL action, with the involvement Plaintiff's counsel. Instead, Plaintiff's motion is merely a demonstration of why ultimately all of these matters belong with the MDL Court and why extraneous proceedings should be avoided to best conserve and manage judicial resources as was contemplated by the congressional dictates of CAFA and the provisions for consolidation of multidistrict litigation.

## III.  CONCLUSION

Nestlé USA respectfully requests that the Court hear Plaintiff's motion to remand as presently noticed on October 31, 2008.

Dated:  September 4, 2008            By:       /s/ Leigh A. Kirmssé

>
> Leigh A. Kirmssé (SBN 161929)
> HOWREY LLP
> 525 Market St., Suite 3600
> San Francisco, CA 94105-2708
> Telephone:  (415) 848-4993
> Facsimile:   (415) 848-4999
> Email:  kirmssel@howrey.com
>
> *Attorneys for Nestlé U.S.A., Inc.*