STUART M. PAYNTER (SBN 226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
Email: stuart@smplegal.com

-and-

WILLIAM F. MURPHY (SBN 82482)
WILLIAM P. WILSON (SBN 230444)
DILLINGHAM & MURPHY LLP
225 Bush Street, Sixth Floor
San Francisco, CA 94104
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
Email: wpw@dillinghammurphy.com

Attorneys for Plaintiff Weaver

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO, CALIFORNIA

| | |
|---|---|
| JOSHUA A. WEAVER, on behalf of himself and a class of person similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NESTLÉ USA, INC.,<br><br>Defendant. | Case No. 08-cv-003636 JSW<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Date: October 31, 2008<br>Time: 9:00 am<br>Courtroom: 16th Floor, Room 17<br>District Judge Jeffrey S. White |

# Table of Contents

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT ................................................................................................................................... 1

    I.    Nestle Has Abandoned Its Section 1367 Argument. ........................................................... 1

    II.    This Court Must Remand Because No Diversity Exists. .................................................... 2

        A.    The Ninth Circuit Has Rejected Nestle's Diversity Argument. ................................ 2

        B.    The Plain Language of the Statute and the Legislative History Require Remand. ........ 3

        C.    The *Fuller* Opinion Does Not Bind This Court and Does Not Represent a Majority View Even Post-CAFA. ................................................................................................ 3

    III.    Even If Minimum Diversity Existed, CAFA Requires Remand. ....................................... 4

    IV.    This Court Not The MDL Court Is The Appropriate Forum For Plaintiff's Remand Motion. .. 4

CONCLUSION ................................................................................................................................. 5

# Table of Authorities

**Cases**

*Abrego v. Dow Chem. Co.*,
  443 F. 3d 676 (9th Cir. 2006) ............................................................................................. 3

*Dao v. Wickes Furniture, Inc.*,
  455 F.Supp.2d 1045 ........................................................................................................... 4

*Fuller v Home Depot Services LLC,*
  07cv1268, 2007 U.S. Dist. LEXIS 59770 (N.D. Ga. Aug. 14, 2007) ................................ 3

*Lowdermilk v. United States Bank Nat'l Ass'n*,
  479 F. 3d 994 (9th Cir. 2007) ............................................................................................. 3

*Sellers v Kohlberg*,
  2001 U.S. Dist. LEXIS 9498 (N.D. Cal. 2001) ................................................................. 2

*Serrano v. 180 Connect, Inc.*,
  478 F.3d 1018 (9th Cir. 2007 ............................................................................................. 4

*Sundy v. Renewable Environmental Sollutions LLC,*
  2007 U.S. Dist. LEXIS 75762, at **10 (W.D. Mo. Oct. 10, 2007) ................................... 4

*Tosco Corp. v. Communities for a Better Env't,*
  236 F.3d 495 (9th Cir. 2001) .............................................................................................. 2

*United Nimba Citizens Council v. Gayetay,*
  2007 U.S. Dist. LEXIS 73843 (E.D. Pa. Oct. 1, 2007) ...................................................... 2

**Statutes**

151 Cong. Rec. H. 723 ............................................................................................................ 3

28 U.S.C. § 1332(d)(4)(B) ....................................................................................................... 4

28 U.S.C. § 1332(d)(A)(2) ....................................................................................................... 3

28 U.S.C. § 1367 .................................................................................................................. 1, 2

28 U.S.C. section 1331(c)(1) ................................................................................................... 1

**Other Authorities**

S. Rep. No. 85-1830, at 5 (1958)) ............................................................................................ 2

## PRELIMINARY STATEMENT

Nestle originally removed under the Class Action Fairness Act and 28 U.S.C. § 1367, the supplemental jurisdiction statute. *See* Notice of Removal ¶¶ 5, 7. In his motion to remand, Plaintiff pointed out that section 1367 grants jurisdiction over "claims" not actions. *See* Plaintiff's Motion to Remand at 8-9. Nestle has now abandoned its meritless section 1367 argument. Nevertheless, Nestle persists in making its equally meritless argument that diversity of citizenship exists under CAFA because under section 1331(c)(1), it is also deemed a citizen of Delaware, its state of incorporation. Nestle's argument has been rejected by the Ninth Circuit and numerous other courts. Moreover, it is inconsistent with the plain language of the statute and with the legislative history. The single district court opinion from the Northern District of Georgia is not persuasive and does not represent the majority view.

