IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSHUA A. WEAVER,

    Plaintiff,

v.

NESTLE USA, INC.,

    Defendant.

No. C 08-03636 JSW

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Now before the Court is the motion to remand filed by plaintiff Joshua A. Weaver ("Plaintiff"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for October 31, 2008 is HEREBY VACATED. Having considered the parties' papers and the relevant legal authority, the Court hereby grants Plaintiff's motion to remand.[1]

## BACKGROUND

Plaintiff brings this purported class action against defendant Nestle USA, Inc. ("Defendant") on behalf of a class of California residents allegedly injured by an antitrust conspiracy to fix the prices of certain chocolate confectionary products. It is undisputed that Defendant is incorporated in Delaware and has its principal place of business in California.

Defendant removed this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff now moves to remand this action, arguing that minimal jurisdiction under CAFA does not exist. The Court will address additional specific facts as required in the analysis.

---

[1] The Court DENIES Defendant's administrative motion for leave to file a sur-reply.

# ANALYSIS

**A.      Legal Standards Relevant to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100.  28 U.S.C. §§ 1332(d)(2), (d)(5).  "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

**B.      Diversity is Lacking.**

Under CAFA, an action is removable where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).  For purposes of determining jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c); *see also Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  It is undisputed that the purported class consists of California citizens and that Defendant is a citizen

2

of Delaware and California. Defendant argues that minimal diversity under CAFA exists because based on Defendant's dual citizenship in California and Delaware, Defendant's Delaware citizenship is diverse from Plaintiff's California citizenship. In support of this argument, Defendants relies on the plain language of the statute and a district court case from the Northern District of Georgia. *See Fuller v. Home Depot Services,* LLC, 2007 WL 2345257 (N.D.Ga. Aug. 14, 2007).

The Court finds that the plain language of the statute actually supports remand. The statute provides that an action is removable under CAFA only where a member of the class of plaintiffs is a citizen of a state different from any defendant. Both the members of the purported class and Defendant are citizens of California. The fact that Defendant is a citizen of Delaware does not mean that it is not also a citizen of California. In other words, dual citizenship does not become *alternative* citizenship. *See Foy v. Carolina Title Loans, Inc.*, 2008 WL 4200166 (D.S.C. Sept. 5, 2008) (rejecting same argument because it was "akin to alternative, not dual citizenship" and essentially ignored the defendant's citizenship in the state where the members of the plaintiff class were also citizens). As Plaintiff notes, Defendant's argument would have more force if the statute were written to provide that "any citizenship of any member of a class of plaintiffs is different from any citizenship of any defendant." However, that is not how the statute is written.

Although Defendant argues that *Fuller* is the only court to have addressed this issue, several other courts have considered and rejected Defendant's argument. *See Foy v. Carolina Title Loans, Inc.*, 2008 WL 4200166 (D.S.C. Sept. 5, 2008); *Smalls v. Advance America*, 2008 WL 4177297, *2 (D.S.C. Sept. 5, 2008) (adopting report and recommendation concluding that dual citizenship of a defendant does not create minimal diversity under CAFA); *Holden v. Carolina Payday Loans, Inc.*, 2008 WL 4198587, *2 (D.S.C. Sept. 5, 2008) (same); Wiley v. Advance America, 2008 WL 4179652, *2 (D.S.C. Sept. 5, 2008) (same); *Sundy v. Renewable Environmental Solutions, LLC*, 2007 WL 2994348, *3 (W.D.Mo. Oct. 10, 2007) (rejecting defendant's argument that minimal diversity did not exist unless a member of the plaintiff class was a citizen of both states in which the defendant was a citizen). As the court in *Foy* notes,

3

1  *Fuller* does not provide any explanation or analysis in how it reached its conclusion. *Foy*, 2008
2  WL 4200166, *3. Instead, the court found the following reasoning from another court in the
3  district of South Carolina more persuasive:

> While there is no doubt that Congress intended to expand federal jurisdiction over class action lawsuits by enacting the CAFA, and the court fully understands that minimal diversity is a separate and distinct concept from complete diversity, there is nothing in either the plain language of the statute or the legislative history that indicate that the statute goes as far as Defendant proposes. If the court were to accept Defendant's interpretation of the statute, this would only allow most large corporate entities, which are typically incorporated under the laws of Delaware but maintain principal places of business in other jurisdictions, to be sued in class action suits brought in federal court. This would be true even if the actions alleged only took place within a certain state (in this case, South Carolina), all plaintiffs and class members were citizens of that state, and there was no significant public policy reason why the case should be considered by a federal, and not a state, court.
> However, there is simply no evidence that Congress intended the CAFA to completely rewrite the most basic concepts in federal jurisdiction jurisprudence by enacting the CAFA and completely prevent corporate defendants from being sued in a class action in state court. Indeed, it would seem supremely ironic if a statute with the ostensible goal of preventing "forum shopping" allowed corporate defendants to completely deny plaintiffs access to state court class action remedies merely by incorporating under Delaware law. Therefore, the court defines minimal diversity under the CAFA as being present when a defendant is not be [*sic*] a citizen of the same jurisdiction as the jurisdiction in which any member of the class is a citizen. Specifically, in this case, since Defendant is a citizen of South Carolina, and all plaintiffs are also citizens of South Carolina, the court does not find that the parties are diverse merely because Defendant incorporated under the laws of Delaware.

18  *Id.* at *4. The court also reasoned that adopting the defendant's proposition would be contrary
19  to the federal court's limited scope of jurisdiction and the precedent of declining jurisdiction
20  where its foundation is doubtful. *Id.* at *5. This Court agrees that the reasoning by the court in
21  South Carolina is more persuasive. Accordingly, the Court finds that because Defendant is a
22  citizen of both California and Delaware, it fails to demonstrate that minimal diversity exists.
23  Therefore, the Court grants Plaintiff's motion to remand.
24  ///
25  ///
26  ///
27  ///
28  ///

4

**CONCLUSION**

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of San Francisco. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: October 30, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5