In the alternative, even if this Court accepts Nestle's strained statutory interpretation, remand is mandatory under section 1332(d)(4)(B) which requires this Court to "decline to exercise jurisdiction" under CAFA where "two thirds or more" of class members and the "primary defendants are citizens of the State in which the action was originally filed." Here, Nestle concedes that "plaintiffs are alleged to be citizens of California and Nestle is a citizen of California." Notice of Removal ¶ 6(b). Consequently, remand is mandatory.

Finally, there is no basis for this Court to delay a decision to allow transfer to the MDL. As pointed out in Plaintiff's August 29, 2008 Administrative Motion to Expedite (incorporated herein by reference), the MDL Court has not decided any motions to remand and no motions for remand are currently pending. Consequently, transfer to the MDL would only prejudice Plaintiff while achieving no judicial efficiencies.

## ARGUMENT

### I. Nestle Has Abandoned Its Section 1367 Argument.

Nestle originally removed under the Class Action Fairness Act and 28 U.S.C. § 1367, the supplemental jurisdiction statute. *See* Notice of Removal ¶¶ 5, 7. In his motion to remand, Plaintiff pointed out that section 1367 grants jurisdiction over "claims" not actions and therefore cannot serve as a basis for removal. *See* Plaintiff's Motion to Remand at 8-9. Plaintiff also noted

that the supposedly "related" case cited by Nestle as an action over which "this Court maintains proper jurisdiction" and to which Nestle believed this Court could somehow append Plaintiff's claims pursuant to section 1367 had in fact been transferred by the Judicial Panel on Multidistrict Litigation over three months before Nestle filed its notice of removal. *See generally, id.* In its current response, Nestle nowhere addresses, and has therefore abandoned, this argument. *Cf. United Nimba Citizens Council v. Gayetay*, 2007 U.S. Dist. LEXIS 73843 (E.D. Pa. Oct. 1, 2007).

## II.   This Court Must Remand Because No Diversity Exists.

### A.   The Ninth Circuit Has Rejected Nestle's Diversity Argument.

As noted in Plaintiff's opening brief, it is black letter law that a corporation cannot invoke diversity jurisdiction on the basis of its state of incorporation when its principal place of business is located in the state of citizenship of the opposing party or parties. *See, e.g., Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 497 (9th Cir. 2001) (no diversity of citizenship where plaintiff was Nevada corporation with principal place of business in California and defendant was a Californian non-profit). Nestle "does not dispute" the authority of the *Tosco* opinion but argues that it is inapplicable because it predates the enactment of CAFA. Unfortunately for Nestle, section 1332(c)(1), the very clause upon which Nestle relies for its citizenship argument, also predates the enactment of CAFA.[1] Section 1332(c)(1) was passed in 1958, and Nestle does not dispute that the intention was to prevent removal by a business with a principal place of business in the plaintiff's state of citizenship. *See Sellers v Kohlberg*, 2001 U.S. Dist. LEXIS 9498 (N.D. Cal. 2001) (Congress enacted section 1332(c)(1) to "eliminate 'the evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the Federal courts simply because it has obtained a corporate charter from another State.'" (quoting S. Rep. No. 85-1830, at 5 (1958))).

Nestle's argument thus boils down to the proposition that since (in its view) CAFA is a "remedial statute" and should be interpreted "broadly," section 1332(c)(1) should now be interpreted to expand jurisdiction when applied in the context of CAFA while still interpreted to restrict jurisdiction when CAFA is not at issue. Response at 12; *see generally* Response at 10-12.

---

[1] To avoid confusion, it should be noted that Nestle inadvertently cites section 1332(c)(1) as 1331(c)(1) at certain points in its response. *See, e.g.*, Response at 6, 8.

Even if CAFA were interpreted broadly, this absurd result would be untenable. It is even less tenable because the Ninth Circuit has already expressly rejected the proposition that CAFA should be construed broadly. Instead, the Ninth Circuit has expressly held that "removal jurisdiction" even under CAFA is "strictly construed," *Abrego v. Dow Chem. Co.*, 443 F. 3d 676, 685 (9th Cir. 2006), and that even under CAFA there is a "presumption against federal jurisdiction," *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F. 3d 994, 999 (9th Cir. 2007). Consequently, there is no basis for interpreting section 1332(c)(1) to restrict jurisdiction where no covered class action is involved and expand jurisdiction when a covered class action is involved.

### B. The Plain Language of the Statute and the Legislative History Require Remand.

Even if this Court were to reject controlling Ninth Circuit precedent, neither the plain language nor the legislative history of CAFA supports Nestle's argument. Section 1332(d)(A)(2) establishes that minimal diversity exists when "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(A)(2). The word "any" as used in the statute modifies the word "defendant" and is thus logically surplusage when, as here, there is only one defendant. Nestle's interpretation of section 1332 would only make sense if it provided for minimal diversity when "*any citizenship* of any member of a class of plaintiffs is different from *any citizenship* of any defendant." See 28 U.S.C. § 1332(d)(A)(2). But this is not what the statute says and Nestle's grammatically untenable reading should be rejected.

As for the legislative history, the statement of Senator Sensenbrenner inexplicably relied upon by Nestle concisely sums up plaintiff's position: "[f]or purposes of the citizenship element of this analysis, [CAFA] *does not alter current law*." Response at 8 (citing 151 Cong. Rec. H. 723, 729) (emphasis modified).

### C. The *Fuller* Opinion Does Not Bind This Court and Does Not Represent a Majority View Even Post-CAFA.

Although Nestle believes it has uncovered a "critical question of statutory interpretation" that has "nationwide impact," Response at 1, it can find only a single district court opinion, *Fuller v Home Depot Services LLC* from the Northern District of Georgia in support of its position even

Case No. 08-cv-003636 JSW
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

Page 3

though Congress passed CAFA nearly three years ago, No. 07cv1268, 2007 U.S. Dist. LEXIS 59770 (N.D. Ga. Aug. 14, 2007). The *Fuller* case was wrongly decided and is not binding on this Court. This Court should follow the majority of courts that have rejected Nestle's strained statutory interpretation even in the context of CAFA. *See Sundy v. Renewable Environmental Sollutions LLC,* 2007 U.S. Dist. LEXIS 75762, at **10-11 (W.D. Mo. Oct. 10, 2007) (rejecting defendant's argument that "minimal diversity exists unless a member of the class is a citizen of both" defendant's state of incorporation and principal place of business); *Moll v Allstate Floridian Insurance Co.*, No. 3:05cv160, 2005 U.S. Dist. LEXIS 24609 (N.D. Fla. Aug. 16, 2005) (remanding action under CAFA where defendant Illinois corporation had principal place of business in Florida and the vast majority of class members were Florida citizens); *Dao v. Wickes Furniture, Inc.*, 455 F.Supp.2d 1045, 1061-1066, *overruled on other grounds by Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007) (remanding under CAFA where defendant Delaware corporation had principal place of business in California and over two-third of plaintiff class were citizens of California).

### III.   Even If Minimum Diversity Existed, CAFA Requires Remand.

Even if minimum diversity existed, this Court must remand. Section 1332(d)(4) provides that a "district court shall decline to exercise jurisdiction" over a covered class action in which "two-thirds or more" of class members and the "primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Here, Nestle is the only defendant and it concedes that "plaintiffs are alleged to be citizens of California and Nestle is a citizen of California." Notice of Removal ¶ 6(b). Consequently, remand is mandatory under section 1332(d)(4) even if Nestle's strained statutory interpretation is accepted.

### IV.   This Court Not The MDL Court Is The Appropriate Forum For Plaintiff's Remand Motion.

According to Nestle, however, the MDL court should decide Plaintiff's remand motion because it has a "holistic view" and "thus is best positioned to evaluate the merits of having Plaintiff's putative class proceed in state court while identical claims are litigated on behalf of the same putative class in the MDL proceeding." Response at 3. The standard for federal jurisdiction

is not and has never been whether a federal court from a "holistic" viewpoint decides that it is "best positioned" to decide a case. As pointed out in Plaintiff's August 29, 2008 Administrative Motion to Expedite (incorporated herein by reference), the MDL Court has not decided any motions to remand and no motions for remand are currently pending. Administrative Motion ¶6. Consequently, transfer to the MDL would only prejudice Plaintiff by needlessly delaying this action and possibly necessitating re-briefing of the remand motion while achieving no judicial efficiencies.

## CONCLUSION

This Court should grant plaintiff's motion to remand. In compliance with Local Rule 7.2(c), Plaintiff's have attached a proposed order inadvertently omitted from the original motion to remand.

Respectfully submitted,

_/S/ William F. Murphy_

| | |
|---|---|
| Stuart M. Paynter (SBN 486616) | William F. Murphy (SBN 82482) |
| THE PAYNTER LAW FIRM PLLC | William P. Wilson (SBN 230444) |
| 1200 G Street N.W. | DILLINGHAM & MURPHY LLP |
| Suite 800 | 225 Bush Street, Sixth Floor |
| Washington, D.C. 20005 | San Francisco, CA 94104 |
| Tel.: (202) 626-4486 | Telephone: (415) 397-2700 |
| Fax: (866) 734-0622 | Facsimile: (415) 397-3300 |
| Email: stuart@smplegal.com | Email: wpw@dillinghammurphy.com |

*Attorneys for Joshua A. Weaver*

Dated: September 4, 2008